UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Old National Bank,

      Plaintiff,

v.

Sarah Adams, Kasey Bernu,
Yvette Campbell, Kimberly Ellingson,
Rachal Johnson, Michael McConkey,
Sharon Vold, Daniel Yantes, and
Bell Bank,

      Defendants.

Case No. 25-cv-4636 (PJS/LIB)

**ORDER**

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636 and upon Old National Bank's (hereafter "Plaintiff") Motion to Expedite Discovery and Briefing Schedule on Preliminary Injunction Motion, (hereafter "Motion to Expedite Discovery") [Docket No. 36]. Following a Motions Hearing, the Court took Plaintiff's Motion to Expedite Discovery under advisement. (Minute Entry [Docket No. 60]).

For the reasons discussed below, Plaintiff's Motion to Expedite Discovery, [Docket No. 36], is **DENIED.**

## I.   Background and Relevant Facts

On December 15, 2025, Plaintiff filed its original Complaint, [Docket No. 1]. On December 16, 2025, Plaintiff filed a Motion for Temporary Restraining Order (hereafter "TRO"), [Docket No. 7], to enjoin Defendants from (1) employing or otherwise engaging with Plaintiff's employees; (2) contacting any of Plaintiff's customers; (3) using or disclosing any of Plaintiff's confidential

or proprietary information; and (4) destroying, altering, or concealing any relevant evidence. (Mem. in Supp. [Docket No. 8] at 31, 32). On December 22, 2025, Plaintiff filed a Motion for Preliminary Injunction, [Docket No. 31], which sought to enjoin Defendants from engaging in the same conduct discussed in Plaintiff's Motion for TRO. (Mem. in Supp. [Docket No. 32] at 32). Also on December 22, 2025, Plaintiff filed the present Motion to Expedite Discovery, [Docket No. 36].

On December 23, 2025, the matter came before the Honorable United States Chief District Court Judge Patrick J. Schiltz on Plaintiff's Motion for TRO, [Docket No. 7]. (Minutes [Docket No. 44]). However, because Defendants had notice and an opportunity to respond, the Court treated Plaintiff's Motion for TRO as a Motion for Preliminary Injunction. (Order [Docket No. 45] at 1, 2). As a result, Plaintiff's Motion for Preliminary Injunction, [Docket No. 31], was termed. On December 23, 2025, finding an insufficient factual basis to support the issuance of a preliminary injunction, Chief District Court Judge Schiltz denied Plaintiff's Motion. (See Order [Docket No. 45]).

On January 14, 2026, the undersigned held a Motions Hearing on Plaintiff's Motion to Expedite Discovery, [Docket No. 36]. Plaintiff's Motion, which was filed to support its Motion for Preliminary Injunction, requested an Order from this Court: (1) requiring the parties to preserve electronically stored information (hereafter "ESI") and submit a proposed ESI protocol to the Court;[1] (2) authorizing the parties to engage in limited fact discovery and depositions limited to the scope of the issues outlined in Plaintiff's Motion for Preliminary Injunction; and (3) setting an

---

[1] As the Court explained at the Motions Hearing on January 14, 2026, the duty to preserve documentary, and, more particularly, electronic evidence, was triggered the minute Plaintiff served its Complaint. Plaintiff is further protected by the available sanctions against Defendants which may be sought should it ultimately be demonstrated that Defendants failed in their obligation to preserve evidence. To the extent Plaintiff requested an Order from this Court to that effect, it has already happened as a matter of law.

expedited discovery, briefing, and hearing schedule for Plaintiff's Motion for Preliminary Injunction. (See Mot. for Expedited Discovery [Docket No. 36]). The undersigned took Plaintiff's Motion under advisement. (Minutes [Docket No. 60]).

On February 3, 2026, Plaintiff filed its Amended Complaint, [Docket No. 64], in response to Defendants' Motion to Dismiss, [Docket No. 55]. The following factual allegations form the basis of the amended complaint.

This dispute arises from an alleged scheme, coordinated by Bell Bank, to orchestrate a mass resignation of Plaintiff's employees, and then transfer those employees, along with Plaintiff's confidential information and customer relationships, to Bell Bank. (Am. Compl. [Docket No. 64] ¶ 1). Defendants Adams, Bernu, Campbell, Ellingson, Johnson, McConkey, Vold, and Yantes (hereafter "Former Employees") were all senior bank personnel at Old National Bank. (Id. ¶ 3). The Former Employees all received and accepted job offers from Bell Bank, and are alleged to have actively participated in the scheme. (Id. ¶ 3). Plaintiff alleges the Former Employees and Bell Bank worked in concert over several weeks to ensure a disruptive and harmful departure from Old National Bank. (Id. ¶¶ 3, 6). Specifically, Plaintiff alleges the Former Employees removed confidential information from Old National Bank via boxes of documents, and now, the Former Employees and Bell Bank are utilizing that information to poach Plaintiff's customers. (Id. ¶¶ 11, 12, 14).

On the basis of the foregoing factual allegations, Plaintiff asserts the following claims: (1) misappropriation of trade secrets; (2) breach of fiduciary duty; (3) aiding and abetting / civil conspiracy; (4) tortious interference with existing business relationships and expectancies; and (5) unjust enrichment.

## II.     Standard of Review

Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). However, courts do allow expedited discovery in some limited circumstances. See e.g., Antioch v. Scrapbook Borders, Inc., 210 F.R.D. 645 (D.Minn.2002).

Although the Eighth Circuit has not expressly addressed it, District Courts within the circuit generally utilize a "good cause" standard when considering whether expedited discovery is appropriate. See Wachovia Securities v. Stanton, 571 F.Supp.2d 1014, 1049 (N.D.Iowa 2008); Monsanto Co. v. Woods, 250 F.R.D. 411, 413 (E.D.Mo.2008). Courts applying the good cause standard balance the need for the expedited discovery in the administration of justice against the prejudice to the responding party. Id. As such, courts analyze "the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." Merrill Lynch v. O'Connor, 194 F.R.D. 618, 624 (N.D.Ill.2000) (emphasis in original). However, "expedited discovery is not the norm" and "Plaintiff must make some prima facie showing of the need for the expedited discovery." Id. at 623 (emphasis in original).

"Factors commonly considered in determining the reasonableness of expedited discovery include, but are not limited to: '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" See Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth., 234 F.R.D. 4, 6 (D.D.C.2006).

### III.     Analysis

In its Motion to Expedite Discovery, in order to bolster its position for its previous Motion for Preliminary Injunction, Plaintiff seeks to serve interrogatories and document requests on Defendants, as well as, an expedited briefing and hearing schedule. (See Mot. for Expedited Discovery [Docket No. 36]).

Judge Schiltz, however, treated Plaintiff's Motion for TRO as a Motion for Preliminary Injunction and denied the Motion given Plaintiff had failed to present a sufficient factual basis to support the issuance of a preliminary injunction. (See Order [Docket No. 45]). Additionally, Plaintiff's Motion for Preliminary Injunction, [Docket No. 41], was termed. Accordingly, there is no pending motion for injunctive relief that would necessitate or benefit from expedited discovery. Consequently, this leaves for the Court to consider whether to allow otherwise general discovery to proceed in an expedited manner.

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Here, the parties have not yet conferred as required under Fed. R. Civ. P. 26(f) as a prerequisite to the beginning of general discovery.

Moreover, the Court finds that no "good cause" exists necessitating that the parties engage in immediate discovery without the benefit of a Pretrial Scheduling Notice and Order. No additional motions exist requiring early discovery nor has the Plaintiff presented any other sufficient reason for discovery to begin immediately in this case. See ALARIS Grp., Inc. v. Disability Mgmt. Network, Ltd., No. 12-cv-446 (RHK/LIB), 2012 WL 13029504 (D. Minn. May 30, 2012) (denying expedited discovery request when there was no pending motion for preliminary injunctive relief).

5

Accordingly, discovery shall proceed along its normal course pursuant to a Pretrial Scheduling Notice and Order that this Court will issue separately.  The Court will, however, issue a Pretrial Scheduling Notice and Order which will therein require the parties to engage in a Rule 26(f) conference.[2]

The Court emphasizes that the issuance of a Pretrial Scheduling Notice and Order does not alter Defendants' obligation to respond to Plaintiff's amended complaint. Katch, LLC v. Sweetser, 143 F. Supp. 3d 854, 877 (D. Minn. 2015) (ordering the parties to proceed under the normal Federal Rules of Civil Procedure and in accordance with the Court's scheduling orders following a denial of a motion to expedite discovery). Similarly, if Defendants respond to Plaintiff's amended complaint with a motion to dismiss, the Pretrial Scheduling Notice and Order will not alter Plaintiff's obligation to respond to Defendants' potential motion to dismiss in the time permitted under the Local Rules. See Allen v. Reid, No. 15-cv-1905 (WMW/SER), 2016 WL 7670606 (D. Minn. Nov. 29, 2016), report and recommendation adopted as modified, 2017 WL 102963 (D. Minn. Jan. 10, 2017) (holding the parties have an independent duty to timely respond to motions).[3]

---

[2] As the Court explained at the Motions Hearing on January 14, 2026, establishing an ESI Protocol for discovery is a required element of a 26(f) report. Thus, to the extent Plaintiff sought an Order from this Court requiring the parties to establish an ESI Protocol, that request will be satisfied through the Court's issuance of a Pretrial Scheduling Notice and Order requiring the parties to engage in a Rule 26(f) conference, and subsequently, the submission of a Rule 26(f) report.

[3] The Court additionally notes that Defendants will not suffer any prejudice from engaging in a Rule 26(f) conference. See Levy v. United HealthCare Corp., No. CIV. 3-96-750, 1996 WL 1031813 (D. Minn. Sept. 10, 1996) ("[t]he obligation to participate in the planning process is imposed on all parties that have appeared in the case, including defendants who, because of a pending Rule 12 motion, may not have filed an answer in the case.") (internal quotations omitted). If Defendants do file a second motion to dismiss in response to Plaintiff's amended complaint, any relief granted from that motion to dismiss would be without prejudice to Plaintiff's ability to raise its claims for relief in a later action. See Holmseth v. City of East Grand Forks, No. 14-cv–2970 (DWF/LIB), 2015 WL 4488424, at *20 (D.Minn. July 23, 2015) (motions to dismiss pursuant to Rule 12(b)(6) are generally without prejudice, "where there is no evidence of persistent pleading failures."). Thus, any discovery conducted in the present case may eventually be relevant and utilized.

**IV.     Conclusion**

For the foregoing reasons, and based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Expedite Discovery and Briefing Schedule on Preliminary Injunction Motion, [Docket No. 36], is **DENIED**.

Dated: February 19, 2026                                    s/Leo I. Brisbois
                                                            Hon. Leo I. Brisbois
                                                            U.S. MAGISTRATE JUDGE