**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Old National Bank,

      Plaintiff,

v.

Sarah Adams, Kasey Bernu, Yvette
Campbell, Kimberly Ellingson, Rachal
Johnson, Michael McConkey, Sharon
Vold, Daniel Yantes, and Bell Bank,

      Defendants.

Court File No. 0:25-CV-04636 (PJS/LIB)

**PLAINTIFF'S**
**STATEMENT OF THE CASE**

Plaintiff Old National Bank, by their undersigned counsel, respectfully submits this Statement of the Case pursuant to the Court's Pretrial Scheduling Notice and Order (Dkt. No. 72).

## I.    <u>Facts of the Case</u>

Plaintiff Old National Bank ("ONB") experienced a coordinated, pre-planned raid by Bell Bank of eight key employees from ONB's branches in Brainerd and Baxter, Minnesota. On the morning of December 8, 2025, all revenue producers and nearly all senior managers in ONB's Brainerd-Baxter Market simultaneously resigned, forcing ONB to close the Brainerd branch and shutter the Baxter branch lobby. This outcome followed weeks of planning while the Former Employees were still employed by ONB and owed a fiduciary duty of loyalty to their employer.

In early November, 2025, two of the most senior executives at ONB – Defendants Ellingson and Campbell – began working with Bell Bank to recruit, induce, and hire away

key employees from ONB. Along the way, as they surreptitiously recruited and hired away key employees on behalf of ONB's direct competitor, Ellingson and Campbell were aided by other Defendants who, in turn, recruited away still more key employees. In violation of their fiduciary duties, Ellingson and Campbell planned, coordinated, and executed a "recruiting trip" on behalf of Bell Bank, with the aim of soliciting, inducing, and hiring away ONB's key employees in the Brainerd-Baxter Market. Ellingson also negotiated (on behalf of her direct reports at ONB) the terms and conditions of the compensation packages that Bell Bank would use to lure away ONB's key employees. Bell Bank used that information to provide coordinated offers of employment to the Former Employees on November 19, 2025, which the Former Employees accepted on November 20-21, 2025.

Defendants then agreed that the Former Employees would conceal their acceptance of their employment at Bell Bank, and their forthcoming departure from ONB, for nearly three weeks. During that time period – when they still owed fiduciary duties to their employer, ONB – the Former Employees accessed, printed, and removed confidential ONB customer and loan information, knowing that it would assist them in performing their employment duties for Bell Bank. The Defendants then coordinated the method and timing of the Former Employees' departure to ensure that it caused the most damage and disruption as possible to ONB in the Brainerd-Baxter market. Within minutes of departure from ONB, Defendants began soliciting ONB's key customers to move their business to Bell Bank, leveraging inside knowledge of confidential and trade secret customer information in the Brainerd-Baxter market.

2

II.    **Listing of Particularized Facts Supporting Liability (including statutes)**

A. **Breach of Fiduciary Duty, Aiding and Abetting / Civil Conspiracy, Tortious Interference / Unjust Enrichment:**

1.    Ellingson and Campbell organized a recruiting trip for the Former Employees to Bell Bank's Fargo office on or about November 14, 2025, where the group discussed prospective Bell employment, departure timing, and ONB business and information they could take.

2.    After the recruiting trip, Ellingson served as the spokesperson for all Former Employees, and negotiated their employment packages with Bell Bank, to ensure Bell Bank presented them with compensation packages that would ensure their departure from ONB.  Bell Bank engaged with Ellingson in her capacity as the spokesperson for all Former Employees, with full knowledge that Ellingson was still employed at ONB, to whom she still owed a fiduciary duty of loyalty.

3.    On November 19, 2025 Bell Bank issued coordinated offers to the group; on November 20–21, 2025, all accepted and agreed to a simultaneous resignation on December 8, 2025 without advance notice to ONB.

4.    The Former Employees' resignation letters shared similar language (including identical typographical errors), and many were addressed to Campbell; and the language of Campbell's resignation email clearly showed that she had solicited and induced these employees to leave in a prearranged, synchronized exit.

5.    Video surveillance shows Former Employees entering early on December 8, 2025 and removing multiple boxes of documents and materials without opportunity for inspection by ONB, and in direct violation of ONB policy and procedures.

6.      Bell Bank onboarded all eight Former Employees immediately upon resignation, reflecting advance planning and coordination while the group remained employed by ONB.

7.      Bell Bank encouraged and capitalized on the coordinated resignations and stolen information by the Former Employees to solicit ONB customers and staff as part of a calculated business strategy against their competitor.

### B. Trade Secret Misappropriation (18 U.S.C. § 1836 *et seq.*; Minn. Stat. § 325C.01 *et seq.*)

8.      ONB's computer access logs show the Former Employees repeatedly accessed documents and files containing confidential customer and loan data after they had accepted their employment with Bell Bank – which they then proceeded to print and take with them to Bell Bank as they left ONB.  For example:

a.  On December 8, 2025, Defendant Campbell took a printed spreadsheet containing customer loan information, including balances, maturity dates, statuses, income/financing notes, and key terms, with her to Bell Bank.

b.  On December 2, 2025, Defendant McConkey printed a customer's acquisition financing proposal which contained confidential customer information concerning loan covenants, collateral, and pricing; he then then took that printout with him to Bell Bank.

c.  On November 24, 2025 and December 5, 2025, Defendant Bernu printed loan files, closing documents, and account statements for several ONB customers, which she took with her to Bell Bank.

d.  Between November 20, 2025 and December 4, 2025, Defendant Vold printed documents containing confidential customer information, including tax returns and account statements, which she then took with her to Bell Bank.

e.  On December 1 and 4, 2025, Defendant Yantes took printed spreadsheets containing key information about customer loan maturity dates, which he then took with him to Bell Bank.

4

f. Defendants Adams, Campbell, Ellingson, Johnson, McConkey and Yantes admittedly took customer contact information from ONB, in violation of ONB's information security policy.

9. The Former Employees, with Bell Bank's knowledge and encouragement, then used the confidential and trade secret information contained on the documents they had stolen from ONB in order to solicit and poach ONB's key customers.

### III. <u>Itemization of Damages</u>

As a direct and proximate result of Defendants' conduct, Plaintiff experienced damages as follows:

a. Lost profits from customer accounts that left ONB, and from future business referrals from customers who left ONB;

b. Lost goodwill, reputation, and market position within the Brainerd-Baxter market;

c. Workforce replacement costs (recruiting fees, hiring bonuses, training costs, relocation expenses, onboarding expenses, lost productivity);

d. Disgorgement of profits generated from Defendants' misconduct;

e. Investigation and remediation costs, including legal fees; and

f. Punitive Damages.

Dated: March 9, 2026

**OLD NATIONAL BANK, Plaintiff**

*/s/      Mack H. Reed*
Mack H. Reed (398703)
Bethany R. Jewison (505680)
Lewis Brisbois Bisgaard & Smith, LLP
90 South 7th Street, Suite 2800
Minneapolis, MN 55402
Phone: (612) 428-5000
Fax: (612) 428-5001
mack.reed@lewisbrisbois.com
bethany.jewison@lewisbrisbois.com

5

Christopher S. Griesmeyer (pro hac vice)
Zachary Mulcrone (pro hac vice)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
Phone: (312) 428-2750
cgriesmeyer@grglegal.com
zmulcrone@grglegal.com