**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Old National Bank,<br><br>Plaintiff,<br><br>v.<br><br>Sarah Adams, Kasey Bernu, Yvette Campbell, Kimberly Ellingson, Rachal Johnson, Michael McConkey, Sharon Vold, Daniel Yantes, and Bell Bank,<br><br>Defendants. | Court File No. 0:25-CV-04636 (PJS/LIB)<br><br>**DECLARATION OF HEIDI BASSETT IN SUPPORT OF MOTION TO COMPEL** |

I, Heidi Bassett, declare as follows:

1. I am a partner with the law firm Spencer Fane, LLP, and counsel for Defendants Sarah Adams, Kasey Bernu, Yvette Campbell, Kimberly Ellingson, Rachal Johnson, Michael McConkey, Sharon Vold, and Daniel Yantes (collectively, the "Employee Defendants") in the above-captioned action. I submit this declaration in support of the Employee Defendants' Motion to Compel. The facts stated herein are based on my personal knowledge and examination of the cited documents.

2. The Employee Defendants served their First Set of Requests for Production and First Set of Interrogatories on Plaintiff Old National Bank ("ONB") on March 11, 2026.

3. Attached as **Exhibit A** is a composite exhibit containing true and correct copies of the Employee Defendants' First Set of Requests for Production and ONB's Responses and Objections to the Employee Defendants' First Set of Requests for Production, which were served on April 10, 2026. The Employee Defendants' requests are

presented for purposes of including the definitions. The same definitions were used in the interrogatories.

4. Attached as **Exhibit B** is a true and correct copy of ONB's [Answers and] Supplemental Answers and Objections to the Employee Defendants' First Set of Interrogatories. ONB served its initial answers and objections on April 10, 2026, and its supplemental answers on July 7, 2026.

5. I met and conferred with Zachary Mulcrone, counsel for ONB, on April 24, 2026 and took contemporaneous notes during the call. To clarify the scope of Interrogatory 1 and Request for Production 2, I explained that we needed to understand the investigation ONB conducted to draw conclusions about the Employee Defendants' activities, because many of ONB's allegations were consistent with the regular practices of business bankers in the Brainerd and Baxter branches, rather than "inconsistent with ordinary servicing needs" as alleged in paragraph 72 of the First Amended Complaint. For example, ONB employees printed documents while working on customer files and deposited the documents into shred bins after they were no longer needed. Other documents were printed at customers' requests and placed behind the teller desk for customers to pick up. ONB's pleading alleged that it could not find various documents, so we needed to understand whether ONB checked its shred bins or considered whether documents were printed for customers. If an Employee Defendant printed documents upon receipt of an email request from a customer, such an email would support a defense to the allegation. For this reason, we needed to understand the full scope of ONB's investigation, and if it included review of emails, the emails are relevant and responsive documents

regardless of ONB believes they support its claims. I also offered that we could conduct an early, limited-scope deposition of an ONB representative to learn about the investigation. ONB did not accept my offer.

6. During our April 24, 2026 call, Mr. Mulcrone informed me that all the documents ONB planned to produce were in his possession, but ONB selected which documents to send its counsel and ONB would only produce the documents on which it based its claims. Mr. Mulcrone also stated that ONB had more than 1,000 additional documents that it collected during the investigation but determined were not relevant to its claims, so ONB withheld the documents.

7. Attached as **Exhibit C** is a true and correct copy of email correspondence between counsel for the Employee Defendants and counsel for ONB in April 2026.

8. The Employee Defendants responded to ONB's first set of Interrogatories and Requests for Production on May 8, 2026. In response to ONB's Interrogatory 7, each Employee Defendant answered the specific allegations lodged against them in the First Amended Complaint to the best of their recollection.

9. For example, Defendant Michael McConkey addressed the allegations in paragraph 76 of the First Amended Complaint, which accused him of printing an August 2026 proposal for a customer and accessing "account verification letters and covenant waivers" to take with him to Bell Bank. Attached as **Exhibit D** is a true and correct copy of relevant excerpts from Mr. McConkey's Answers to ONB's First Set of Interrogatories.

10. As another example, Defendant Kasey Bernu addressed the allegations in paragraph 77 of the Complaint, which accused her of printing documents and taking them

to use for Bell Bank's benefit. Attached as **Exhibit E** is a true and correct copy of relevant excerpts from Ms. Bernu's Answers to ONB's First Set of Interrogatories.

11. On May 8, 2026, ONB produced 276 documents, including:

a. 10 publicly available court filings in this lawsuit;

b. 10 documents consisting of copies of the cease and desist letters ONB sent to the Employee Defendants and Bell Bank and the Fedex labels for the letters (which were also filed with the court);

c. 17 individually scanned pages from Bremer Bank's code of conduct;

d. 12 emails and letters from the Employee Defendants providing notice of their resignations or retirements;

e. 5 documents containing the terms of Bremer Bank's long-term and corporate incentive plans;

f. 7 screenshots of the Employee Defendants' publicly viewable LinkedIn activity;

g. 4 incomplete video files recorded by ONB's security cameras on December 8, 2025 as follows:

- 3 cameras in the Brainerd branch from 7:15 to 7:57 a.m. (Bates 1379);
- 4 cameras in the Brainerd branch (only 2 of which are the same as the cameras in Bates 1379) from 8:30 to 11:30 a.m. (Bates 1380);
- 6 cameras in the Baxter branch from 7:05 to 7:20 a.m. (Bates 1378); and
- The same 6 cameras in the Baxter branch from 7:47 a.m. to noon (Bates 1377).

h. 26 screenshots from ONB's security camera footage;

i. a generic Microsoft Teams cheat sheet; and

j. a single internal email regarding closure of the Brainerd branch.

12. Attached as **Exhibit F** is a true and correct copy of email correspondence I exchanged with Mr. Mulcrone from May 13 to 14, 2026.

13. I met and conferred with Mr. Mulcrone again on May 19, 2026 and took contemporaneous notes during the call. We discussed various discovery issues and Mr. Mulcrone informed me that he now had possession of additional materials that ONB located during its investigation. I asked Mr. Mulcrone to explain the gaps in security video footage, and he explained that the videos were provided by ONB and he did not review them before producing them, so he did not know the reason. I also requested that ONB consider changing the "attorneys' eyes only" designation on some documents to "confidential" because they appeared to be documents identified in the First Amended Complaint, and if so, I needed to show them to the Employee Defendants so they could confirm whether they printed the documents. I followed the call with a confirming email, a true and correct copy of which is attached hereto as **Exhibit G**.

14. I then sent Mr. Mulcrone a list of documents for which the Employee Defendants requested re-designation. Attached as **Exhibit H** is a true and correct copy of email correspondence I exchanged with Mr. Mulcrone from May 19, 2026 to May 26, 2026.

15. On May 26, 2026, ONB produced 146 documents, including declarations signed by eight ONB employees earlier that month, eleven screen shots depicting partial conversations with Employee Defendants over text messaging and social media, and various printed documents apparently left behind by Defendants Vold, Campbell and Yantes when they departed ONB.

16. Attached as **Exhibit I** is a true and correct copy of email correspondence I exchanged with Mr. Mulcrone from May 27 to 28, 2026.

17. The Employee Defendants served their Second Set of Interrogatories and Second Set of Requests for Production on ONB on May 29, 2026.[1]

18. I attempted to gain ONB's cooperation in identifying the documents I could not locate in its production, and when this effort was unsuccessful, I met and conferred again with Mr. Mulcrone on June 2, 2026 and took contemporaneous notes during the call. Attached as **Exhibit J** is a true and correct copy of email correspondence I exchanged with Mr. Mulcrone from May 29 to June 2, 2026.

19. Attached as **Exhibit K** is a true and correct copy of ONB's Responses and Objections to the Employee Defendants' Second Set of Requests for Production served on June 26, 2026.

20. Attached as **Exhibit L** is a true and correct copy of ONB's Answers and Objections to the Employee Defendants' Second Set of Interrogatories served on June 26, 2026.

21. On June 29, 2026, ONB produced 12,833 additional documents.

22. ONB supplemented its answer to Interrogatory 1 on July 7, 2026.

23. Attached as **Exhibit M** is a true and correct copy of email correspondence I sent to Mr. Mulcrone on July 9, 2026.

---

[1] A copy of the Employee Defendants' Second Set of Requests for Production may be found in **Exhibit K**, which contains the requests and ONB's responses. A copy of the Employee Defendants' Second Set of Interrogatories may be found in **Exhibit L**, which contains the interrogatories and ONB's answers. These discovery requests included the same definitions as those in the Employee Defendants' first set of discovery requests.

24. I met and conferred with Mr. Mulcrone again on July 10, 2026 and took contemporaneous notes during the call. In answer to my inquiry about why ONB will not answer interrogatories seeking identification of the trade secrets and confidential information at issue, Mr. Mulcrone stated that ONB's First Amended Complaint generally described the trade secrets, but ONB doesn't know which specific trade secrets the Employee Defendants took because they haven't revealed this information. Mr. Mulcrone insisted that courts don't require parties to provide "partial" answers in discovery and it is customary to wait until the end of discovery to answer what ONB classifies as "contention interrogatories." I also asked Mr. Mulcrone why ONB will not identify any actions taken by Defendants Bernu, McConkey, Yantes, or Vold that evidence solicitation of their co-workers, and Mr. Mulcrone again stated that ONB cannot answer these questions without more discovery.

25. Attached as **Exhibit N** is a true and correct copy of email correspondence I exchanged with Mr. Mulcrone from July 13 to 17, 2026.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on August 19, 2026 in Hennepin County, Minnesota.

*s/ Heidi J. Bassett*
Heidi J. Bassett