# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Old National Bank,<br><br>Plaintiff,<br><br>v.<br><br>Sarah Adams, Kasey Bernu, Yvette Campbell, Kimberly Ellingson, Rachal Johnson, Michael McConkey, Sharon Vold, Daniel Yantes, and Bell Bank,<br><br>Defendants. | Court File No. 0:25-CV-04636 (PJS/LIB)<br><br>**EMPLOYEE DEFENDANTS' FIRST SET OF REQUESTS FOR PROUDCTION OF DOCUMENTS TO PLAINTIFF** |

TO: Plaintiff Old National Bank, and its counsel, Mack H. Reed and Bethany R. Jewison of Lewis Brisbois Bisgaard & Smith, LLP, 90 South 7th Street, Suite 2800, Minneapolis, Minnesota 55402; and Christopher S. Griesmeyer and Zachary Mulcrone of Greiman, Rome & Griesmeyer, LLC, 205 West Randolph Street, Suite 2300, Chicago, Illinois 60606.

Defendants Sarah Adams, Kasey Bernu, Yvette Campbell, Kimberly Ellingson, Rachal Johnson, Michael McConkey, Sharon Vold, and Daniel Yantes (collectively, "Employee Defendants"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, submit the following Requests for Production to Plaintiff Old National Bank for response within thirty days from the date of service.

## DEFINITIONS

Terms shall have the following meanings:

1. The terms "ONB," "you," and "your," and the derivatives of those terms, means Old National Bank and its attorneys, agents, and any other persons acting or purporting to act on its behalf.

2. The term “Employee Defendants” means Defendants Sarah Adams, Kasey Bernu, Yvette Campbell, Kimberly Ellingson, Rachal Johnson, Michael McConkey, Sharon Vold, and Daniel Yates, their attorneys, agents, and any other persons acting or purporting to act on their behalf. When referenced individually, an Employee Defendant shall be identified by their surname.
3. The term “Bell Bank” means Defendant Bell Bank, and its attorneys, agents, and any other person acting or purporting to act on its behalf.
4. The phrase “this action” refers to the above-captioned action filed by you in the United States District Court for the District of Minnesota, case number 0:25-CV-04636 (PJS/LIB).
5. The term “First Amended Complaint” means the First Amended Complaint filed in this action on or about February 3, 2026 and identified by ECF number 64.
6. The phrase “Relevant Time Period” means the time period from April 1, 2025 to December 8, 2025.
7. The term “communication(s)” shall be interpreted as broadly as permitted by the Federal Rules of Civil Procedure and shall include, but not be limited to, any transmission of thoughts, opinions, or information by speech, writing, or signs.
8. The term “document(s)” shall be interpreted as broadly as permitted by the Federal Rules of Civil Procedure and shall include, but not be limited to, any written, printed, typed, punched, recorded or graphic matter, photographic matter, computerized records or programs, sound, tape, video, wire or electronic recording, email, text messaging, call logs, and every form of social media and smartphone

software within your possession, custody, or control, however produced or reproduced.

9. The term "statement(s)" means a written statement made or adopted by the person making it (sworn or unsworn) as well as oral statements recorded by any stenographic, mechanical, electrical or other type recording, or any transcription thereof which is a substantial recital of a statement made by a person.
10. The terms "relate," "regard," or "evidence," including any conjugation of these terms, mean, without limitation, regarding, showing, reflecting, describing, embodying, containing, evidencing, concerning, alluding to, responding to, relating to, pertaining to, connected with, commenting upon, with respect to, consisting of, comprising, constituting, discussing, regarding, reciting, recording, supporting, refuting, referring to, or in any way touching upon or pertaining to such matter..
11. The term "person(s)" includes natural persons, partnerships, companies, associations, organizations, corporations, trusts, and all legal or artificial entities.
12. The term "identify" means, when used in reference to:
    a. A natural person:
        i. Full name;
        ii. Present or last known address (including street name and number, city or town, and state or country) and telephone number; and
        iii. Present business affiliation or employer and position or title.
    b. A document:
        i. Its description (e.g., letter, memorandum, email, etc.);

ii. Its title and date, if any;

iii. Its subject matter;

iv. The identities of its author(s) and addressee(s); and

v. Its present location and custodian's identity (if such document was, but is no longer, in the possession of or subject to control by ONB, state the manner and date of disposition of the document).

c. A communication:

i. The date and the place where the communication occurred;

ii. The medium of the communication (e.g., telephone, voicemail, email, text message, instant message, in person, videoconference, etc.)

iii. The communication's purpose and substance; and

iv. The identity of each person making the communication, each person to whom such communication was made, and each person who was present when such communication was made.

13. The term "describe" means to specify in detail the answer to the question and not merely to respond in a summary or outline fashion.

14. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these requests the broadest response possible.

## **REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:** All documents and communications you reviewed, relied upon or referred to in the preparation of your answers to any interrogatory served in this action,

regardless of whether you specifically identified such documents and communications in your answers.

**REQUEST NO. 2:** All documents, communications, security camera footage, and any other tangible items discovered during or otherwise relating to your investigation of the Employee Defendants' activities before and after their departure from ONB.

Respectfully submitted,

Dated: March 11, 2026

**SPENCER FANE LLP**

*/s/ Heidi J. Bassett*

Randi J. Winter, #391354
Heidi J. Bassett, #386386
Ariel K. Lierz, #397355
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
Phone: (612) 268-7007
rwinter@spencerfane.com
hbassett@spencerfane.com
alierz@spencerfane.com

***Counsel for Employee Defendants***

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| OLD NATIONAL BANK,<br><br>Plaintiff,<br>v.<br><br>SARAH ADAMS, KASEY BERNU, YVETTE CAMPBELL, KIMBERLY ELLINGSON, RACHAL JOHNSON, MICHAEL MCCONKEY, SHARON VOLD, DANIEL YANTES, and BELL BANK,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 0:25-cv-04636 (PJS/LIB) |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO THE EMPLOYEE <u>DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION</u>**

Plaintiff Old National Bank ("ONB"), by and through its undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, responds and objects to the Employee Defendants' First Set of Requests for Production as follows:

**<u>PREFATORY STATEMENT</u>**

1. The following responses are made solely for the purposes of this action. Each response is subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, admissibility, privilege, and work product) that would require the exclusion of any statement contained herein if the Request were asked of, or if any statement contained herein were made by, a witness present and testifying in court. All such objections are reserved and may be interposed at the time of any evidentiary hearing or trial.

2. By responding to these Requests, ONB does not admit the Employee Defendants' characterization of any documents, facts, theories, or conclusions.

3. ONB makes no representation that the documents or information provided in response to these Requests are complete at this time. ONB's investigation and discovery continue, and its responses below are based on the facts, information, and documents reasonably available to it at this stage in the proceedings. ONB expressly reserves the right to supplement its responses in accordance with the Federal Rules of Civil Procedure and any applicable case management or scheduling order in this action.

4. Any agreement to produce documents is not, and should not be construed as, a concession by ONB that any such documents, in fact, exist.

5. Except where otherwise indicated below, ONB will produce responsive, non-privileged documents in the ordinary course of business or organized to correspond to these Requests, subject to any applicable confidentiality designation, protective order, or privilege assertion.

6. To the extent ONB withholds responsive material on the basis of attorney-client privilege, the work-product doctrine, or another recognized protection, ONB will address logging obligations in accordance with Rule 26, any applicable court order, and any agreement of the parties.

7. Responding to a Request should not be construed as a waiver of any objection to that Request, including objections based on privilege, relevance, proportionality, reasonable particularity, and confidentiality.

8. If the Court rules that any of ONB's objections are unfounded and orders ONB to respond to a Request to which it has objected, ONB reserves the right to assert further objections based on any clarified understanding of what is sought, as well as on privilege, work-product, confidentiality, or privacy grounds.

9. ONB will complete any production it agrees to provide below within 28 days of the service of these responses and objections.

**RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:** All documents and communications you reviewed, relied upon or referred to in the preparation of your answers to any interrogatory served in this action, regardless of whether you specifically identified such documents and communications in your answers.

**RESPONSE:** ONB objects to this Request because it is vague, overly broad, and not proportional to the needs of the case to the extent it seeks "[a]ll documents and communications" that were "reviewed, relied upon or referred to" in preparing answers to interrogatories, without regard to whether such materials are relevant to any claim or defense in this action or otherwise discoverable under the Federal Rules of Civil Procedure. The mere fact that a document or communication was reviewed, considered, or referred to in the course of preparing an interrogatory response does not, standing alone, render that material independently relevant, responsive, or discoverable. ONB further objects to this Request to the extent it seeks attorney-client communications, attorney work product, and counsel's mental impressions concerning ONB's preparation of discovery responses. In particular, to the extent this Request seeks to identify or compel production of the universe of materials selected by counsel from among broader categories of documents in preparing

ONB's interrogatory answers, the Request seeks disclosure of counsel's selection process, judgments, and mental impressions regarding the issues in the case, which are protected from disclosure. ONB therefore will not produce documents or communications solely because they were reviewed, considered, or referred to in preparing ONB's interrogatory responses. Subject to and without waiving these objections, to the extent ONB identifies or relies on non-privileged documents that are independently discoverable and responsive to another proper request for production, ONB will produce such materials in response to the applicable request or requests, in accordance with the Federal Rules, the parties' agreements, and any applicable scheduling order.

**REQUEST NO. 2:** All documents, communications, security camera footage, and any other tangible items discovered during or otherwise relating to your investigation of the Employee Defendants' activities before and after their departure from ONB.

**RESPONSE:** ONB objects to this Request to the extent it seeks attorney-client communications, work product, counsel's mental impressions, witness interview memoranda, draft chronologies, internal legal analyses, and materials prepared by or for counsel in anticipation of litigation. ONB further objects because the phrases "all documents," "discovered during," "otherwise relating to," and "any other tangible items" render the Request vague, overly broad, and not proportional to the needs of the case. In particular, the Request improperly assumes that any document, communication, footage, or item that was reviewed, collected, preserved, assembled, or otherwise encountered during the course of an investigation is necessarily relevant to any claim or defense in this action or otherwise discoverable. That is not so. Investigations often require the

identification, collection, preservation, assembly, and review of broad categories of materials, including materials that do not themselves bear on the claims or defenses in the case, so the mere fact that a material was reviewed or encountered in the course of an investigation does not make it automatically relevant or discoverable.

ONB further objects to this Request because, to the extent it seeks every internal communication or every document or item touched during ONB's investigation, it seeks to invade protected work product by requiring disclosure not merely of underlying non-privileged facts, but of counsel's investigative judgments, including counsel's decisions regarding what materials to identify, collect, preserve, assemble, review, compare, organize, and treat as significant in connection with anticipated litigation. To the extent this Request seeks the universe of materials selected or compiled by counsel, or at counsel's direction, from among broader categories of potentially available information, the Request seeks disclosure of counsel's selection process, thought processes, evaluations, and mental impressions, which are protected from disclosure. ONB also objects because the phrase "any other tangible items" fails to describe with reasonable particularity the items sought.

Subject to and without waiving these objections, ONB will produce non-privileged responsive documents and things, if any, sufficient to show the factual bases for the allegations in the First Amended Complaint and ONB's claims in this action, including surveillance footage, non-privileged security-related records, non-privileged system-access and printing records, resignation communications, relevant ONB policies and acknowledgment records, the December 9, 2025 cease-and-desist letters, and other documents on which ONB may rely in support of its claims. ONB will not produce

privileged investigation materials, attorney notes, counsel-directed compilations or selections of materials, internal legal analyses, witness interview memoranda, or other materials protected by the attorney-client privilege or work-product doctrine.

Dated: April 10, 2026

Respectfully submitted,

**OLD NATIONAL BANK, Plaintiff**

By: /s/ *Christopher S. Griesmeyer*
One of Its Attorneys

Mack H. Reed (MN No. 398703)
Bethany R. Jewison (MN No. 505680)
LEWIS BRISBOIS BISGAARD & SMITH, LLP
90 South 7th Street, Suite 2800
Minneapolis, Minnesota 55402
Phone: (612) 428-5000
mack.reed@lewisbrisbois.com
bethany.jewison@lewisbrisbois.com

and

Christopher S. Griesmeyer (IL No. 6269851, *pro hac vice*)
Zachary Mulcrone (IL No. 6300387, *pro hac vice*)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
Phone: (312) 428-2750
cgriesmeyer@grglegal.com
zmulcrone@grglegal.com

## CERTIFICATE OF SERVICE

I hereby certify that, on April 10, 2026, I caused the foregoing **PLAINTIFF'S RESPONSES AND OBJECTIONS TO EMPLOYEE DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION** to be served upon the Defendants and all counsel of record via electronic mail at the following address(es):

Counsel for Employee Defendants:

Heidi Bassett
hbassett@spencerfane.com
Ariel Lierz
alierz@spencerfane.com
Melissa Solberg
msolberg@spencerfane.com
Randi Winter
rwinter@spencerfane.com
SPENCER FANE LLP
100 South Fifth Street
Suite 2500
Minneapolis, MN 55402

Counsel for Defendant Bell Bank:

Jonathan Norrie
jnorrie@banclaw.com
Samantha Buckman
sbuckman@banclaw.com
Patricia Jones
pjones@banclaw.com
BRADFORD ANDRESEN NORRIE & CAMAROTTO
3600 American Blvd. West
Suite 670
Bloomington, MN 55431

*/s/ Christopher S. Griesmeyer*
Christopher S. Griesmeyer (# 6269851)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2750
cgriesmeyer@grglegal.com