# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| OLD NATIONAL BANK,<br><br>Plaintiff,<br>v.<br><br>SARAH ADAMS, KASEY BERNU, YVETTE CAMPBELL, KIMBERLY ELLINGSON, RACHAL JOHNSON, MICHAEL MCCONKEY, SHARON VOLD, DANIEL YANTES, and BELL BANK,<br><br>Defendants. | ) | Case No. 0:25-cv-04636 (PJS/LIB) |

**PLAINTIFF'S FIRST SUPPLEMENTAL ANSWERS AND OBJECTIONS TO THE EMPLOYEE DEFENDANTS' FIRST SET OF INTERROGATORIES**

Plaintiff Old National Bank ("ONB"), by and through its undersigned counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby supplements its answers and objections to the Employee Defendants' First Set of Interrogatories as follows:

**PREFATORY STATEMENT**

1. The following answers are made solely for the purposes of this action. Each answer is subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, admissibility, privilege, and work product) that would require the exclusion of any statement contained herein if the Interrogatory were asked of, or if any statement contained herein were made by, a witness present and testifying in a court proceeding. All such objections are reserved and may be interposed at the time of any evidentiary hearing or trial.

2. By answering these Interrogatories, ONB does not admit the Employee Defendants' characterization of any documents, facts, theories, or conclusions.

3. ONB makes no representation that the information provided in response to these Interrogatories is complete at this time. ONB's investigation and discovery continue, and the answers below are based on the facts and information reasonably available to ONB at this stage of the proceedings. ONB expressly reserves the right to supplement its answers in accordance with the Federal Rules of Civil Procedure and any applicable case management or scheduling order in this action.

4. If the Court rules that any of ONB's objections are unfounded and orders ONB to answer an Interrogatory to which it has objected, ONB reserves the right to assert further objections based on any clarified understanding of what is sought, as well as on privilege, work-product, confidentiality, or privacy grounds.

5. To the extent ONB answers an Interrogatory by reference to documents, those documents will be produced in the ordinary course of business or organized to correspond to the requests, subject to any applicable confidentiality designation, protective order, or privilege assertion.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1**: Describe all actions you took to investigate the Employee Defendants' activities related to their departure from ONB and transition to Bell Bank, and identify all documents that relate to your answer. This interrogatory includes but is not limited to, your searches of the Employee Defendants' email accounts and ONB's computer systems, review of security camera footage, communications with employees, communications with customers, and review of physical documents in offices, desks, shred bins, or otherwise found within the Brainerd or Baxter branches.

**ORIGINAL ANSWER:** ONB objects to this Interrogatory to the extent it seeks disclosure of communications protected by the attorney-client privilege and/or materials protected by the work-product doctrine, including, without limitation, communications involving ONB's in-house counsel or outside counsel, counsel's mental impressions, evaluations, legal theories, litigation strategies, interview notes, investigative memoranda, draft chronologies, and other materials prepared by or for counsel in anticipation of litigation. ONB further objects because the phrases "all actions," "all documents," and "relate to" render the Interrogatory overly broad, vague, ambiguous, and not proportional to the needs of the case. In particular, the phrase "relate to" does not make clear what degree of connection, reference, subject-matter overlap, or other nexus would cause a document to "relate" to an interrogatory response. ONB further objects because, even if a document could be said in some general sense to "relate" to a response, that does not mean the document is necessarily relevant to any claim or defense in this action or otherwise discoverable under the Federal Rules of Civil Procedure. ONB further objects to this Interrogatory to the extent it seeks an exhaustive description of every step taken in ONB's investigation, including counsel's investigative judgments, sequencing, and analysis, rather than a reasonable description of relevant, non-privileged investigative activity and responsive materials. ONB further objects to the extent this Interrogatory seeks identification or description of documents in a manner that would reveal privileged communications or protected work product. Subject to and without waiving these objections, and based on information presently available after a reasonable investigation, ONB responds as follows.

Following the coordinated resignations on December 7-8, 2025, ONB undertook an investigation into the Employee Defendants' conduct before and after their departures from ONB and their transitions to Bell Bank. In connection with that investigation, ONB, through appropriate personnel and counsel, identified, collected, preserved, assembled, and reviewed categories of information and materials bearing on the events at issue, including branch security footage, security-related records, keycard or badge-access records, system-access records, printing logs, email records, web-activity logs, resignation communications, physical materials located in the branches, ONB policy materials, and other electronically stored information relating to the Employee Defendants.

In particular, ONB assembled and reviewed branch security footage, security-related records, and available keycard or badge-access records for relevant locations and time periods. ONB also assembled and reviewed system-access records, printing logs, email records, web-activity logs, and other related electronically stored information associated with the Employee Defendants. ONB likewise assembled and reviewed physical materials from the branches and workspaces, including materials located in offices, desks, printer areas, and other available locations. ONB further assembled and reviewed ONB's confidentiality, acceptable-use, code-of-conduct, and related policies, together with records reflecting the Employee Defendants' acknowledgments of those policies and obligations.

Without disclosing privileged communications or counsel's mental impressions, ONB states that it assessed the foregoing categories of materials in relation to ONB's policies, the Employee Defendants' duties and access-based responsibilities, the timing and

circumstances of the coordinated resignations, and the allegations asserted in this action, in order to evaluate whether the materials reflected activity consistent with ordinary authorized activity or instead reflected unusual access, printing, retention, assembly, removal, transfer, or post-departure use of ONB information or property, as well as whether the materials reflected coordinated conduct, solicitation activity, interference with ONB's relationships, or other conduct relevant to ONB's claims.

In addition, ONB assembled and reviewed physical files, branch workspaces, desks, printers, and other available branch materials, and assessed those materials together with the electronic records just described in order to determine whether documents reflected in logs, print records, or other electronically stored information could be located, whether materials believed to have been printed or assembled remained in the branches, and whether the available physical materials were consistent or inconsistent with the conduct reflected in ONB's electronic records.

ONB also assembled and reviewed resignation emails and letters, including their timing, wording, formatting, shared language, and other similarities, and assessed those materials in relation to the surrounding facts and circumstances in order to evaluate whether the resignations reflected coordinated conduct.

As part of the same investigation, ONB also assembled and reviewed its confidentiality, acceptable-use, code-of-conduct, and related policies, together with records reflecting the Employee Defendants' acknowledgments of those policies and obligations, and assessed the materials described above in relation to those policies and obligations. ONB likewise assembled and reviewed sworn statements and other

submissions bearing on the storage and retention of ONB customer contact information and other ONB information on personal mobile phones and other non-ONB locations, and assessed those materials, together with other information obtained in the investigation, in order to evaluate whether ONB information had been retained, stored, used, or preserved outside ONB's authorized systems.

ONB's investigation further included the preparation and transmission of cease-and-desist letters dated December 9, 2025 and the ensuing review and assessment of whether the remedial, return, and preservation steps requested in those letters were taken. In that connection, ONB sought information regarding, among other things, the return of ONB and Bremer property and information; the preservation of text messages, iMessages, SMS/MMS messages, and messages on applications such as WhatsApp, Signal, Telegram, Facebook Messenger, LinkedIn, Teams, Slack, and similar platforms; the preservation of call histories, call logs, and voicemails; the preservation of relevant emails in ONB and personal accounts; the preservation of documents, spreadsheets, PDFs, screenshots, photographs, notes, cloud-stored materials, and direct messages on social-media platforms; whether any phones, tablets, laptops, or other devices had been reset, wiped, traded in, discarded, or otherwise altered; whether auto-delete or similar settings had been disabled; whether forensic images had been or would be created and preserved; whether affidavits of compliance would be provided; and whether written accountings would be provided identifying customer contacts, employee contacts, and any ONB documents, reports, or data that had been accessed, copied, transferred, or provided to Bell Bank or any other person.

Subject to and without waiving the foregoing objections, responsive, non-privileged documents presently known to ONB include, among other things, branch security footage; non-privileged security-related records; non-privileged keycard or badge-access records; non-privileged system-access records, printing logs, email records, and web-activity logs, and the documents referenced in them; resignation emails and letters; relevant ONB policies and acknowledgment records; the December 2025 cease-and-desist letters and related non-privileged correspondence; and other non-privileged materials on which ONB may rely in support of its claims.

**FIRST SUPPLEMENTAL ANSWER:** ONB objects to this Interrogatory to the extent it seeks disclosure of communications protected by the attorney-client privilege and/or materials protected by the work-product doctrine, including, without limitation, communications involving ONB's in-house counsel or outside counsel, counsel's mental impressions, evaluations, legal theories, litigation strategies, interview notes, investigative memoranda, draft chronologies, and other materials prepared by or for counsel in anticipation of litigation. ONB further objects because the phrases "all actions," "all documents," and "relate to" render the Interrogatory overly broad, vague, ambiguous, and not proportional to the needs of the case. In particular, the phrase "relate to" does not make clear what degree of connection, reference, subject-matter overlap, or other nexus would cause a document to "relate" to an interrogatory response. ONB further objects because, even if a document could be said in some general sense to "relate" to a response, that does not mean the document is necessarily relevant to any claim or defense in this action or

otherwise discoverable under the Federal Rules of Civil Procedure. ONB further objects to this Interrogatory to the extent it seeks an exhaustive description of every step taken in ONB's investigation, including counsel's investigative judgments, sequencing, and analysis, rather than a reasonable description of relevant, non-privileged investigative activity and responsive materials. ONB further objects to the extent this Interrogatory seeks identification or description of documents in a manner that would reveal privileged communications or protected work product. Subject to and without waiving these objections, and based on information presently available after a reasonable investigation, ONB responds as follows.

Following the coordinated resignations on December 7-8, 2025, ONB undertook an investigation into the Employee Defendants' conduct before and after their departures from ONB and their transitions to Bell Bank. In connection with that investigation, ONB, through appropriate personnel and counsel, identified, collected, preserved, assembled, and reviewed categories of information and materials bearing on the events at issue, including branch security footage, security-related records, system-access records, printing logs, email records, web-activity logs, resignation communications, physical materials located in the branches, ONB policy materials, and other electronically stored information relating to the Employee Defendants.

In particular, ONB assembled and reviewed branch security footage and security-related records for relevant locations and time periods. ONB also assembled and reviewed system-access records, printing logs, email records, web-activity logs, and other related electronically stored information associated with the Employee Defendants. ONB likewise

assembled and reviewed physical materials from the branches and workspaces, including materials located in the Employee Defendants' former offices, the Employee Defendants' former desks, the printer areas in the Brainerd and Baxter branches, and other available locations. ONB further assembled and reviewed ONB's confidentiality, acceptable-use, code-of-conduct, and related policies, together with records reflecting the Employee Defendants' acknowledgments of those policies and obligations.

Without disclosing privileged communications or counsel's mental impressions, ONB states that it assessed the foregoing categories of materials in relation to ONB's policies, the Employee Defendants' duties and access-based responsibilities, the timing and circumstances of the coordinated resignations, and the allegations asserted in this action, in order to evaluate whether the materials reflected activity consistent with ordinary authorized activity or instead reflected unusual access, printing, retention, assembly, removal, transfer, or post-departure use of ONB information or property, as well as whether the materials reflected coordinated conduct, solicitation activity, interference with ONB's relationships, or other conduct relevant to ONB's claims.

In addition, ONB assembled and reviewed physical files found in the Employee Defendants' former offices, Brainerd and Baxter branch workspaces, the Employee Defendants' former desks, printers in the Brainerd and Baxter branches, and other available branch materials, and assessed those materials together with the electronic records just described in order to determine whether documents reflected in logs, print records, or other electronically stored information could be located, whether materials believed to have been printed or assembled remained in the branches, and whether the available physical

materials were consistent or inconsistent with the conduct reflected in ONB's electronic records.

ONB also assembled and reviewed resignation emails and letters, including their timing, wording, formatting, shared language, and other similarities, and assessed those materials in relation to the surrounding facts and circumstances in order to evaluate whether the resignations reflected coordinated conduct.

As part of the same investigation, ONB also assembled and reviewed its confidentiality, acceptable-use, code-of-conduct, and related policies, together with records reflecting the Employee Defendants' acknowledgments of those policies and obligations, and assessed the materials described above in relation to those policies and obligations. ONB likewise assembled and reviewed sworn statements and other submissions bearing on the storage and retention of ONB customer contact information and other ONB information on personal mobile phones and other non-ONB locations, and assessed those materials, together with other information obtained in the investigation, in order to evaluate whether ONB information had been retained, stored, used, or preserved outside ONB's authorized systems.

ONB's investigation further included the preparation and transmission of cease-and-desist letters dated December 9, 2025 and the ensuing review and assessment of whether the remedial, return, and preservation steps requested in those letters were taken. In that connection, ONB sought information regarding, among other things, the return of ONB and Bremer property and information; the preservation of text messages, iMessages, SMS/MMS messages, and messages on applications such as WhatsApp, Signal, Telegram,

Facebook Messenger, LinkedIn, Teams, Slack, and similar platforms; the preservation of call histories, call logs, and voicemails; the preservation of relevant emails in ONB and personal accounts; the preservation of documents, spreadsheets, PDFs, screenshots, photographs, notes, cloud-stored materials, and direct messages on social-media platforms; whether any phones, tablets, laptops, or other devices had been reset, wiped, traded in, discarded, or otherwise altered; whether auto-delete or similar settings had been disabled; whether forensic images had been or would be created and preserved; whether affidavits of compliance would be provided; and whether written accountings would be provided identifying customer contacts, employee contacts, and any ONB documents, reports, or data that had been accessed, copied, transferred, or provided to Bell Bank or any other person.

In addition, as part of the investigation into the mass resignation, ONB spoke with employees, including Brent Iserman, Anthony Loosbrock, Thad Olsen, Laura Schagel, Joyce Anderson, and Gary Johnson.

Subject to and without waiving the foregoing objections, responsive, non-privileged documents presently known to ONB include, among other things, branch security footage; non-privileged security-related records; non-privileged system-access records, printing logs, email records, and web-activity logs, and the documents referenced in them; resignation emails and letters; relevant ONB policies and acknowledgment records; the December 2025 cease-and-desist letters and related non-privileged correspondence; and other non-privileged materials on which ONB may rely in support of its claims.

Dated: July 7, 2026

Respectfully submitted,

**OLD NATIONAL BANK, Plaintiff**

By: /s/ *Christopher S. Griesmeyer*
One of Its Attorneys

Mack H. Reed (MN No. 398703)
Bethany R. Jewison (MN No. 505680)
LEWIS BRISBOIS BISGAARD & SMITH, LLP
90 South 7th Street, Suite 2800
Minneapolis, Minnesota 55402
Phone: (612) 428-5000
mack.reed@lewisbrisbois.com
bethany.jewison@lewisbrisbois.com

and

Christopher S. Griesmeyer (IL No. 6269851, *pro hac vice*)
Zachary Mulcrone (IL No. 6300387, *pro hac vice*)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
Phone: (312) 428-2750
cgriesmeyer@grglegal.com
zmulcrone@grglegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 7, 2026, I caused the foregoing **PLAINTIFF'S FIRST SUPPLEMENTAL ANSWERS AND OBJECTIONS TO THE EMPLOYEE DEFENDANTS' FIRST SET OF INTERROGATORIES** to be served upon the Defendants and all counsel of record via electronic mail at the following address(es):

Counsel for Employee Defendants:

Heidi Bassett
hbassett@spencerfane.com
Ariel Lierz
alierz@spencerfane.com
Melissa Solberg
msolberg@spencerfane.com
Randi Winter
rwinter@spencerfane.com
SPENCER FANE LLP
100 South Fifth Street
Suite 2500
Minneapolis, MN 55402

Counsel for Defendant Bell Bank:

Jonathan Norrie
jnorrie@banclaw.com
Samantha Buckman
sbuckman@banclaw.com
Patricia Jones
pjones@banclaw.com
BRADFORD ANDRESEN NORRIE & CAMAROTTO
3600 American Blvd. West
Suite 670
Bloomington, MN 55431

*/s/ Christopher S. Griesmeyer*
Christopher S. Griesmeyer (# 6269851)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2750
cgriesmeyer@grglegal.com

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, in my capacity as the authorized agent for Old National Bank, I hereby declare under penalty of perjury that the foregoing interrogatory answers are true and correct to the best of my knowledge, information, and belief.

Executed on: 7/7/26

Lisa Saulsberry
Authorized Agent for Old National Bank