# EXHIBIT C

| | |
|---|---|
| **From:** | Zachary Mulcrone <zmulcrone@grglegal.com> |
| **Sent:** | Monday, April 27, 2026 3:39 PM |
| **To:** | Bassett, Heidi; Winter, Randi; April Bernath; jnorrie@banclaw.com; sbuckman@banclaw.com; pjones@banclaw.com; Lierz, Ariel; Solberg, Melissa |
| **Cc:** | Chris Griesmeyer; Reed, Mack; Jewison, Bethany |
| **Subject:** | [EXTERNAL] RE: Old National Bank vs. Sarah Adams, et al./No. 0:25-cv-04636 (PJS/LIB) |

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

Hi Heidi,

We were able to speak with ONB today. The universe of electronic materials that were assembled and reviewed (or potentially reviewed) during their investigation are contained on a segregated folder in ONB's systems. I do not yet know who many individual files are in the folder, or the size of those files. Once our e-discovery vendor collects these documents from ONB (which should happen in the next few days), and we know the volume of those files, we can determine a timeline of production following a confidentiality and privilege review. We propose setting up a call once our vendor has collected these materials. Please let us know what you think.

Thanks,
Zach

**Zachary Mulcrone**
**Greiman, Rome & Griesmeyer, LLC**
205 W. Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2746 (Direct)
(847) 567-4556 (Mobile)

GRG GREIMAN, ROME & GRIESMEYER, LLC
business advisors. litigation professionals.

This message (and any attachments) may contain information that is privileged and confidential. If you have received this message in error, please reply to notify us of the error and then immediately delete the message and any attached files.

---

**From:** Zachary Mulcrone
**Sent:** Friday, April 24, 2026 3:35 PM
**To:** Bassett, Heidi <hbassett@spencerfane.com>; Winter, Randi <rwinter@spencerfane.com>; April Bernath <abernath@grglegal.com>; jnorrie@banclaw.com; sbuckman@banclaw.com; pjones@banclaw.com; Lierz, Ariel <alierz@spencerfane.com>; Solberg, Melissa <msolberg@spencerfane.com>
**Cc:** Chris Griesmeyer <cgriesmeyer@grglegal.com>; Reed, Mack <mack.reed@lewisbrisbois.com>; Jewison, Bethany <bethany.jewison@lewisbrisbois.com>
**Subject:** RE: Old National Bank vs. Sarah Adams, et al./No. 0:25-cv-04636 (PJS/LIB)

Hi Heidi,

To be clear, we agree that the ESI order applies to all electronic discovery, and have never suggested anything to the contrary. But simply because the ESI order applies does not mean that it makes sense to use "search terms" and "custodians" for every electronic file. For example, ONB reviewed surveillance footage as part of its initial investigation leading to the Complaint. The video footage resides in ONB's computer systems, clearly constitutes

"ESI," and it will be produced. However, there is ***no*** "custodian" or "search term" that would result in the production of this footage; consequently, it is pointless to demand that ONB identify custodians and search terms in connection with the production of this footage, even though the footage is obviously ESI.

As I mentioned during our call, ONB has agreed in response to RFP No. 2 to produce the documents sufficient to show the factual bases for the allegations in the First Amended Complaint. Some of these documents originated from outside ONB's computer systems, and were given to ONB by your clients. Again, there are no "search terms" or "custodians" that could result in the identification or production of these materials. We can – and will – produce the documents upon which ONB's allegations are based, and no search term or custodial identification is needed for us to identify and produce them.

I know today's meet-and-confer was about the ESI order, but I think Defendants' real issue here concerns the scope of what ONB has agreed to produce (as opposed to compliance with the ESI order). So, while we may be at an impasse with respect to whether it is possible to craft "custodian" and "search term" combinations that would locate the documents ONB has agreed to produce (i.e., the documents on which ONB based the allegations in its First Amended Complaint – none of which require "locating"), I don't believe the parties are at an impasse with respect to the scope of documents ONB is willing to produce in response to RFP No. 2. And, if the parties were to agree to a broader scope for ONB's response to RFP No. 2, it is entirely probable that search terms and custodians would make sense. (Indeed, I just offered to expand the scope of ONB's response, and even proposed search terms and custodians reflecting that expanded scope).

You say, "The documents you have, and intend to produce, are those ONB provided to you and that ONB believes are supportive of its allegations in the Complaint." This is mostly correct. I have, and ONB has agreed to produce, documents sufficient to show the factual bases for the allegations in the First Amended Complaint.

You also say, "ONB does not intend to produce other documents discovered during its investigation because ONB believes them to be irrelevant." That is incorrect. The documents ONB "discovered" are the ones on which it based its pleadings, and those documents are being produced. During our call, I said that a document is not necessarily relevant to this lawsuit simply because it happened to have been reviewed by someone during the course of an investigation. That said, we are willing to expand the scope of our production to include – at your request – irrelevant documents that were reviewed during the investigation.

Finally, I will be able to provide responses to your initial questions ("are those the only email accounts and dates ONB used in its own search while conducting its investigation? Or was ONB's search broader?") once I speak with my client. I propose that we confer again next week, after I have had a chance to speak with ONB.

Thanks,
Zach

**Zachary Mulcrone**
**Greiman, Rome & Griesmeyer, LLC**
205 W. Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2746 (Direct)
(847) 567-4556 (Mobile)

GRG GREIMAN, ROME & GRIESMEYER, LLC
business advisors. litigation professionals.

This message (and any attachments) may contain information that is privileged and confidential. If you have received this message in error, please reply to notify us of the error and then immediately delete the message and any attached files.

**From:** Bassett, Heidi <hbassett@spencerfane.com>
**Sent:** Friday, April 24, 2026 1:11 PM

**To:** Zachary Mulcrone <zmulcrone@grglegal.com>; Winter, Randi <rwinter@spencerfane.com>; April Bernath <abernath@grglegal.com>; jnorrie@banclaw.com; sbuckman@banclaw.com; pjones@banclaw.com; Lierz, Ariel <alierz@spencerfane.com>; Solberg, Melissa <msolberg@spencerfane.com>
**Cc:** Chris Griesmeyer <cgriesmeyer@grglegal.com>; Reed, Mack <mack.reed@lewisbrisbois.com>; Jewison, Bethany <bethany.jewison@lewisbrisbois.com>
**Subject:** RE: Old National Bank vs. Sarah Adams, et al./No. 0:25-cv-04636 (PJS/LIB)

***WARNING EXTERNAL MESSAGE***
Hi Zach,

Thanks for your time on the phone, and for the corrected initial disclosures.

Regarding the second issue, are those the only email accounts and dates ONB used in its own search while conducting its investigation? Or was ONB's search broader? While this could *potentially* cover the emails, it doesn't address the rest of ONB's investigation.

Our position is that the ESI order applies to all discovery, so we must follow the process Magistrate Judge Brisbois directed (for email accounts and all other ESI). You recommended that we wait for ONB's production and then issue additional discovery requests for which the ESI protocol may be useful, so we ended the call at an impasse on this issue.

Finally, you raised concern on the call that we were putting words in your mouth, so please correct me if I misunderstood the following:

- The documents you have, and intend to produce, are those ONB provided to you and that ONB believes are supportive of its allegations in the Complaint;
- ONB does not intend to produce other documents discovered during its investigation because ONB believes them to be irrelevant; and
- You believe ONB is compliant with the ESI order.

Thanks,
Heidi

**Heidi Bassett** Partner
Spencer Fane LLP

100 South Fifth Street, Suite 2500 | Minneapolis, MN 55402
O 612.268.7110
hbassett@spencerfane.com | spencerfane.com

---

**From:** Zachary Mulcrone <zmulcrone@grglegal.com>
**Sent:** Friday, April 24, 2026 12:30 PM
**To:** Bassett, Heidi <hbassett@spencerfane.com>; Winter, Randi <rwinter@spencerfane.com>; April Bernath <abernath@grglegal.com>; jnorrie@banclaw.com; sbuckman@banclaw.com; pjones@banclaw.com; Lierz, Ariel <alierz@spencerfane.com>; Solberg, Melissa <msolberg@spencerfane.com>
**Cc:** Chris Griesmeyer <cgriesmeyer@grglegal.com>; Reed, Mack <mack.reed@lewisbrisbois.com>; Jewison, Bethany <bethany.jewison@lewisbrisbois.com>
**Subject:** [EXTERNAL] RE: Old National Bank vs. Sarah Adams, et al./No. 0:25-cv-04636 (PJS/LIB)

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

Hi all,

A couple of follow-ups to our earlier call.

1. ONB is willing to provide the initial disclosures marked Confidential rather than AEO.

2. During our call, you seemed concerned that ONB would not be producing any emails from the Employee Defendants that might show that they simply continued working in their normal functions after accepting jobs at Bell Bank. To alleviate those concerns, in addition to the documents ONB was already planning to produce in response to RFP No. 2, we propose the following. Custodians: all the Employee Defendants. Search terms: all (non-privileged) emails in their ONB email accounts from Oct. 1, 2025, through the date ONB filed the Complaint. Would that resolve the dispute over RFP No. 2? (Please note, that if ONB agrees to expand its production in that manner, it will take some additional time for ONB to review those documents for confidentiality and privilege.)

I am happy to jump on another call to discuss.

Thanks,
Zach

**Zachary Mulcrone**
**Greiman, Rome & Griesmeyer, LLC**
205 W. Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2746 (Direct)
(847) 567-4556 (Mobile)

GREIMAN, ROME & GRIESMEYER, LLC
business advisors. litigation professionals.

This message (and any attachments) may contain information that is privileged and confidential. If you have received this message in error, please reply to notify us of the error and then immediately delete the message and any attached files.

---

**From:** Zachary Mulcrone
**Sent:** Friday, April 24, 2026 10:57 AM
**To:** Bassett, Heidi <hbassett@spencerfane.com>; Winter, Randi <rwinter@spencerfane.com>; April Bernath <abernath@grglegal.com>; jnorrie@banclaw.com; sbuckman@banclaw.com; pjones@banclaw.com; Lierz, Ariel <alierz@spencerfane.com>; Solberg, Melissa <msolberg@spencerfane.com>
**Cc:** Chris Griesmeyer <cgriesmeyer@grglegal.com>; Reed, Mack <mack.reed@lewisbrisbois.com>; Jewison, Bethany <bethany.jewison@lewisbrisbois.com>
**Subject:** RE: Old National Bank vs. Sarah Adams, et al./No. 0:25-cv-04636 (PJS/LIB)

Hi Heidi,

Attached is a redacted version of the Initial Disclosures with the AEO designation removed. Talk to you soon.

Thanks,
Zach

**Zachary Mulcrone**
**Greiman, Rome & Griesmeyer, LLC**
205 W. Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2746 (Direct)
(847) 567-4556 (Mobile)

GRG GREIMAN, ROME & GRIESMEYER, LLC
business advisors. litigation professionals.

This message (and any attachments) may contain information that is privileged and confidential. If you have received this message in error, please reply to notify us of the error and then immediately delete the message and any attached files.

---

**From:** Bassett, Heidi <hbassett@spencerfane.com>
**Sent:** Wednesday, April 22, 2026 10:49 AM
**To:** Winter, Randi <rwinter@spencerfane.com>; April Bernath <abernath@grglegal.com>; jnorrie@banclaw.com; sbuckman@banclaw.com; pjones@banclaw.com; Lierz, Ariel <alierz@spencerfane.com>; Solberg, Melissa <msolberg@spencerfane.com>
**Cc:** Chris Griesmeyer <cgriesmeyer@grglegal.com>; Zachary Mulcrone <zmulcrone@grglegal.com>; Reed, Mack <mack.reed@lewisbrisbois.com>; Jewison, Bethany <bethany.jewison@lewisbrisbois.com>
**Subject:** RE: Old National Bank vs. Sarah Adams, et al./No. 0:25-cv-04636 (PJS/LIB)

***WARNING EXTERNAL MESSAGE***
Hello All,

I circulated a calendar invite for the call Zach and I scheduled this Friday, in the event anyone else would like to join. We plan to discuss two subjects:

1. ONB's contention that its forthcoming document production is not governed by the ESI order; and
2. ONB's designation of its entire set of Initial Disclosures as AEO. On this second topic, we believe the attached order by Magistrate Judge Brisbois is instructive (at *21). I'm circulating it for advance review so we can have a productive discussion on Friday.

Thanks,
Heidi

**Heidi Bassett** Partner
Spencer Fane LLP

100 South Fifth Street, Suite 2500 | Minneapolis, MN 55402
O 612.268.7110
hbassett@spencerfane.com | spencerfane.com

---

**From:** Winter, Randi <rwinter@spencerfane.com>
**Sent:** Tuesday, April 21, 2026 3:26 PM
**To:** April Bernath <abernath@grglegal.com>; jnorrie@banclaw.com; sbuckman@banclaw.com; pjones@banclaw.com; Lierz, Ariel <alierz@spencerfane.com>; Solberg, Melissa <msolberg@spencerfane.com>; Bassett, Heidi <hbassett@spencerfane.com>
**Cc:** Chris Griesmeyer <cgriesmeyer@grglegal.com>; Zachary Mulcrone <zmulcrone@grglegal.com>; Reed, Mack <mack.reed@lewisbrisbois.com>; Jewison, Bethany <bethany.jewison@lewisbrisbois.com>
**Subject:** RE: Old National Bank vs. Sarah Adams, et al./No. 0:25-cv-04636 (PJS/LIB)

ONB Counsel,

Please immediately provide the basis and legal authority on which you are asserting an AEO designation over your client's entire set of Initial Disclosures. None of the defendants can adequately investigation

Plaintiff's allegations or defend against Plaintiff's claims if we are not able to share the Initial Disclosures with our clients.

**Randi Winter** Partner / Attorney
Spencer Fane LLP

100 South Fifth Street, Suite 2500 | Minneapolis, MN 55402
**O** 612.268.7007
rwinter@spencerfane.com | spencerfane.com

---

**From:** April Bernath <abernath@grglegal.com>
**Sent:** Tuesday, April 21, 2026 3:21 PM
**To:** jnorrie@banclaw.com; sbuckman@banclaw.com; pjones@banclaw.com; Lierz, Ariel <alierz@spencerfane.com>; Solberg, Melissa <msolberg@spencerfane.com>; Winter, Randi <rwinter@spencerfane.com>; Bassett, Heidi <hbassett@spencerfane.com>
**Cc:** Chris Griesmeyer <cgriesmeyer@grglegal.com>; Zachary Mulcrone <zmulcrone@grglegal.com>; Reed, Mack <mack.reed@lewisbrisbois.com>; Jewison, Bethany <bethany.jewison@lewisbrisbois.com>
**Subject:** [EXTERNAL] RE: Old National Bank vs. Sarah Adams, et al./No. 0:25-cv-04636 (PJS/LIB)

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

---

Attached please find Plaintiff's Initial Rule 26(a)(1) Disclosures.

**April A. Bernath**
**Paralegal**
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
Direct: (312)428-2743
Main: (312)428-2750
Fax: (312)332-2781
abernath@grglegal.com
www.grglegal.com

GREIMAN, ROME & GRIESMEYER, LLC
business advisors. litigation professionals.

This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.