# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Old National Bank,<br><br>Plaintiff,<br><br>v.<br><br>Sarah Adams, Kasey Bernu, Yvette Campbell, Kimberly Ellingson, Rachal Johnson, Michael McConkey, Sharon Vold, Daniel Yantes, and Bell Bank,<br><br>Defendants. | Court File No. 0:25-CV-04636 (PJS/LIB)<br><br>**DEFENDANT MICHAEL MCCONKEY'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

TO: Plaintiff Old National Bank, and its counsel, Mack H. Reed and Bethany R. Jewison of Lewis Brisbois Bisgaard & Smith, LLP, 90 South 7th Street, Suite 2800, Minneapolis, Minnesota 55402; and Christopher S. Griesmeyer and Zachary Mulcrone of Greiman, Rome & Griesmeyer, LLC, 205 West Randolph Street, Suite 2300, Chicago, Illinois 60606.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Michael McConkey ("McConkey") hereby serves the following objections and answers to Plaintiff Old National Bank's ("ONB") First Set of Interrogatories. These objections and answers are based on information currently available and known to McConkey.

## GENERAL OBJECTIONS

1. McConkey objects to ONB's definitions to the extent that they impose obligations greater than or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Minnesota, or any orders of this Court.

We (the Employee Defendants) decided to leave together because nobody wanted to be left behind. I could have retired as of November 24, but Kim Ellingson wanted to work through December 5. That worked for me, because I was desperately trying to get a customer's lines of credit renewed and my assistant, Olivia, was on PTO the prior week. I didn't want to leave while Olivia was out. I was also concerned about how Tony Loosbrock and Brent Iserman would act toward me if I stayed behind after the others left. I didn't want to be interrogated by them or anyone else from ONB about what I knew or didn't know and about what my plans were.

**INTERROGATORY NO. 5:** Identify each and every person at Old National who was directly responsible for (or charged with) managing or overseeing your work for ONB during the time period from November 1, 2025, through the date of your resignation from ONB. For each person identified in your answer, identify the date that you informed the person that you had accepted an offer of employment from Bell Bank.

**ANSWER:** I reported directly to Yvette Campbell. I sent Yvette notice of my retirement on December 7, 2025 per the instruction from Cheyenne Hobson, ONB's HR representative.

**INTERROGATORY NO. 6:** Identify each and every person at Old National who authorized your access to, or permitted your continued access to, documents and computer systems containing ONB Confidential Information during the time period from November 1, 2025, through the date of your resignation from ONB. For each person identified in your answer, identify the date that you informed the person that you had accepted an offer of employment from Bell Bank.

**ANSWER:** McConkey objects to this Interrogatory as vague and ambiguous, given that it suggests ONB employees had a need for authorization or permission to continue doing their jobs while employed. McConkey further objects because this Interrogatory also seeks information already within ONB's exclusive possession, custody, or control. McConkey also objects to ONB's definition of "Confidential Information" as vague, ambiguous, and much broader than the information McConkey understood ONB to consider as confidential while McConkey was employed by ONB. Subject to and without waiving the foregoing objections, McConkey answers as follows:

My access to documents and computer systems did not change during this time, so whoever authorized my initial access would have been the one to authorize my continued access. I continued working hard for ONB's customers until I resigned.

**INTERROGATORY NO. 7:** Identify all instances in which you utilized Old National Bank's computer systems to access (including whether to read, review, print, download, copy, forward, or delete) any item of ONB Confidential Information after you had accepted an offer of employment from Bell Bank and, for each such instance, identify the date and purpose of your access to such information.

**ANSWER:** McConkey objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case because other forms of discovery (such as depositions) are available and preferable over an exhaustive narrative answer. McConkey also objects to ONB's definition of "Confidential Information" as vague, ambiguous, and much broader than the information McConkey understood ONB to consider as confidential while McConkey was employed by ONB. McConkey further objects to responding to Interrogatory No. 7 because ONB has exceeded the maximum of 50 interrogatories permitted by section V of the Court's Pretrial Scheduling Order. Notwithstanding the foregoing objections, McConkey will answer ONB's Interrogatory No. 7 in case the Court disagrees with the Employee Defendants' counting of ONB's interrogatories, which now totals 56 (not including ONB's interrogatories to Bell Bank). McConkey answers as follows:

I continued to do my job until my last day, so I do not remember every time I accessed the things ONB defined as "Confidential Documents." I understand ONB has alleged that on December 2, I printed an August 2025 Proposal for Acquisition Financing for "Customer A.H." A.H. was not a customer of ONB. It was a market prospect I had been working with. The proposal was outdated and the prospect passed on the opportunity due to timing and some of the stipulations ONB was requiring, but I printed the document to get the verbiage for a question an underwriter had on a pending deal. I shredded the document that same day.

ONB also alleges that I accessed various other documents on November 26, but ONB did not identify the customer or file. Accessing documents like "account verification letters and covenant waivers" is something I would do in the normal course of serving customers – there was nothing unusual about this. I often printed documents to work on revisions or for reference while I worked on a deal, as I found printed materials easier to work with than electronic versions. For security reasons, I did not store documents after I printed them. I shredded them as soon as I was done with them.

I have always taken pride in my work, and Mr. Iserman praised me for it. Nothing about my work ethic or goals changed after I accepted the offer from Bell Bank, so any systems or documents I accessed were in service to ONB.

**INTERROGATORY NO. 8:** For the time period from November 1, 2025 through December 7, 2025, identify each and every ONB client and Old National employee with whom you communicated about your dissatisfaction with ONB, your actual or potential departure from ONB, or your actual or potential future employment with Bell, and identify the date and method of each such communication.

**ANSWER:** McConkey objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case because other forms of discovery (such as depositions) are available and preferable over an exhaustive narrative answer. McConkey further objects to responding to Interrogatory No. 8 because ONB has exceeded

**ANSWER:** McConkey objects to responding to Interrogatory No. 14 because ONB has exceeded the maximum of 50 interrogatories permitted by section V of the Court's Pretrial Scheduling Order. McConkey further objects to this Interrogatory as seeking information that is not relevant to any party's claims or defenses. Based upon the foregoing objection, McConkey will not agree to answer Interrogatory No. 14 as propounded.

**AS TO ANSWERS:**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my recollection, knowledge, and belief.

Dated: 05/08/2026

Michael McConkey

By: Michael McConkey

**AS TO OBJECTIONS:**

Dated: May 8, 2026

**SPENCER FANE LLP**
*/s/ Heidi J. Bassett*
Randi J. Winter, #391354
Heidi J. Bassett, #386386
Ariel K. Lierz, #397355
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
Phone: (612) 268-7007
rwinter@spencerfane.com
hbassett@spencerfane.com
alierz@spencerfane.com

***Counsel for Employee Defendants***