# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Old National Bank,<br><br>Plaintiff,<br><br>v.<br><br>Sarah Adams, Kasey Bernu, Yvette Campbell, Kimberly Ellingson, Rachal Johnson, Michael McConkey, Sharon Vold, Daniel Yantes, and Bell Bank,<br><br>Defendants. | Court File No. 0:25-CV-04636 (PJS/LIB)<br><br>**DEFENDANT KASEY BERNU'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

---

TO: Plaintiff Old National Bank, and its counsel, Mack H. Reed and Bethany R. Jewison of Lewis Brisbois Bisgaard & Smith, LLP, 90 South 7th Street, Suite 2800, Minneapolis, Minnesota 55402; and Christopher S. Griesmeyer and Zachary Mulcrone of Greiman, Rome & Griesmeyer, LLC, 205 West Randolph Street, Suite 2300, Chicago, Illinois 60606.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Kasey Bernu ("Bernu") hereby serves the following objections and answers to Plaintiff Old National Bank's ("ONB") First Set of Interrogatories. These objections and answers are based on information currently available and known to Bernu.

## GENERAL OBJECTIONS

1. Bernu objects to ONB's definitions to the extent that they impose obligations greater than or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Minnesota, or any orders of this Court.

from ONB. For each person identified in your answer, identify the date that you informed the person that you had accepted an offer of employment from Bell Bank.

**ANSWER:** My manager was Sarah Adams. I gave her my resignation letter on December 8, 2025.

**INTERROGATORY NO. 6:** Identify each and every person at Old National who authorized your access to, or permitted your continued access to, documents and computer systems containing ONB Confidential Information during the time period from November 1, 2025, through the date of your resignation from ONB. For each person identified in your answer, identify the date that you informed the person that you had accepted an offer of employment from Bell Bank.

**ANSWER:** Bernu objects to this Interrogatory as vague and ambiguous, given that it suggests ONB employees had a need for authorization or permission to continue doing their jobs while employed. Bernu further objects because this Interrogatory also seeks information already within ONB's exclusive possession, custody, or control. Bernu also objects to ONB's definition of "Confidential Information" as vague, ambiguous, and much broader than the information Bernu understood ONB to consider as confidential while Bernu was employed by ONB. Subject to and without waiving the foregoing objections, Bernu answers as follows:

My access to documents and computer systems did not change during this time, so no one authorized or permitted anything out of the course of my usual job. I continued working hard for ONB's customers until I resigned.

**INTERROGATORY NO. 7:** Identify all instances in which you utilized Old National Bank's computer systems to access (including whether to read, review, print, download, copy, forward, or delete) any item of ONB Confidential Information after you had accepted an offer of employment from Bell Bank and, for each such instance, identify the date and purpose of your access to such information.

**ANSWER:** Bernu objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case because other forms of discovery (such as depositions) are available and preferable over an exhaustive narrative answer. Bernu also objects to ONB's definition of "Confidential Information" as vague, ambiguous, and much broader then the information Bernu understood ONB to consider as confidential while Bernu was employed by ONB. Bernu further objects to responding to Interrogatory No. 7 because ONB has exceeded the maximum of 50 interrogatories permitted by section V of the Court's Pretrial Scheduling Order. Notwithstanding the foregoing objections, Adams will answer ONB's Interrogatory No. 7 in case the Court disagrees with the Employee Defendants' counting of ONB's interrogatories, which now totals 56 (not including ONB's interrogatories to Bell Bank). Bernu answers as follows:

I continued to do my job until my last day, so I do not remember every time I accessed the things ONB defined as "Confidential Documents." I left detailed notes on all of my existing clients in my desk drawer, so I may have looked at information to prepare my notes so I could ensure other ONB employees had what they needed to continue serving clients.

Based on the allegations in ONB's First Amended Complaint, I recall that on December 5, 2025, I printed a loan file and closing documents for a customer (James Britian) to sign. I was working on the loan closing, and I had missed a signature for James on one of the loan documents, so I had to mail it to James to complete. I mailed it out and put detailed notes of all of this in his loan file in the top drawer of my credenza. If I printed account statements on November 24, 2025, as ONB claims, I would have emailed them to the customer or put them in the ladder behind the teller line for the customer to pick up. I did not even know how to find statements, so I would have submitted a task requesting them.

**INTERROGATORY NO. 8:** For the time period from November 1, 2025 through December 7, 2025, identify each and every ONB client and Old National employee with whom you communicated about your dissatisfaction with ONB, your actual or potential departure from ONB, or your actual or potential future employment with Bell, and identify the date and method of each such communication.

**ANSWER:** Bernu objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case because other forms of discovery (such as depositions) are available and preferable over an exhaustive narrative answer. Bernu further objects to responding to Interrogatory No. 8 because ONB has exceeded the maximum of 50 interrogatories permitted by section V of the Court's Pretrial Scheduling Order. Notwithstanding the foregoing objections, Bernu will answer ONB's Interrogatory No. 8 in case the Court disagrees with the Employee Defendants' counting of ONB's interrogatories, which now totals 64 (not including ONB's interrogatories to Bell Bank). Bernu answers as follows:

I did not communicate with customers about how unhappy I was, but they could tell. 90% of them were my customers for 19 years, and they knew me well. A couple even offered me names of people who were hiring. I communicated with the other Employee Defendants about my decision to leave.

**INTERROGATORY NO. 9:** For the time period from the date of your resignation from ONB, through the present, identify each and every ONB client who you (directly or indirectly) contacted or attempted to contact, or with whom you communicated or attempted to communicate. For each client identified in your answer:

a. Identify the date(s) and method (e.g., via email, text message, correspondence, announcement, telephone, videoconference, social

**ANSWER:** Bernu objects to responding to Interrogatory No. 14 because ONB has exceeded the maximum of 50 interrogatories permitted by section V of the Court's Pretrial Scheduling Order. Bernu further objects to this Interrogatory as seeking information that is not relevant to any party's claims or defenses. Based upon the foregoing objection, Bernu will not agree to answer Interrogatory No. 14 as propounded.

**AS TO ANSWERS:**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my recollection, knowledge, and belief.

Dated: 05/08/2026

Kasey Bernu

By: Kasey Bernu

**AS TO OBJECTIONS:**

Dated: May 8, 2026

**SPENCER FANE LLP**

*/s/ Heidi J. Bassett*

Randi J. Winter, #391354
Heidi J. Bassett, #386386
Ariel K. Lierz, #397355
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
Phone: (612) 268-7007
rwinter@spencerfane.com
hbassett@spencerfane.com
alierz@spencerfane.com

***Counsel for Employee Defendants***