# EXHIBIT K

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| OLD NATIONAL BANK,<br><br>Plaintiff,<br>v.<br><br>SARAH ADAMS, KASEY BERNU, YVETTE CAMPBELL, KIMBERLY ELLINGSON, RACHAL JOHNSON, MICHAEL MCCONKEY, SHARON VOLD, DANIEL YANTES, and BELL BANK,<br><br>Defendants. | ) | Case No. 0:25-cv-04636 (PJS/LIB) |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO THE EMPLOYEE DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION**

Plaintiff Old National Bank ("ONB"), by and through its undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, responds and objects to the Employee Defendants' Second Set of Requests for Production as follows:

**PREFATORY STATEMENT**

1. The following responses are made solely for the purposes of this action. Each response is subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, admissibility, privilege, and work product) that would require the exclusion of any statement contained herein if the Request were asked of, or if any statement contained herein were made by, a witness present and testifying in court. All such objections are reserved and may be interposed at the time of any evidentiary hearing or trial.

2. By responding to these Requests, ONB does not admit the Employee Defendants' characterization of any documents, facts, theories, or conclusions.

3. ONB makes no representation that the documents or information provided in response to these Requests are complete at this time. ONB's investigation and discovery continue, and its responses below are based on the facts, information, and documents reasonably available to it at this stage in the proceedings. ONB expressly reserves the right to supplement its responses in accordance with the Federal Rules of Civil Procedure and any applicable case management or scheduling order in this action.

4. Any agreement to produce documents is not, and should not be construed as, a concession by ONB that any such documents, in fact, exist.

5. Except where otherwise indicated below, ONB will produce responsive, non-privileged documents in the ordinary course of business or organized to correspond to these Requests, subject to any applicable confidentiality designation, protective order, or privilege assertion.

6. To the extent ONB withholds responsive material on the basis of attorney-client privilege, the work-product doctrine, or another recognized protection, ONB will address logging obligations in accordance with Rule 26, any applicable court order, and any agreement of the parties.

7. Responding to a Request should not be construed as a waiver of any objection to that Request, including objections based on privilege, relevance, proportionality, reasonable particularity, and confidentiality.

8. If the Court rules that any of ONB's objections are unfounded and orders ONB to respond to a Request to which it has objected, ONB reserves the right to assert further objections based on any clarified understanding of what is sought, as well as on privilege, work-product, confidentiality, or privacy grounds.

9. ONB will complete any production it agrees to provide below within 28 days of the service of these responses and objections, other than the documents that will be assembled via search terms. Those documents will be produced at a reasonable time after the parties confer about the search terms, custodians, and date ranges, and after ONB reviews documents captured by the agreed searches for responsiveness, privilege, work product, and confidentiality.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST NO. 3:** All trade secrets that you allege the Employee Defendants stole, retained, took, misused, disclosed, or transferred.

**RESPONSE:** ONB objects to this Request as premature. The facts necessary to determine all the specific trade-secret information, and all the specific documents containing trade-secret information, were stolen, retained, taken, misused, disclosed, or transferred are uniquely or primarily within the possession, custody, or control of the Employee Defendants and Bell Bank. ONB does not have possession, custody, or control over the Employee Defendants' personal devices, personal accounts, text messages, call logs, cloud-storage accounts, messaging applications, Bell Bank systems, Bell Bank communications, Bell Bank call reports, or post-departure customer communications. Discovery from the Employee Defendants and Bell Bank is necessary before ONB can

determine all the specific customer names, customer contacts, customer files, customer documents, customer communications, customer-specific data points, or other trade-secret information that the Employee Defendants stole, retained, took, misused, disclosed, or transferred.

ONB further objects because trade secrets are intangible information, not documents themselves. Trade-secret information may be reflected in, contained in, or embodied by documents or electronically stored information, but the trade secrets are the information itself. To the extent ONB discovers through discovery that the Employee Defendants stole, retained, took, misused, disclosed, or transferred specific documents containing ONB trade secrets, and to the extent such documents are within ONB's possession, custody, or control, ONB will produce copies of those documents in accordance with the Federal Rules of Civil Procedure.

Based on the foregoing objections, ONB will not produce documents responsive to this Request at this time. ONB will supplement this response in accordance with the Federal Rules of Civil Procedure after discovery reveals the specific trade-secret information or specific documents containing trade-secret information that the Employee Defendants stole, retained, took, misused, disclosed, or transferred.

**REQUEST NO. 4:** All confidential information that you allege the Employee Defendants stole, retained, took, misused, disclosed, or transferred.

**RESPONSE:** ONB objects to this Request as premature. The facts necessary to determine all the specific confidential information, and all the specific documents

containing confidential information, that were stolen, retained, taken, misused, disclosed, or transferred are uniquely or primarily within the possession, custody, or control of the Employee Defendants and Bell Bank. ONB does not have possession, custody, or control over the Employee Defendants' personal devices, personal accounts, text messages, call logs, cloud-storage accounts, messaging applications, Bell Bank systems, Bell Bank communications, Bell Bank call reports, or post-departure customer communications. Discovery from the Employee Defendants and Bell Bank is necessary before ONB can determine all the specific customer names, customer contacts, customer files, customer documents, customer communications, customer-specific data points, or other confidential information that the Employee Defendants stole, retained, took, misused, disclosed, or transferred.

ONB further objects because confidential information is information, not documents themselves. Confidential information may be reflected in, contained in, or embodied by documents or electronically stored information, but the confidential information is the information itself. To the extent ONB discovers through discovery that the Employee Defendants stole, retained, took, misused, disclosed, or transferred specific documents containing ONB confidential information, and to the extent such documents are within ONB's possession, custody, or control, ONB will produce copies of those documents in accordance with the Federal Rules of Civil Procedure.

Based on the foregoing objections, ONB will not produce documents responsive to this Request at this time. ONB will supplement this response in accordance with the Federal Rules of Civil Procedure after discovery reveals the specific confidential information or

specific documents containing confidential information that the Employee Defendants stole, retained, took, misused, disclosed, or transferred.

**REQUEST NO. 5:** All policies and procedures in effect during the Relevant Time Period regarding your alleged trade secrets and/or confidential information.

**RESPONSE:** ONB objects to the Relevant Time Period for this Request as overbroad and not proportional to the needs of the case. The relevant time period for policies and procedures concerning ONB's alleged trade secrets and confidential information is November 2025 through December 2025. Subject to and without waiving this objection, ONB will produce relevant, non-privileged policies and procedures in effect during that time period regarding ONB's alleged trade secrets and confidential information. ONB will not produce any other documents in response to this request.

No search terms or custodians are needed for ONB to find and produce the responsive documents it has agreed to produce.

**REQUEST NO. 6:** All internal ONB communications, documents, and meeting notes relating to the facts alleged in the First Amended Complaint.

**RESPONSE:** ONB objects to this Request because it fails to describe the documents sought with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A). The Request seeks "all internal ONB communications, documents, and meeting notes" relating to "the facts alleged in the First Amended Complaint," but it does not identify any particular allegation, subject matter, event, customer, Employee Defendant, custodian, author, recipient, branch, market, communication type, repository, or category of

documents to be searched or produced. As drafted, the Request is an omnibus demand for all internal ONB materials that could be said to touch on the allegations in the pleading, which does not give ONB reasonable notice of what is called for and what is not.

ONB further objects because the phrase "relating to the facts alleged in the First Amended Complaint" is vague, ambiguous, overbroad, and not proportional to the needs of the case. The First Amended Complaint contains numerous allegations concerning background facts, the Bremer acquisition, system conversion issues, employee departures, branch operations, customer relationships, customer communications, employee communications, Bell Bank's conduct, ONB's investigation, ONB's damages, and other topics. A request for every internal ONB communication, document, or meeting note that "relates to" any such fact would sweep in vast categories of irrelevant or marginally relevant materials, including ordinary business communications, HR communications, operational communications, customer-service communications, staffing communications, branch-coverage communications, management updates, and administrative materials that have no meaningful bearing on any claim or defense.

ONB further objects because the Request is not proportional to the needs of the case. Responding to the Request as drafted would require ONB to search broadly across internal communications, meeting notes, business records, personnel records, operational records, customer-service records, and other repositories for any document that could arguably relate in some attenuated way to any factual allegation in the First Amended Complaint. The burden and expense of that search would substantially outweigh any likely benefit, particularly because Defendants could have served targeted requests directed to specific

allegations, custodians, time periods, customer relationships, communications, or alleged conduct.

ONB further objects to the extent the Request seeks attorney-client communications, attorney work product, counsel's mental impressions, legal theories, litigation strategy, counsel-directed investigation materials, witness-interview materials, draft chronologies, draft pleadings, draft declarations, internal legal analyses, or documents selected, organized, summarized, or considered by counsel in investigating the claims or preparing this action. The definitions of "ONB," "you," and "your" include ONB's attorneys, agents, and persons acting on ONB's behalf, and ONB objects to this Request to the extent it uses that definition to seek privileged or protected legal communications or litigation materials.

Based on the foregoing objections, ONB will not produce documents in response to this Request.

**REQUEST NO. 7:** All policies and procedures in effect during the Relevant Time Period regarding an employee's departure from ONB.

**RESPONSE:** ONB objects to the Relevant Time Period for this Request as overbroad and not proportional to the needs of the case. The relevant time period for policies and procedures concerning an employee's departure from ONB is November 2025 through December 2025. Subject to and without waiving this objection, ONB will produce relevant, non-privileged policies and procedures in effect during that time period regarding an employee's departure from ONB. ONB will not produce any other documents in

response to this request. No search terms or custodians are needed for ONB to find and produce the responsive documents it has agreed to produce.

**REQUEST NO. 8:** All documents, including policies and procedures, that you contend gave notice to the Employee Defendants that their personal belongings would be searched prior to their departure from ONB.

**RESPONSE:** To the extent that ONB contends that any particular document, written policy, or written procedure gave notice to the Employee Defendants that their personal belongings would be searched prior to their departure from ONB, ONB will produce such documents, written policies, and/or written procedures. ONB will not produce any other documents in response to this request. No search terms or custodians are needed for ONB to find and produce the responsive documents it has agreed to produce.

**REQUEST NO. 9:** All documents, including policies and procedures, that you contend gave notice to the Employee Defendants that phone numbers in their personal cell phones had to be erased upon their departure from ONB.

**RESPONSE:** ONB has already produced, or will produce, the requested documents. No search terms or custodians are needed for ONB to find and produce the responsive documents it has agreed to produce.

**REQUEST NO. 10:** The Employee Defendants' personnel files.

**RESPONSE:** ONB objects to this Request because the Employee Defendants' personnel files are not relevant to any party's claims or defenses and are not proportional to the needs of the case. This case concerns the Employee Defendants' coordinated

departure from ONB, their transition to Bell Bank, their alleged access to, retention, transfer, use, or disclosure of ONB confidential information and trade secrets, their alleged communications with ONB customers and employees, and their alleged interference with ONB customer relationships. Complete personnel files are not tied to those issues and likely contain broad categories of irrelevant HR materials, including tax information, benefits information, dependent information, medical or leave information, personal identifying information, payroll and direct-deposit information, emergency-contact information, administrative forms, and other materials that have no bearing on the claims or defenses in this action. Subject to and without waiving these objections, ONB will produce the Employee Defendants' personnel files. No search terms or custodians are needed for ONB to find and produce the responsive documents it has agreed to produce.

**REQUEST NO. 11:** All documents and communications regarding any Employee Defendant on or after December 8, 2025.

**RESPONSE:** ONB objects to this Request because it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. The phrase "regarding any Employee Defendant" is not limited by subject matter, custodian, participant, branch, market, repository, communication type, or relevance to any claim or defense. As drafted, the Request would require ONB to search for and produce every document or communication after December 8, 2025 that mentions or concerns any Employee Defendant, including HR, payroll, benefits, staffing, scheduling, customer-service, operational, administrative, employee-relations, offhand communications between

low-level employees, and other materials that have no bearing on the claims or defenses in this action.

ONB further objects because the Request does not describe the requested documents with reasonable particularity under Fed. R. Civ. P. 34(b)(1)(A). A request for all documents and communications “regarding” eight individuals after a significant business event does not provide a reasonable basis for determining what is called for and what is not.

ONB further objects to the extent the Request seeks attorney-client communications, attorney work product, counsel’s mental impressions, legal theories, litigation strategy, counsel-directed investigation materials, witness-interview materials, draft chronologies, draft pleadings, draft declarations, internal legal analyses, or documents selected, organized, summarized, or considered by counsel in investigating the claims or preparing this action.

Subject to and without waiving these objections, ONB is willing to conduct a reasonable search for responsive, non-privileged documents using agreed custodians and search terms for the period December 8, 2025 through February 3, 2026. ONB proposes the following search protocol:

- Custodians for purposes of this Request, subject to meet-and-confer and refinement based on burden and hit counts: Brent Iserman, Anthony Loosbrock, Sheila Dowling, Scott Dykhoff, Penny Stender, Tim Kocher.
- Search terms for purposes of this Request, to be run on the subject lines and bodies of emails of the proposed custodians, subject to meet-and-confer and refinement based on burden and hit counts: ((adams w/5 sarah) or bernu or campbell or

ellingson or rachal or (michael w/5 mcconkey) or (mike w/5 mcconkey) or vold or yantes) and (customer! or client! or resign! or quit! or retir! or depart! or “left ONB” or “left old national” or bell).

ONB will review documents captured by the agreed searches for responsiveness, privilege, work product, and confidentiality, and will produce responsive, non-privileged documents in accordance with the Federal Rules of Civil Procedure and the protective order. ONB will not produce any documents not responsive to these searches in response to this Request.

**REQUEST NO. 12:** The contents of all shred bins, recycling bins, or other receptacles in which printed documents were discarded at ONB’s Brainerd and Baxter branches from November 1, 2005 through December 8, 2025.

**RESPONSE:** ONB objects to this Request as facially overbroad, unduly burdensome, impossible to comply with as drafted, and not proportional to the needs of the case. The Request seeks the contents of all shred bins, recycling bins, and other receptacles at two branches over a twenty-year period, as though ONB preserved ordinary trash, recycling, and shredding receptacle contents indefinitely. It does not. The Request is particularly disproportionate because this case concerns alleged trade-secret misappropriation, confidential-information misuse, coordinated departures, and related conduct beginning in or around November 2025, not the contents of branch trash, recycling, or shred bins for the preceding twenty years.

ONB further objects to the extent the Request implies that ONB should have preserved ordinary branch trash, recycling, or shred-bin contents. Had the Employee Defendants given proper advance notice of their departures, ONB would have been in a

better position to take appropriate steps at the relevant time to monitor, secure, and inspect materials reasonably related to their departure and their handling of ONB information. The Employee Defendants did not do so. ONB does not concede that it had any obligation to preserve ordinary trash, recycling, or shred-bin contents for the time period requested, much less for a twenty-year period.

Based on the foregoing objections, ONB will not produce documents in response to this Request.

**REQUEST NO. 13:** All documents and communications relating to customer requests for documents to be printed, emailed, mailed, or otherwise submitted on behalf of or provided to the customer by or from ONB's Brainerd and Baxter branches from November 1, 2025 through December 8, 2025.

**RESPONSE:** ONB objects to this Request because it seeks documents and communications that are not relevant to any party's claims or defenses and is not proportional to the needs of the case. This case does not turn on whether, in the ordinary course, ONB customers sometimes requested that ONB employees print, email, mail, submit, or provide documents. Nor does this case require discovery into every customer document request made to or from the Brainerd and Baxter branches during more than a month of ordinary banking activity.

ONB presumes that this Request is intended to support Defendants' assertion that the Employee Defendants were merely continuing their normal work activities after secretly accepting employment with Bell Bank and continuing to work at ONB. But this Request is not tailored to that issue. It seeks all customer document requests from the

Brainerd and Baxter branches, regardless of customer, employee, document type, system, transaction, print event, access event, or relationship to any alleged misconduct. And even if this Request were tailored to that issue, whether a customer requested a document in the ordinary course does not establish that any Employee Defendant was authorized to access, print, copy, retain, transfer, use, or disclose ONB confidential information or trade secrets after accepting employment with Bell Bank, concealing that employment from ONB, and preparing to depart ONB to compete against ONB through Bell Bank.

ONB further objects because the Request is overbroad, unduly burdensome, and disproportionate. It would require ONB to search for and produce potentially voluminous customer communications and documents across branches, employees, systems, repositories, email accounts, and customer files concerning routine banking activity that has no meaningful connection to the claims or defenses in this action. The burden and expense of that search would substantially outweigh any likely benefit.

Based on the foregoing objections, ONB will not produce documents in response to this Request.

**REQUEST NO. 14:** All communications between ONB and customers regarding the contract(s) with which you contend the Employee Defendants interfered.

**RESPONSE:** ONB objects to this Request because it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. The Request seeks "all communications" between ONB and customers "regarding" contracts with which ONB contends the Employee Defendants interfered, but it does not identify any

specific customer, contract, communication, time period, subject matter, custodian, breach, alleged interference, or alleged act by any Employee Defendant.

ONB further objects because, as drafted, the Request is not limited to communications concerning alleged interference. In the banking context, customer relationships are often governed by deposit agreements, loan agreements, treasury-management agreements, account documents, credit documents, amendments, renewals, extensions, payoff communications, servicing communications, and other contract-related materials. In that sense, many ordinary customer communications could be characterized as "regarding" a customer contract, even if they have nothing to do with the alleged interference at issue in this case. A request for all customer communications "regarding" such contracts would sweep in routine account servicing, loan administration, treasury-management support, payment processing, renewal discussions, customer-service issues, and other ordinary-course communications unrelated to whether any Employee Defendant procured a breach, induced a transfer of business, interfered with ONB's customer relationships, or used ONB confidential information.

ONB further objects because the Request is not reasonably particular under Fed. R. Civ. P. 34(b)(1)(A). It does not give ONB reasonable notice of what is called for and what is not. If Defendants seek communications concerning alleged interference with a particular customer contract, they should identify the customer, contract, alleged interference, alleged breach, relevant time period, and subject matter with reasonable particularity.

ONB further objects to the extent the Request seeks non-public customer information, account information, loan information, treasury-management information, credit information, private financial information, confidential commercial information, trade secrets, or other sensitive banking information concerning customers and contracts beyond the issues actually in dispute.

Based on the foregoing objections, ONB will not produce documents in response to this Request as drafted.

**REQUEST NO. 15:** All communications between ONB and customers or prospective customers regarding business expectancies with which you contend the Employee Defendants interfered.

**RESPONSE:** ONB objects to this Request because it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. The Request seeks "all communications" between ONB and customers or prospective customers "regarding business expectancies" with which ONB contends the Employee Defendants interfered, but it does not identify any specific customer, prospective customer, business expectancy, opportunity, communication, time period, subject matter, custodian, alleged interference, or alleged act by any Employee Defendant.

ONB further objects because, as drafted, the Request is not limited to communications concerning alleged interference. The business expectancies alleged by ONB include ONB's expectancy in its ongoing business relationships with its customers. In that sense, virtually any ordinary communication between ONB and a customer or prospective customer could be characterized as "regarding" an ongoing customer

relationship or business expectancy, even if the communication has nothing to do with the alleged interference at issue in this case. A request for all communications "regarding" those expectancies would sweep in routine account servicing, loan administration, treasury-management support, deposit communications, payment processing, renewal discussions, customer-service issues, prospecting communications, and other ordinary-course communications unrelated to whether any Employee Defendant interfered with ONB's customer relationships, solicited a customer, induced movement of business to Bell Bank, or used ONB confidential information.

ONB further objects because the Request is not reasonably particular under Fed. R. Civ. P. 34(b)(1)(A). It does not give ONB reasonable notice of what is called for and what is not. If Defendants seek communications concerning alleged interference with a particular customer relationship, prospective customer relationship, or business opportunity, they should identify the customer or prospective customer, the alleged expectancy or opportunity, the alleged interference, the relevant time period, and the subject matter with reasonable particularity.

ONB further objects to the extent the Request seeks non-public customer information, prospective-customer information, account information, loan information, treasury-management information, credit information, private financial information, confidential commercial information, trade secrets, or other sensitive banking information concerning customers, prospective customers, and relationships beyond the issues actually in dispute.

Based on the foregoing objections, ONB will not produce documents in response to this Request as drafted.

**REQUEST NO. 16:** Documents evidencing the work schedules of all ONB employees (not limited to the Employee Defendants) at the Brainerd and Baxter branches during the Relevant Time Period, including dates and times of work, dates of planned or unplanned absences, dates on which each employee physically worked from the branches, and dates on which each employee worked at another location.

**RESPONSE:** ONB objects to this Request because it is overbroad, unduly burdensome, invasive of non-party employee privacy, and not proportional to the needs of the case. The Request seeks detailed schedule, attendance, absence, and work-location information for all ONB employees at the Brainerd and Baxter branches from April 15, 2025 to December 8, 2025, including employees who are not parties to this action and whose schedules have no bearing on the claims or defenses in this case. The schedules of employees other than the Employee Defendants are not relevant to this lawsuit. This case concerns the Employee Defendants' coordinated departure from ONB, their transition to Bell Bank, their alleged access to, retention, transfer, use, or disclosure of ONB confidential information and trade secrets, their alleged communications with ONB customers and employees, and their alleged interference with ONB customer relationships. The day-to-day schedules, absences, and work locations of other ONB employees do not make any of those facts more or less likely.

ONB further objects to the Relevant Time Period (April 15, 2025 to December 8, 2025) as overbroad and not proportional to the needs of the case. The relevant time period

for the Employee Defendants' schedules and records of time off is early November 2025 through December 8, 2025.

Subject to and without waiving these objections, ONB will produce non-privileged work schedules and records of PTO time for the Employee Defendants from November 1, 2025 through December 8, 2025. ONB will not produce schedules, attendance records, absence records, or work-location records for employees other than the Employee Defendants, and ONB will not produce Employee Defendant schedule or time-off records outside the November 1, 2025 through December 8, 2025 period.

No search terms or custodians are needed for ONB to find and produce the responsive documents it has agreed to produce.

**REQUEST NO. 17:** All documents and communications relating to any Employee Defendants' contact with any ONB customer(s) for any reason on or after December 8, 2025.

**RESPONSE:** ONB objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. This case concerns, among other things, alleged post-departure customer contacts, customer solicitation, customer movement, and use of ONB information. A request for all documents "relating to" any Employee Defendant's contact with any ONB customer would therefore sweep in broad categories of internal communications about this lawsuit generally, ONB's investigation, litigation strategy, discovery, pleadings, witness issues, and counsel-directed analysis, regardless of whether the communication itself concerns a specific customer contact relevant to any claim or defense. ONB further objects because the Request necessarily

seeks attorney-client communications, attorney work product, counsel's mental impressions, legal theories, counsel-directed investigation materials, internal legal analyses, and documents selected, organized, summarized, or considered by counsel in investigating alleged customer contacts or preparing this action. ONB will not produce privileged communications, work product, or documents that would reveal counsel's investigation, legal analysis, issue selection, or litigation strategy.

Subject to and without waiving these objections, ONB is willing to conduct a reasonable search for responsive, non-privileged documents using agreed custodians and search terms for the period December 8, 2025 through the present. ONB proposes the following search protocol:

- Custodians for purposes of this Request, subject to meet-and-confer and refinement based on burden and hit counts: Brent Iserman, Anthony Loosbrock, Sheila Dowling, Scott Dykhoff, Penny Stender, Tim Kocher.
- Search terms for purposes of this Request, to be run on the subject lines and bodies of emails of the proposed custodians, subject to meet-and-confer and refinement based on burden and hit counts: ((adams w/5 sarah) or bernu or campbell or ellingson or rachal or (michael w/5 mcconkey) or (mike w/5 mcconkey) or vold or yantes) and (customer! or client! or resign! or quit! or retir! or depart! or "left ONB" or "left old national" or bell).

ONB will review documents captured by the agreed searches for responsiveness, privilege, work product, and confidentiality, and will produce responsive, non-privileged documents

in accordance with the Federal Rules of Civil Procedure and the protective order. ONB will not produce any documents not responsive to these searches in response to this Request.

**REQUEST NO. 18:** Documents sufficient to identify ONB's commercial loan business customers in the Brainerd-Baxter market during the Relevant Time Period and the percent of business attributed by ONB to each such customer.

**RESPONSE:** ONB objects to this Request because it is vastly overbroad, unduly burdensome, not proportional to the needs of the case, and seeks some of ONB's most competitively sensitive business information. As drafted, the Request seeks documents sufficient to identify all of ONB's commercial loan business customers in the Brainerd-Baxter market during the entire Relevant Time Period, together with the percent of business attributed to each such customer. That information would disclose ONB's customer base, customer relationship value, customer concentration, revenue allocation, and business-priority information to Defendants, including Bell Bank, a direct competitor. The Request is not limited to customers who allegedly moved business to Bell Bank, customers allegedly solicited by the Employee Defendants, customers identified in ONB's pleadings or disclosures, or customers relevant to damages.

Almost all of the information requested is irrelevant. This case does not place at issue every ONB commercial loan customer in the Brainerd-Baxter market. The revenue attributable to a particular customer is relevant only to the extent the customer left ONB and became a customer of Bell Bank as a result of the conduct alleged in this action. A blanket request for customer-identifying and customer-value information for all

commercial loan customers in the market is not a proportional method of obtaining discovery concerning those specific customers.

ONB further objects because the phrase "percent of business attributed by ONB to each such customer" is vague and ambiguous. The Request does not identify the relevant business line, denominator, metric, time period, accounting method, revenue measure, loan-balance measure, profitability measure, deposit measure, or other basis for calculating the requested percentage.

Subject to and without waiving these objections, ONB will produce documents sufficient to establish the revenue associated with any ONB customer that left ONB and became a customer of Bell Bank, to the extent such customers are known to ONB or later identified through discovery and to the extent such documents are within ONB's possession, custody, or control and can be located after a reasonable search. ONB will not produce documents beyond that scope in response to this Request.

No search terms or custodians are needed for ONB to find and produce the responsive documents it has agreed to produce.

**REQUEST NO. 19:** Activity logs evidencing the Employee Defendants' access to the ONB repositories identified in paragraph 71 of the First Amended Complaint during the Relevant Time Period.

**RESPONSE:** ONB objects to the Relevant Time Period for this Request as overbroad and not proportional to the needs of the case. There is no need to produce activity logs dating back to April 2025. ONB alleges improper access from mid-November 2025 through the Employee Defendants' departures on December 8, 2025, and ONB has already

produced the requested documents for that date range. ONB will not produce any additional documents in response to this Request. Access logs before mid-November 2025 are not relevant to any party's claims or defenses and would impose a burden disproportionate to the needs of the case.

**REQUEST NO. 20:** Printing logs evidencing all documents printed by the Employee Defendants during the Relevant Time Period.

**RESPONSE:** ONB objects to the Relevant Time Period for this Request as overbroad and not proportional to the needs of the case. There is no need to produce print logs dating back to April 2025. ONB alleges improper printing from mid-November 2025 through the Employee Defendants' departures on December 8, 2025, and ONB has already produced the requested documents for that date range. ONB will not produce any additional documents in response to this Request. Print logs before mid-November 2025 are not relevant to any party's claims or defenses and would impose a burden disproportionate to the needs of the case.

**REQUEST NO. 21:** All documents and communications relating to preferred customer criteria or identification of industries from which ONB preferred not to pursue customers (whether known as a "discouraged industry list" or otherwise).

**RESPONSE:** ONB objects to this Request because it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. This case concerns the Employee Defendants' coordinated departure from ONB, their transition to Bell Bank, their alleged access to, retention, transfer, use, or disclosure of

ONB confidential information and trade secrets, their alleged communications with ONB customers and employees, and their alleged interference with ONB customer relationships. ONB's general preferred-customer criteria, risk appetite, credit preferences, underwriting considerations, industry preferences, or internal business-development criteria do not bear on whether the Employee Defendants misappropriated ONB information, solicited ONB customers or employees, interfered with ONB contracts or business expectancies, caused damages, or otherwise engaged in the conduct alleged in this action.

ONB further objects because the Request is vastly overbroad. It is not limited to any specific customer, prospective customer, customer relationship, contract, business expectancy, Employee Defendant, alleged solicitation, alleged interference, alleged transfer of business, branch, market, custodian, communication, or document. Nor is it limited to the Brainerd/Baxter market. ONB is a large financial institution operating outside Brainerd and Baxter, and the Request would sweep in enterprise-wide, region-wide, line-of-business-wide, credit, risk, underwriting, profitability, customer-selection, and business-development materials unrelated to the facts at issue in this case.

ONB further objects because the Request seeks highly sensitive and competitively valuable business information from ONB, including non-public customer-selection criteria, credit criteria, risk appetite, underwriting considerations, preferred and disfavored industry information, market strategy, profitability considerations, and internal business-development strategy. Disclosure of that information to Defendants, including Bell Bank, a direct competitor, would impose a competitive harm disproportionate to any conceivable relevance.

ONB further objects because the phrase "relating to preferred customer criteria or identification of industries from which ONB preferred not to pursue customers" is not reasonably particular under Fed. R. Civ. P. 34(b)(1)(A). The Request does not give ONB reasonable notice of what is called for and what is not. It could include formal policies, informal business judgments, credit-risk guidance, industry analyses, underwriting criteria, pricing considerations, profitability reviews, banker communications, strategic planning materials, customer-specific discussions, management presentations, or routine communications that merely touch on customer desirability or industry risk.

To the extent Defendants contend that ONB's criteria for pursuing or not pursuing a particular customer is relevant to a specific contract, customer relationship, business expectancy, or damages issue, Defendants should serve a targeted request identifying the specific customer, relationship, expectancy, alleged interference, relevant market, and time period. This Request is not so limited.

Based on the foregoing objections, ONB will not produce documents in response to this Request.

**REQUEST NO. 22:** All communications sent to any departing or former employees other than the Employee Defendants during the Relevant Time Period.

**RESPONSE:** ONB objects to this Request because it is not proportional to the needs of the case and it seeks documents that are not relevant to any party's claims or defenses. Communications with departing or former employees other than the Employee Defendants have no bearing on whether the Employee Defendants misappropriated ONB

confidential information or trade secrets, solicited ONB customers or employees, interfered with ONB contracts or business expectancies, coordinated their departures to Bell Bank, caused damages, or otherwise engaged in the conduct alleged in this action.

ONB further objects because the Request is facially overbroad and unduly burdensome. It is not limited by topic, subject matter, location, branch, market, sender, recipient, type of departure, reason for departure, or connection to the claims or defenses in this case. Instead, it seeks "all communications" sent to "any departing or former employees" other than the Employee Defendants during the Relevant Time Period. As drafted, the Request would encompass ordinary HR communications, payroll communications, benefits communications, COBRA communications, retirement communications, resignation communications, administrative notices, exit-related communications, tax communications, compliance communications, personnel communications, and routine business communications sent to former or departing employees who have nothing to do with this lawsuit.

ONB further objects because ONB is a large financial institution with operations outside the Brainerd/Baxter market and has hundreds, if not thousands, of former employees. The Request does not identify the employees whose communications are sought or any subject matter that would make a communication responsive. To comply as drafted, ONB would have to identify every employee who departed ONB or was already a former employee during the Relevant Time Period, determine every communication sent to any such person by any ONB employee or system, and search across numerous custodians, business units, HR systems, payroll systems, benefits systems, email systems,

messaging systems, and third-party administrative platforms. That burden is disproportionate to any conceivable relevance.

ONB further objects to the extent the Request seeks private employee information, personnel information, payroll information, benefits information, tax information, medical or leave information, personal identifying information, privileged communications, attorney work product, or other protected materials concerning non-party employees.

Based on the foregoing objections, ONB will not produce documents in response to this Request.

Dated: June 26, 2026

Respectfully submitted,

**OLD NATIONAL BANK, Plaintiff**

By: *_/s/ Christopher S. Griesmeyer_*
One of Its Attorneys

Mack H. Reed (MN No. 398703)
Bethany R. Jewison (MN No. 505680)
LEWIS BRISBOIS BISGAARD & SMITH, LLP
90 South 7th Street, Suite 2800
Minneapolis, Minnesota 55402
Phone: (612) 428-5000
mack.reed@lewisbrisbois.com
bethany.jewison@lewisbrisbois.com

and

Christopher S. Griesmeyer (IL No. 6269851, *pro hac vice*)
Zachary Mulcrone (IL No. 6300387, *pro hac vice*)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
Phone: (312) 428-2750
cgriesmeyer@grglegal.com
zmulcrone@grglegal.com

## CERTIFICATE OF SERVICE

I hereby certify that, on June 26, 2026, I caused the foregoing **PLAINTIFF'S RESPONSES AND OBJECTIONS TO EMPLOYEE DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION** to be served upon the Defendants and all counsel of record via electronic mail at the following address(es):

Counsel for Employee Defendants:

Heidi Bassett
hbassett@spencerfane.com
Ariel Lierz
alierz@spencerfane.com
Melissa Solberg
msolberg@spencerfane.com
Randi Winter
rwinter@spencerfane.com
SPENCER FANE LLP
100 South Fifth Street
Suite 2500
Minneapolis, MN 55402

Counsel for Defendant Bell Bank:

Jonathan Norrie
jnorrie@banclaw.com
Samantha Buckman
sbuckman@banclaw.com
Patricia Jones
pjones@banclaw.com
BRADFORD ANDRESEN NORRIE & CAMAROTTO
3600 American Blvd. West
Suite 670
Bloomington, MN 55431

*/s/ Christopher S. Griesmeyer*
Christopher S. Griesmeyer (# 6269851)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2750
cgriesmeyer@grglegal.com