# EXHIBIT L

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| OLD NATIONAL BANK,<br><br>Plaintiff,<br>v.<br><br>SARAH ADAMS, KASEY BERNU, YVETTE CAMPBELL, KIMBERLY ELLINGSON, RACHAL JOHNSON, MICHAEL MCCONKEY, SHARON VOLD, DANIEL YANTES, and BELL BANK,<br><br>Defendants. | Case No. 0:25-cv-04636 (PJS/LIB) |

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO THE**
**EMPLOYEE DEFENDANTS' SECOND SET OF INTERROGATORIES**

Plaintiff Old National Bank ("ONB"), by and through its undersigned counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, answers and objects to Employee Defendants' Second Set of Interrogatories as follows:

**PREFATORY STATEMENT**

1. The following answers are made solely for the purposes of this action. Each answer is subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, admissibility, privilege, and work product) that would require the exclusion of any statement contained herein if the Interrogatory were asked of, or if any statement contained herein were made by, a witness present and testifying in a court proceeding. All such objections are reserved and may be interposed at the time of any evidentiary hearing or trial.

2. By answering these Interrogatories, ONB does not admit the Employee Defendants' characterization of any documents, facts, theories, or conclusions.

3. ONB makes no representation that the information provided in response to these Interrogatories is complete at this time. ONB's investigation and discovery continue, and the answers below are based on the facts and information reasonably available to ONB at this stage of the proceedings. ONB expressly reserves the right to supplement its answers in accordance with the Federal Rules of Civil Procedure and any applicable case management or scheduling order in this action.

4. If the Court rules that any of ONB's objections are unfounded and orders ONB to answer an Interrogatory to which it has objected, ONB reserves the right to assert further objections based on any clarified understanding of what is sought, as well as on privilege, work-product, confidentiality, or privacy grounds.

5. To the extent ONB answers an Interrogatory by reference to documents, those documents will be produced in the ordinary course of business or organized to correspond to the requests, subject to any applicable confidentiality designation, protective order, or privilege assertion.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 2**: Identify all persons who provided information, were consulted, or participated in the preparation of ONB's answers to Interrogatories and specify the answer(s) for which each person was consulted, furnished information, or participated in answering.

**ANSWER:** ONB objects to this Interrogatory to the extent it seeks disclosure of attorney-client communications, attorney work product, counsel's mental impressions, counsel's selection and organization of information, counsel's investigative judgments, or the identity of persons consulted by counsel in a manner that would reveal counsel's legal strategy or mental impressions. Subject to and without waiving these objections, ONB states that its interrogatory answers were prepared by ONB through counsel, based on information reasonably available to ONB, including information obtained from ONB personnel with knowledge of the relevant facts, ONB's business records, documents produced or collected in this action, Defendants' pleadings, declarations, and discovery responses, Bell Bank's discovery responses, and ONB's continuing investigation. Non-privileged ONB personnel who may have supplied factual information relevant to one or more responses include Anthony Loosbrook and Brent Iserman. ONB does not identify counsel, counsel's communications, counsel's work product, or counsel's issue-by-issue consultation decisions.

**INTERROGATORY NO. 3**: Identify and describe all confidential information and trade secrets that you contend the Employee Defendants retained, took, or transferred when they departed ONB. For each such piece of information, identify whether you consider the information confidential or a trade secret, identify the Employee Defendant who retained, took, or transferred the information, and describe the means by which the Employee Defendant acquired the information. Identify all documents that relate to your answer.

**ANSWER:** ONB objects to this Interrogatory as a premature contention interrogatory under Fed. R. Civ. P. 33(a)(2). The Interrogatory seeks ONB's complete

contentions, the full factual and evidentiary basis for those contentions, and an exhaustive identification of every item of confidential information or trade-secret information that any Employee Defendant allegedly retained, took, or transferred before relevant discovery has been substantially completed. At this stage, a complete answer would require ONB to speculate about facts that are uniquely or primarily within the possession, custody, or control of the Employee Defendants and Bell Bank. Those facts include, without limitation, the contents of the Employee Defendants' personal devices, personal email accounts, text messages, call logs, cloud-storage accounts, messaging applications, social-media messages, Bell Bank devices, Bell Bank emails, Bell Bank call reports, customer communications, and evidence concerning any retention, transfer, disclosure, use, deletion, or destruction of ONB information.

ONB further objects to the extent the Interrogatory assumes ONB can presently identify every specific customer name, customer contact, customer phone number, customer email address, customer file, customer document, customer communication, or customer-specific data point that was retained, taken, or transferred. ONB does not have possession, custody, or control over Defendants' personal devices, personal accounts, Bell Bank systems, Bell Bank communications, or post-departure customer communications. Discovery from the Employee Defendants and Bell Bank is necessary before ONB can provide a complete response.

ONB further objects to this Interrogatory to the extent it requires ONB to marshal its evidence and provide a final narrative account of its case before completion of document discovery, third-party discovery, forensic discovery, depositions, and, where applicable,

expert discovery. Requiring a complete response now would risk fixing ONB's contentions without adequate information, invite inefficient supplementation, and unfairly allow Defendants to use their own control over material information as a basis to demand premature final contentions from ONB.

ONB also objects to this Interrogatory to the extent it asks ONB to "identify all documents" or otherwise identify documents that "relate to" ONB's answer. The phrase "relate to" is vague, ambiguous, overbroad, and not proportional to the needs of the case because it does not define what degree of connection, reference, subject-matter overlap, or other nexus would cause a document to "relate" to ONB's response. Even if a document could be said in some general sense to relate to a response, that does not mean the document is relevant to any claim or defense or otherwise discoverable under the Federal Rules of Civil Procedure. ONB further objects to the extent the Interrogatory seeks an exhaustive document-by-document catalog of all materials that may support, refer to, concern, contradict, or bear upon ONB's response, because such a requirement would be unduly burdensome, duplicative of document discovery, and disproportionate to the needs of the case.

ONB also objects to the extent the document-identification portion of the Interrogatory seeks identification of documents reviewed, selected, organized, summarized, or considered by counsel in investigating the claims, preparing discovery responses, or developing ONB's litigation positions, because such a request seeks attorney-client communications, attorney work product, counsel's mental impressions, counsel's selection and organization of documents, and counsel's investigative judgments.

ONB will supplement this response in accordance with the Federal Rules of Civil Procedure after substantial completion of relevant discovery, including discovery from the Employee Defendants, Bell Bank, customers, third parties, forensic materials, and deposition testimony.

**INTERROGATORY NO. 4:** Identify and describe all confidential information and trade secrets that you contend the Employee Defendants used or disclosed after departing ONB. For each such piece of information, identify whether you consider the information confidential or a trade secret, identify the Employee Defendant who used or disclosed the information, identify when and to whom the information was used or disclosed, and describe how such information was used or disclosed. Identify all documents that relate to your answer.

**ANSWER:** ONB objects to this Interrogatory as a premature contention interrogatory under Fed. R. Civ. P. 33(a)(2). The Interrogatory seeks ONB's complete contentions, the full factual and evidentiary basis for those contentions, and an exhaustive identification of every item of confidential information or trade-secret information that any Employee Defendant allegedly used or disclosed after departing ONB before relevant discovery has been substantially completed. At this stage, a complete answer would require ONB to speculate about facts that are uniquely or primarily within the possession, custody, or control of the Employee Defendants and Bell Bank. Those facts include, without limitation, the contents of the Employee Defendants' personal devices, personal email accounts, text messages, call logs, cloud-storage accounts, messaging applications, social-media messages, Bell Bank devices, Bell Bank emails, Bell Bank call reports, Bell Bank CRM records, customer communications, and evidence concerning any use or disclosure of ONB information.

ONB further objects to the extent the Interrogatory assumes ONB can presently identify every specific customer name, customer contact, customer phone number, customer email address, customer file, customer document, customer communication, customer-specific data point, or other ONB confidential or trade-secret information that was used or disclosed after the Employee Defendants departed ONB. ONB further objects to the extent the Interrogatory assumes ONB can presently identify when each item of information was allegedly used or disclosed, to whom it was used or disclosed, or how it was used or disclosed. ONB does not have possession, custody, or control over Defendants' personal devices, personal accounts, Bell Bank systems, Bell Bank communications, Bell Bank CRM records, Bell Bank call reports, or post-departure customer communications. Discovery from the Employee Defendants and Bell Bank is necessary before ONB can provide a complete response.

ONB further objects to this Interrogatory to the extent it requires ONB to marshal its evidence and provide a final narrative account of its case before completion of document discovery, third-party discovery, forensic discovery, and depositions. Requiring a complete response now would risk fixing ONB's contentions without adequate information, invite inefficient supplementation, and unfairly allow Defendants to use their own control over material information as a basis to demand premature final contentions from ONB.

ONB also objects to this Interrogatory to the extent it asks ONB to "identify all documents" or otherwise identify documents that "relate to" ONB's answer. The phrase "relate to" is vague, ambiguous, overbroad, and not proportional to the needs of the case because it does not define what degree of connection, reference, subject-matter overlap, or

other nexus would cause a document to "relate" to ONB's response. Even if a document could be said in some general sense to relate to a response, that does not mean the document is relevant to any claim or defense or otherwise discoverable under the Federal Rules of Civil Procedure. ONB further objects to the extent the Interrogatory seeks an exhaustive document-by-document catalog of all materials that may support, refer to, concern, contradict, or bear upon ONB's response, because such a requirement would be unduly burdensome, duplicative of document discovery, and disproportionate to the needs of the case. ONB also objects to the extent the document-identification portion of the Interrogatory seeks identification of documents reviewed, selected, organized, summarized, or considered by counsel in investigating the claims, preparing discovery responses, or developing ONB's litigation positions, because such a request seeks attorney-client communications, attorney work product, counsel's mental impressions, counsel's selection and organization of documents, and counsel's investigative judgments.

ONB will supplement this response in accordance with the Federal Rules of Civil Procedure after substantial completion of relevant discovery, including discovery from the Employee Defendants, Bell Bank, customers, third parties, forensic materials, and deposition testimony.

**INTERROGATORY NO. 5**: Identify each and every ONB customer that you contend the Employee Defendants solicited to move their business to Bell Bank. For each such customer, identify the Employee Defendant who solicited the customer, the date(s) of solicitation, and the confidential or trade secret information used by the Employee Defendant to solicit the customer. Identify all documents that relate to your answer.

**ANSWER:** ONB objects to this Interrogatory as a premature contention interrogatory under Fed. R. Civ. P. 33(a)(2). The Interrogatory seeks ONB's complete contentions, the full factual and evidentiary basis for those contentions, and an exhaustive identification of every ONB customer that any Employee Defendant allegedly solicited to move business to Bell Bank before relevant discovery has been substantially completed. At this stage, a complete answer would require ONB to speculate about facts that are uniquely or primarily within the possession, custody, or control of the Employee Defendants and Bell Bank. Those facts include, without limitation, the contents of the Employee Defendants' personal devices, personal email accounts, text messages, call logs, cloud-storage accounts, messaging applications, social-media messages, Bell Bank devices, Bell Bank emails, Bell Bank call reports, customer communications, and evidence concerning any customer solicitation, customer contact, customer transfer, customer onboarding, use of ONB information, or movement of ONB customer business to Bell Bank.

ONB further objects to the extent the Interrogatory assumes ONB can presently identify every ONB customer solicited by any Employee Defendant, every Employee Defendant involved in each alleged solicitation, every date of solicitation, or every item of confidential or trade-secret information used in connection with each alleged solicitation. ONB does not have possession, custody, or control over Defendants' personal devices, personal accounts, Bell Bank systems, Bell Bank communications, or post-departure customer communications. Discovery from the Employee Defendants and Bell Bank is necessary before ONB can provide a complete response.

ONB further objects to this Interrogatory to the extent it requires ONB to marshal its evidence and provide a final narrative account of its customer-solicitation case before completion of document discovery, third-party discovery, forensic discovery, depositions, and, where applicable, expert discovery. Requiring a complete response now would risk fixing ONB's contentions without adequate information, invite inefficient supplementation, and unfairly allow Defendants to use their own control over material information as a basis to demand premature final contentions from ONB.

ONB also objects to this Interrogatory to the extent it asks ONB to "identify all documents" or otherwise identify documents that "relate to" ONB's answer. The phrase "relate to" is vague, ambiguous, overbroad, and not proportional to the needs of the case because it does not define what degree of connection, reference, subject-matter overlap, or other nexus would cause a document to "relate" to ONB's response. Even if a document could be said in some general sense to relate to a response, that does not mean the document is relevant to any claim or defense or otherwise discoverable under the Federal Rules of Civil Procedure. ONB further objects to the extent the Interrogatory seeks an exhaustive document-by-document catalog of all materials that may support, refer to, concern, contradict, or bear upon ONB's response, because such a requirement would be unduly burdensome, duplicative of document discovery, and disproportionate to the needs of the case.

ONB also objects to the extent the document-identification portion of the Interrogatory seeks identification of documents reviewed, selected, organized, summarized, or considered by counsel in investigating the claims, preparing discovery

responses, or developing ONB's litigation positions, because such a request seeks attorney-client communications, attorney work product, counsel's mental impressions, counsel's selection and organization of documents, and counsel's investigative judgments.

ONB will supplement this response in accordance with the Federal Rules of Civil Procedure after substantial completion of relevant discovery, including discovery from the Employee Defendants, Bell Bank, customers, third parties, forensic materials, and deposition testimony.

**INTERROGATORY NO. 6**: Identify and describe each and every customer contract with which you allege the Employee Defendants interfered. For each such contract, identify the date on which the contract was breached, identify the Employee Defendant whom you contend interfered with the contract, describe the way(s) in which the contract was breached, and describe the facts that form the basis of your belief that the Employee Defendants procured the breach. Identify all documents that relate to your answer.

**ANSWER:** ONB objects to this Interrogatory as a premature contention interrogatory under Fed. R. Civ. P. 33(a)(2). The Interrogatory seeks ONB's complete contentions, the full factual and evidentiary basis for those contentions, and an exhaustive identification and description of every customer contract with which any Employee Defendant allegedly interfered before relevant discovery has been substantially completed. At this stage, a complete answer would require ONB to speculate about facts that are uniquely or primarily within the possession, custody, or control of the Employee Defendants and Bell Bank. Those facts include, without limitation, the contents of the Employee Defendants' personal devices, personal email accounts, text messages, call logs, cloud-storage accounts, messaging applications, social-media messages, Bell Bank

devices, Bell Bank emails, Bell Bank call reports, customer communications, and evidence concerning any customer contact, customer movement, contract breach, termination, transfer, replacement, payoff, refinance, or transition of customer business from ONB to Bell Bank.

ONB further objects to the extent the Interrogatory assumes ONB can presently identify every customer contract with which any Employee Defendant interfered, every date on which any such contract was allegedly breached, every Employee Defendant involved in each alleged interference, every way in which each contract was breached, or every fact forming the basis for ONB's belief that the Employee Defendants procured any breach. ONB does not have possession, custody, or control over Defendants' personal devices, personal accounts, Bell Bank systems, Bell Bank communications, or post-departure customer communications. Discovery from the Employee Defendants and Bell Bank is necessary before ONB can provide a complete response.

ONB further objects to this Interrogatory to the extent it requires ONB to marshal its evidence and provide a final narrative account of its contract-interference case before completion of document discovery, third-party discovery, forensic discovery, depositions, and, where applicable, expert discovery. Requiring a complete response now would risk fixing ONB's contentions without adequate information, invite inefficient supplementation, and unfairly allow Defendants to use their own control over material information as a basis to demand premature final contentions from ONB.

ONB also objects to this Interrogatory to the extent it asks ONB to "identify all documents" or otherwise identify documents that "relate to" ONB's answer. The phrase

"relate to" is vague, ambiguous, overbroad, and not proportional to the needs of the case because it does not define what degree of connection, reference, subject-matter overlap, or other nexus would cause a document to "relate" to ONB's response. Even if a document could be said in some general sense to relate to a response, that does not mean the document is relevant to any claim or defense or otherwise discoverable under the Federal Rules of Civil Procedure. ONB further objects to the extent the Interrogatory seeks an exhaustive document-by-document catalog of all materials that may support, refer to, concern, contradict, or bear upon ONB's response, because such a requirement would be unduly burdensome, duplicative of document discovery, and disproportionate to the needs of the case.

ONB also objects to the extent the document-identification portion of the Interrogatory seeks identification of documents reviewed, selected, organized, summarized, or considered by counsel in investigating the claims, preparing discovery responses, or developing ONB's litigation positions, because such a request seeks attorney-client communications, attorney work product, counsel's mental impressions, counsel's selection and organization of documents, and counsel's investigative judgments.

ONB will supplement this response in accordance with the Federal Rules of Civil Procedure after substantial completion of relevant discovery, including discovery from the Employee Defendants, Bell Bank, customers, third parties, forensic materials, and deposition testimony.

**INTERROGATORY NO. 7**: Identify and describe each and every business expectancy or opportunity with which you allege the Employee Defendants interfered. For each, describe the factual basis for your expectation of economic advantage, identify the Employee Defendant whom you contend had knowledge of the business expectancy or opportunity, and describe the way(s) in which the Employee Defendant interfered with the expectancy or opportunity. Identify all documents that relate to your answer.

**ANSWER:** ONB objects to this Interrogatory as a premature contention interrogatory under Fed. R. Civ. P. 33(a)(2). The Interrogatory seeks ONB's complete contentions, the full factual and evidentiary basis for those contentions, and an exhaustive identification of every business expectancy or opportunity with which any Employee Defendant allegedly interfered before relevant discovery has been substantially completed. At this stage, a complete answer would require ONB to speculate about facts that are uniquely or primarily within the possession, custody, or control of the Employee Defendants and Bell Bank. Those facts include, without limitation, the contents of the Employee Defendants' personal devices, personal email accounts, text messages, call logs, cloud-storage accounts, messaging applications, social-media messages, Bell Bank devices, Bell Bank emails, Bell Bank call reports, customer communications, and evidence concerning any customer solicitation, customer contact, customer transfer, customer onboarding, use of ONB information, interference with ONB customer relationships, or movement of ONB customer business to Bell Bank.

ONB further objects to the extent the Interrogatory assumes ONB can presently identify every business expectancy or opportunity with which any Employee Defendant interfered, every factual basis for ONB's expectation of economic advantage, every Employee Defendant with knowledge of each expectancy or opportunity, or every way in

which each Employee Defendant interfered with each expectancy or opportunity. ONB does not have possession, custody, or control over Defendants' personal devices, personal accounts, Bell Bank systems, Bell Bank communications, or post-departure customer communications. Discovery from the Employee Defendants and Bell Bank is necessary before ONB can provide a complete response.

ONB further objects to this Interrogatory to the extent it requires ONB to marshal its evidence and provide a final narrative account of its business-expectancy and business-opportunity interference case before completion of document discovery, third-party discovery, forensic discovery, depositions, and, where applicable, expert discovery. Requiring a complete response now would risk fixing ONB's contentions without adequate information, invite inefficient supplementation, and unfairly allow Defendants to use their own control over material information as a basis to demand premature final contentions from ONB.

ONB also objects to this Interrogatory to the extent it asks ONB to "identify all documents" or otherwise identify documents that "relate to" ONB's answer. The phrase "relate to" is vague, ambiguous, overbroad, and not proportional to the needs of the case because it does not define what degree of connection, reference, subject-matter overlap, or other nexus would cause a document to "relate" to ONB's response. Even if a document could be said in some general sense to relate to a response, that does not mean the document is relevant to any claim or defense or otherwise discoverable under the Federal Rules of Civil Procedure. ONB further objects to the extent the Interrogatory seeks an exhaustive document-by-document catalog of all materials that may support, refer to, concern,

contradict, or bear upon ONB's response, because such a requirement would be unduly burdensome, duplicative of document discovery, and disproportionate to the needs of the case.

ONB also objects to the extent the document-identification portion of the Interrogatory seeks identification of documents reviewed, selected, organized, summarized, or considered by counsel in investigating the claims, preparing discovery responses, or developing ONB's litigation positions, because such a request seeks attorney-client communications, attorney work product, counsel's mental impressions, counsel's selection and organization of documents, and counsel's investigative judgments.

ONB will supplement this response in accordance with the Federal Rules of Civil Procedure after substantial completion of relevant discovery, including discovery from the Employee Defendants, Bell Bank, customers, third parties, forensic materials, and deposition testimony.

**INTERROGATORY NO. 8**: Identify and describe all customer characteristics, criteria, or guidelines ONB considered or used during the Relevant Time Period to determine which prospective customers or industries it would pursue, target, or solicit, and which prospective customers or industries it would discourage or would not pursue, target, or solicit. Identify all documents that relate to your answer.

**ANSWER:** ONB objects to this Interrogatory because it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. This action concerns, among other things, the Employee Defendants' coordinated departure from ONB, their transition to Bell Bank, their alleged access to and retention, transfer, use, or disclosure of ONB confidential information and trade secrets, their

communications with ONB customers and employees, and their interference with ONB customer relationships. The Interrogatory instead seeks broad information about ONB's customer-selection, prospecting, targeting, solicitation, business-development, underwriting, credit, risk, and industry-preference criteria, without tying that information to any customer, contract, business expectancy, Employee Defendant, alleged solicitation, alleged misappropriation, alleged interference, or alleged injury at issue in this case.

ONB further objects because the Interrogatory is not limited to the relevant geographic market, the Brainerd/Baxter branches, the Brainerd/Baxter customer relationships at issue, the customers identified in ONB's pleadings or disclosures, the Employee Defendants' former roles, or any customers allegedly contacted, solicited, transferred, or targeted by Defendants. ONB is a large, multi-market financial institution with operations, customers, credit criteria, risk considerations, industry considerations, and business-development practices outside the Brainerd/Baxter market. As drafted, the Interrogatory would require ONB to search for and describe enterprise-wide, region-wide, line-of-business-wide, and product-specific criteria or guidelines that have no apparent connection to the facts, claims, or defenses in this case.

ONB further objects because the phrases "all customer characteristics, criteria, or guidelines," "considered or used," "prospective customers or industries," "pursue, target, or solicit," and "discourage or would not pursue, target, or solicit" are vague, ambiguous, overbroad, and not proportional to the needs of the case. The Interrogatory does not define what level of formality, specificity, approval, use, or application would cause a characteristic, criterion, preference, business judgment, risk consideration, credit

consideration, policy, practice, guideline, or informal discussion to fall within the request. Nor does the Interrogatory distinguish between credit underwriting criteria, regulatory risk criteria, profitability considerations, sales goals, market strategies, banker discretion, customer-specific business judgment, industry risk appetite, or ordinary prospecting preferences.

ONB further objects because responding to this Interrogatory as drafted would impose undue burden and expense disproportionate to any likely benefit. A complete response would require ONB to investigate and synthesize broad categories of business-development, credit, underwriting, sales, risk, profitability, industry, and market information across multiple business lines, markets, personnel, repositories, and time periods, including information having no connection to the Employee Defendants, Bell Bank, the Brainerd/Baxter market, or the customer relationships at issue.

ONB also objects to this Interrogatory to the extent it asks ONB to "identify all documents" or otherwise identify documents that "relate to" ONB's answer. The phrase "relate to" is vague, ambiguous, overbroad, and not proportional to the needs of the case because it does not define what degree of connection, reference, subject-matter overlap, or other nexus would cause a document to "relate" to ONB's response. Even if a document could be said in some general sense to relate to a response, that does not mean the document is relevant to any claim or defense or otherwise discoverable under the Federal Rules of Civil Procedure. ONB further objects to the extent the Interrogatory seeks an exhaustive document-by-document catalog of all materials that may support, refer to, concern, contradict, or bear upon ONB's response, because such a requirement would be unduly

burdensome, duplicative of document discovery, and disproportionate to the needs of the case. ONB also objects to the extent the document-identification portion of the Interrogatory seeks identification of documents reviewed, selected, organized, summarized, or considered by counsel in investigating the claims, preparing discovery responses, or developing ONB's litigation positions, because such a request attorney-client communications, attorney work product, counsel's mental impressions, counsel's selection and organization of documents, and counsel's investigative judgments.

**INTERROGATORY NO. 9:** Identify all ONB employees scheduled to work or who actually worked at the Brainerd and Baxter locations on December 8, 2025. For each employee identified, describe their work schedules from November 1, 2025 through December 8, 2025. This should include, but is not limited to, whether they worked in the branch every day of the week, whether they had set clock-in and clock-out times, and their attendance record. Identify all documents that relate to your answer.

**ANSWER:** ONB objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks a narrative reconstruction of each identified employee's work schedule, attendance, physical location, and daily work activity for the entire period from November 1, 2025 through December 8, 2025. ONB further objects to the phrases "worked at," "worked in the branch every day," and "attendance record" as vague and ambiguous to the extent they purport to require ONB to determine, beyond what is reflected in ordinary business records, whether an employee was physically present in a particular branch on each day, worked remotely, worked from another ONB location, briefly visited a branch, or otherwise performed work associated with the Brainerd or Baxter locations.

ONB further objects to the portion of the Interrogatory that asks ONB to "Identify all documents that relate to your answer." That portion is overbroad, unduly burdensome, not proportional to the needs of the case, and not a proper interrogatory. It also improperly seeks to convert this Interrogatory into a request for production seeking "all documents" that may relate in any way to ONB's answer, without reasonable limitation by document type, custodian, source, or subject matter. ONB will identify or produce records sufficient to provide the requested schedule and attendance information, as stated below, but objects to any requirement that it identify every document that may "relate to" the subject matter of the answer.

Subject to and without waiving these objections, ONB identifies the following employees who were scheduled to work or who actually worked at the Brainerd and/or Baxter locations on December 8, 2025:

- Adams, Sarah
- Anderson, Joyce
- Barutt, Corrigan
- Bellos, Allison
- Bernu, Kasey
- Campbell, Yvette
- Ellingson, Kimberly
- Ferdelman, Samantha
- Herman, Derek

- Johnson, Gary
- Johnson, Rachal
- Keil, Christy
- Laursen, Lauren
- Loosbrock, Anthony
- McConkey, Michael
- McConkey, Peyton
- Perrine, Levi
- Perrine, Sampson
- Potter, Michelle
- Reynolds, Cheryl
- Robieson, Jessica
- Rubin, Cora
- Tepley Rabasco, Tonya
- Vold, Sharon
- Wheeler, Ashley
- Yantes, Daniel

Depending on the meaning of "scheduled to work," Katherine Bellos may also qualify, though she marked herself absent due to a doctor's visit.

For the portion of the interrogatory that asks ONB to describe the work schedules of each of those employees, ONB will answer this Interrogatory pursuant to Federal Rule

of Civil Procedure 33(d) by producing or identifying the applicable timecard records (for hourly employees) and PTO records (for salaried employees) for the period November 1, 2025 through December 8, 2025. Those records show the recorded time worked, clock-in/clock-out information, and related attendance information maintained by ONB in the ordinary course of business for those employees. The burden of deriving the detailed schedule and attendance information from those records is substantially the same for Defendants as it is for ONB.

**INTERROGATORY NO. 10**: Identify all communications between you and any other person, including but not limited to customers and current or former employees of ONB, relating to the Employee Defendants' departures from ONB. Identify all documents that relate to your answer.

**ANSWER:** ONB objects to this Interrogatory because it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. The phrase "all communications between you and any other person" is not reasonably limited by subject matter, participants, custodian, time period, location, medium, or relevance to any claim or defense. The phrase "relating to the Employee Defendants' departures from ONB" is also vague and overbroad because it could encompass communications that merely mention, refer to, or were prompted by the fact of the departures, even where those communications have no bearing on the claims or defenses in this action.

ONB further objects because not every communication about the Employee Defendants' departures is relevant. After the coordinated departures, ONB necessarily had communications concerning staffing, branch coverage, customer service continuity, HR

administration, payroll, benefits, offboarding, return of property, internal reporting, operational coverage, scheduling, recruiting, employee morale, customer inquiries, and other ordinary business issues. The mere fact that a communication occurred after, mentioned, or was prompted by the Employee Defendants' departures does not make the communication relevant to whether Defendants misappropriated ONB information, solicited ONB customers or employees, interfered with ONB contracts or business expectancies, caused damages, or otherwise engaged in the conduct alleged in this action.

ONB further objects to the extent the Interrogatory seeks every internal discussion, oral conversation, meeting comment, telephone call, hallway discussion, branch-level discussion, management update, customer-service discussion, HR discussion, or operational discussion concerning the Employee Defendants' departures. ONB does not maintain a log of every oral communication among ONB personnel, customers, former employees, or third parties concerning the departures, and requiring ONB to reconstruct every such oral communication would be unduly burdensome, disproportionate, and impossible to do with reasonable completeness or accuracy. The Federal Rules do not require ONB to create a communication log or narrative catalogue of every oral discussion that may have occurred concerning a significant business event.

ONB further objects to the extent the Interrogatory seeks communications involving ONB's attorneys, in-house counsel, outside counsel, or persons communicating with counsel for the purpose of seeking or providing legal advice. The Employee Defendants define "ONB," "you," and "your" to include ONB's attorneys, agents, and persons acting on ONB's behalf. To the extent the Interrogatory seeks communications involving counsel

or communications made at counsel's direction, ONB objects because the Interrogatory seeks attorney-client communications, attorney-client communications, attorney work product, counsel's mental impressions, legal theories, litigation strategy, investigative judgments, witness-interview materials, and counsel's selection and organization of facts or evidence. ONB will not identify privileged communications, work-product communications, or communications in a manner that reveals counsel's mental impressions, investigation, or litigation strategy.

ONB also objects to this Interrogatory to the extent it asks ONB to "identify all documents" or otherwise identify documents that "relate to" ONB's answer. The phrase "relate to" is vague, ambiguous, overbroad, and not proportional to the needs of the case because it does not define what degree of connection, reference, subject-matter overlap, or other nexus would cause a document to "relate" to ONB's response. Even if a document could be said in some general sense to relate to a response, that does not mean the document is relevant to any claim or defense or otherwise discoverable under the Federal Rules of Civil Procedure. ONB further objects to the extent the Interrogatory seeks an exhaustive document-by-document catalog of all materials that may support, refer to, concern, contradict, or bear upon ONB's response, because such a requirement would be unduly burdensome, duplicative of document discovery, and disproportionate to the needs of the case.

ONB also objects to the extent the document-identification portion of the Interrogatory seeks identification of documents reviewed, selected, organized, summarized, or considered by counsel in investigating the claims, preparing discovery

responses, or developing ONB's litigation positions, because such a request seeks attorney-client communications, attorney-client communications, attorney work product, counsel's mental impressions, counsel's selection and organization of documents, and counsel's investigative judgments.

**INTERROGATORY NO. 11**: Describe the actions you allege Bernu took to induce, encourage, or solicit any other Employee Defendants to leave their employment with ONB. Identify all documents that relate to your answer.

**ANSWER:** ONB objects to this Interrogatory as a premature contention interrogatory under Fed. R. Civ. P. 33(a)(2). The Interrogatory seeks ONB's complete contentions, the full factual and evidentiary basis for those contentions, and an exhaustive description of every action Bernu allegedly took to induce, encourage, or solicit any other Employee Defendant to leave employment with ONB before relevant discovery has been substantially completed. At this stage, a complete answer would require ONB to speculate about facts that are uniquely or primarily within the possession, custody, or control of Bernu, the other Employee Defendants, and Bell Bank. Those facts include, without limitation, the contents of the Employee Defendants' personal devices, personal email accounts, text messages, call logs, cloud-storage accounts, messaging applications, social-media messages, and evidence concerning any efforts to induce, encourage, solicit, coordinate, facilitate, or conceal the Employee Defendants' departures from ONB.

ONB further objects to the extent the Interrogatory assumes ONB can presently identify every communication, meeting, discussion, act, date, participant, recipient, or other circumstance concerning Bernu's alleged inducement, encouragement, or solicitation

of any other Employee Defendant to leave ONB. ONB does not have possession, custody, or control over Defendants' personal devices, personal accounts, Bell Bank systems, Bell Bank communications, or communications among Defendants that occurred outside ONB systems. Discovery from the Employee Defendants and Bell Bank is necessary before ONB can provide a complete response.

ONB further objects to this Interrogatory to the extent it requires ONB to marshal its evidence and provide a final narrative account of its employee-solicitation and coordinated-departure case before completion of document discovery, forensic discovery, depositions, and, where applicable, expert discovery. Requiring a complete response now would risk fixing ONB's contentions without adequate information, invite inefficient supplementation, and unfairly allow Defendants to use their own control over material information as a basis to demand premature final contentions from ONB.

ONB also objects to this Interrogatory to the extent it asks ONB to "identify all documents" or otherwise identify documents that "relate to" ONB's answer. The phrase "relate to" is vague, ambiguous, overbroad, and not proportional to the needs of the case because it does not define what degree of connection, reference, subject-matter overlap, or other nexus would cause a document to "relate" to ONB's response. Even if a document could be said in some general sense to relate to a response, that does not mean the document is relevant to any claim or defense or otherwise discoverable under the Federal Rules of Civil Procedure. ONB further objects to the extent the Interrogatory seeks an exhaustive document-by-document catalog of all materials that may support, refer to, concern, contradict, or bear upon ONB's response, because such a requirement would be unduly

burdensome, duplicative of document discovery, and disproportionate to the needs of the case.

ONB also objects to the extent the document-identification portion of the Interrogatory seeks identification of documents reviewed, selected, organized, summarized, or considered by counsel in investigating the claims, preparing discovery responses, or developing ONB's litigation positions, because such a request seeks attorney-client communications, attorney work product, counsel's mental impressions, counsel's selection and organization of documents, and counsel's investigative judgments.

ONB will supplement this response in accordance with the Federal Rules of Civil Procedure after substantial completion of relevant discovery, including discovery from the Employee Defendants, Bell Bank, forensic materials, and deposition testimony.

**INTERROGATORY NO. 12**: Describe the actions you allege Yantes took to induce, encourage, or solicit any other Employee Defendants to leave their employment with ONB. Identify all documents that relate to your answer.

**ANSWER:** ONB objects to this Interrogatory as a premature contention interrogatory under Fed. R. Civ. P. 33(a)(2). The Interrogatory seeks ONB's complete contentions, the full factual and evidentiary basis for those contentions, and an exhaustive description of every action Yantes allegedly took to induce, encourage, or solicit any other Employee Defendant to leave employment with ONB before relevant discovery has been substantially completed. At this stage, a complete answer would require ONB to speculate about facts that are uniquely or primarily within the possession, custody, or control of Yantes, the other Employee Defendants, and Bell Bank. Those facts include, without

limitation, the contents of the Employee Defendants' personal devices, personal email accounts, text messages, call logs, cloud-storage accounts, messaging applications, social-media messages, and evidence concerning any efforts to induce, encourage, solicit, coordinate, facilitate, or conceal the Employee Defendants' departures from ONB.

ONB further objects to the extent the Interrogatory assumes ONB can presently identify every communication, meeting, discussion, act, date, participant, recipient, or other circumstance concerning Yantes's alleged inducement, encouragement, or solicitation of any other Employee Defendant to leave ONB. ONB does not have possession, custody, or control over Defendants' personal devices, personal accounts, Bell Bank systems, Bell Bank communications, or communications among Defendants that occurred outside ONB systems. Discovery from the Employee Defendants and Bell Bank is necessary before ONB can provide a complete response.

ONB further objects to this Interrogatory to the extent it requires ONB to marshal its evidence and provide a final narrative account of its employee-solicitation and coordinated-departure case before completion of document discovery, forensic discovery, depositions, and, where applicable, expert discovery. Requiring a complete response now would risk fixing ONB's contentions without adequate information, invite inefficient supplementation, and unfairly allow Defendants to use their own control over material information as a basis to demand premature final contentions from ONB.

ONB also objects to this Interrogatory to the extent it asks ONB to "identify all documents" or otherwise identify documents that "relate to" ONB's answer. The phrase "relate to" is vague, ambiguous, overbroad, and not proportional to the needs of the case

because it does not define what degree of connection, reference, subject-matter overlap, or other nexus would cause a document to "relate" to ONB's response. Even if a document could be said in some general sense to relate to a response, that does not mean the document is relevant to any claim or defense or otherwise discoverable under the Federal Rules of Civil Procedure. ONB further objects to the extent the Interrogatory seeks an exhaustive document-by-document catalog of all materials that may support, refer to, concern, contradict, or bear upon ONB's response, because such a requirement would be unduly burdensome, duplicative of document discovery, and disproportionate to the needs of the case.

ONB also objects to the extent the document-identification portion of the Interrogatory seeks identification of documents reviewed, selected, organized, summarized, or considered by counsel in investigating the claims, preparing discovery responses, or developing ONB's litigation positions, because such a request seeks attorney-client communications, attorney work product, counsel's mental impressions, counsel's selection and organization of documents, and counsel's investigative judgments.

ONB will supplement this response in accordance with the Federal Rules of Civil Procedure after substantial completion of relevant discovery, including discovery from the Employee Defendants, Bell Bank, forensic materials, and deposition testimony.

**INTERROGATORY NO. 13**: Describe the actions you allege McConkey took to induce, encourage, or solicit any other Employee Defendants to leave their employment with ONB. Identify all documents that relate to your answer.

**ANSWER:** ONB objects to this Interrogatory as a premature contention interrogatory under Fed. R. Civ. P. 33(a)(2). The Interrogatory seeks ONB's complete contentions, the full factual and evidentiary basis for those contentions, and an exhaustive description of every action McConkey allegedly took to induce, encourage, or solicit any other Employee Defendant to leave employment with ONB before relevant discovery has been substantially completed. At this stage, a complete answer would require ONB to speculate about facts that are uniquely or primarily within the possession, custody, or control of McConkey, the other Employee Defendants, and Bell Bank. Those facts include, without limitation, the contents of the Employee Defendants' personal devices, personal email accounts, text messages, call logs, cloud-storage accounts, messaging applications, social-media messages, and evidence concerning any efforts to induce, encourage, solicit, coordinate, facilitate, or conceal the Employee Defendants' departures from ONB.

ONB further objects to the extent the Interrogatory assumes ONB can presently identify every communication, meeting, discussion, act, date, participant, recipient, or other circumstance concerning McConkey's alleged inducement, encouragement, or solicitation of any other Employee Defendant to leave ONB. ONB does not have possession, custody, or control over Defendants' personal devices, personal accounts, Bell Bank systems, Bell Bank communications, or communications among Defendants that occurred outside ONB systems. Discovery from the Employee Defendants and Bell Bank is necessary before ONB can provide a complete response.

ONB further objects to this Interrogatory to the extent it requires ONB to marshal its evidence and provide a final narrative account of its employee-solicitation and

coordinated-departure case before completion of document discovery, forensic discovery, depositions, and, where applicable, expert discovery. Requiring a complete response now would risk fixing ONB's contentions without adequate information, invite inefficient supplementation, and unfairly allow Defendants to use their own control over material information as a basis to demand premature final contentions from ONB.

ONB also objects to this Interrogatory to the extent it asks ONB to "identify all documents" or otherwise identify documents that "relate to" ONB's answer. The phrase "relate to" is vague, ambiguous, overbroad, and not proportional to the needs of the case because it does not define what degree of connection, reference, subject-matter overlap, or other nexus would cause a document to "relate" to ONB's response. Even if a document could be said in some general sense to relate to a response, that does not mean the document is relevant to any claim or defense or otherwise discoverable under the Federal Rules of Civil Procedure. ONB further objects to the extent the Interrogatory seeks an exhaustive document-by-document catalog of all materials that may support, refer to, concern, contradict, or bear upon ONB's response, because such a requirement would be unduly burdensome, duplicative of document discovery, and disproportionate to the needs of the case.

ONB also objects to the extent the document-identification portion of the Interrogatory seeks identification of documents reviewed, selected, organized, summarized, or considered by counsel in investigating the claims, preparing discovery responses, or developing ONB's litigation positions, because such a request seeks attorney-

client communications, attorney work product, counsel's mental impressions, counsel's selection and organization of documents, and counsel's investigative judgments.

ONB will supplement this response in accordance with the Federal Rules of Civil Procedure after substantial completion of relevant discovery, including discovery from the Employee Defendants, Bell Bank, forensic materials, and deposition testimony.

**INTERROGATORY NO. 14**: Describe the actions you allege Vold took to induce, encourage, or solicit any other Employee Defendants to leave their employment with ONB. Identify all documents that relate to your answer.

**ANSWER:** ONB objects to this Interrogatory as a premature contention interrogatory under Fed. R. Civ. P. 33(a)(2). The Interrogatory seeks ONB's complete contentions, the full factual and evidentiary basis for those contentions, and an exhaustive description of every action Vold allegedly took to induce, encourage, or solicit any other Employee Defendant to leave employment with ONB before relevant discovery has been substantially completed. At this stage, a complete answer would require ONB to speculate about facts that are uniquely or primarily within the possession, custody, or control of Vold, the other Employee Defendants, and Bell Bank. Those facts include, without limitation, the contents of the Employee Defendants' personal devices, personal email accounts, text messages, call logs, cloud-storage accounts, messaging applications, social-media messages, and evidence concerning any efforts to induce, encourage, solicit, coordinate, facilitate, or conceal the Employee Defendants' departures from ONB.

ONB further objects to the extent the Interrogatory assumes ONB can presently identify every communication, meeting, discussion, act, date, participant, recipient, or

other circumstance concerning Vold's alleged inducement, encouragement, or solicitation of any other Employee Defendant to leave ONB. ONB does not have possession, custody, or control over Defendants' personal devices, personal accounts, Bell Bank systems, Bell Bank communications, or communications among Defendants that occurred outside ONB systems. Discovery from the Employee Defendants and Bell Bank is necessary before ONB can provide a complete response.

ONB further objects to this Interrogatory to the extent it requires ONB to marshal its evidence and provide a final narrative account of its employee-solicitation and coordinated-departure case before completion of document discovery, forensic discovery, depositions, and, where applicable, expert discovery. Requiring a complete response now would risk fixing ONB's contentions without adequate information, invite inefficient supplementation, and unfairly allow Defendants to use their own control over material information as a basis to demand premature final contentions from ONB.

ONB also objects to this Interrogatory to the extent it asks ONB to "identify all documents" or otherwise identify documents that "relate to" ONB's answer. The phrase "relate to" is vague, ambiguous, overbroad, and not proportional to the needs of the case because it does not define what degree of connection, reference, subject-matter overlap, or other nexus would cause a document to "relate" to ONB's response. Even if a document could be said in some general sense to relate to a response, that does not mean the document is relevant to any claim or defense or otherwise discoverable under the Federal Rules of Civil Procedure. ONB further objects to the extent the Interrogatory seeks an exhaustive document-by-document catalog of all materials that may support, refer to, concern,

contradict, or bear upon ONB's response, because such a requirement would be unduly burdensome, duplicative of document discovery, and disproportionate to the needs of the case.

ONB also objects to the extent the document-identification portion of the Interrogatory seeks identification of documents reviewed, selected, organized, summarized, or considered by counsel in investigating the claims, preparing discovery responses, or developing ONB's litigation positions, because such a request seeks attorney-client communications, attorney work product, counsel's mental impressions, counsel's selection and organization of documents, and counsel's investigative judgments.

ONB will supplement this response in accordance with the Federal Rules of Civil Procedure after substantial completion of relevant discovery, including discovery from the Employee Defendants, Bell Bank, forensic materials, and deposition testimony.

Dated: June 26, 2026

Respectfully submitted,

**OLD NATIONAL BANK, Plaintiff**

By: *<u>/s/ Christopher S. Griesmeyer</u>*
One of Its Attorneys

Mack H. Reed (MN No. 398703)
Bethany R. Jewison (MN No. 505680)
LEWIS BRISBOIS BISGAARD & SMITH, LLP
90 South 7th Street, Suite 2800
Minneapolis, Minnesota 55402
Phone: (612) 428-5000
mack.reed@lewisbrisbois.com
bethany.jewison@lewisbrisbois.com

and

Christopher S. Griesmeyer (IL No. 6269851, *pro hac vice*)
Zachary Mulcrone (IL No. 6300387, *pro hac vice*)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
Phone: (312) 428-2750
cgriesmeyer@grglegal.com
zmulcrone@grglegal.com

## CERTIFICATE OF SERVICE

I hereby certify that, on June 26, 2026, I caused the foregoing **PLAINTIFF'S ANSWERS AND OBJECTIONS TO THE EMPLOYEE DEFENDANTS' SECOND SET OF INTERROGATORIES** to be served upon the Defendants and all counsel of record via electronic mail at the following address(es):

Counsel for Employee Defendants:

Heidi Bassett
hbassett@spencerfane.com
Ariel Lierz
alierz@spencerfane.com
Melissa Solberg
msolberg@spencerfane.com
Randi Winter
rwinter@spencerfane.com
SPENCER FANE LLP
100 South Fifth Street
Suite 2500
Minneapolis, MN 55402

Counsel for Defendant Bell Bank:

Jonathan Norrie
jnorrie@banclaw.com
Samantha Buckman
sbuckman@banclaw.com
Patricia Jones
pjones@banclaw.com
BRADFORD ANDRESEN NORRIE & CAMAROTTO
3600 American Blvd. West
Suite 670
Bloomington, MN 55431

*/s/ Christopher S. Griesmeyer*
Christopher S. Griesmeyer (# 6269851)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2750
cgriesmeyer@grglegal.com

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, in my capacity as the authorized agent for Old National Bank, I hereby declare under penalty of perjury that the foregoing interrogatory answers are true and correct to the best of my knowledge, information, and belief.

Executed on: 6/24/26

Lisa Saulsberry
Authorized Agent for Old National Bank