# EXHIBIT M

| | |
|---|---|
| **From:** | Bassett, Heidi |
| **Sent:** | Thursday, July 9, 2026 12:56 PM |
| **To:** | 'Zachary Mulcrone'; Winter, Randi; Solberg, Melissa; Jewison, Bethany; Wolf, Luke; Lierz, Ariel |
| **Cc:** | Chris Griesmeyer; April Bernath; Reed, Mack; Jonathan Norrie; Samantha Buckman; Patricia Jones; Haven Wojciak |
| **Subject:** | RE: ONB v. Adams: Employee Defendants |

Hi Zach,

I'm traveling today, but I am available between 12 and 2 tomorrow. I could also talk Monday before 11 or after 3. Do any of these work? When we talk, I'd also like to discuss some of ONB's responses to the Employee Defendants' second set of discovery requests, which wholly fail to satisfy ONB's discovery obligations.

Unfortunately, it is apparent that we need the court's assistance to ensure productive responses from ONB, so we will schedule a hearing on a motion to compel. There are other issues with the latest discovery responses, but the following must be addressed promptly as they form the foundation of ONB's own pleading:

- ONB's refusal to identify or produce the confidential information and trade secrets it contends the Employee Defendants took, used, or disclosed;
- ONB's refusal to identify the customers it contends the Employee Defendants solicited;
- ONB's refusal to identify or produce the contracts and business opportunities with which it contends the Employee Defendants interfered; and
- Despite pleading that Bernu, Yantes, McConkey, and Vold all induced, encouraged, or solicited others to leave their employment, ONB refuses to describe a single action by any of these Employee Defendants that could support such a claim.

Also, Request for Production 12 contained a scrivener's error in that it was intended to request documents from November 2025, not 2005. In the future, feel free to reach out when something appears this broad, as we could have corrected it. In light of this correction, is ONB still refusing to produce any responsive documents?

Our motion to compel will also include the following issues, which we've already discussed but were unable to resolve:

- ONB's refusal to specify documents identified in its Amended Complaint so the Employee Defendants can locate and identify them as readily as ONB could, pursuant to Fed. R. Civ. P. 33(d); and
- ONB's refusal to produce complete video footage.

The scope of our motion should not be construed as a waiver of the Employee Defendants' right to have ONB's other objections and refusals adjudicated.

Thanks,
Heidi