# EXHIBIT N

**From:** Zachary Mulcrone <zmulcrone@grglegal.com>
**Sent:** Friday, July 17, 2026 11:52 AM
**To:** Bassett, Heidi; Winter, Randi; Solberg, Melissa; Jewison, Bethany; Wolf, Luke; Lierz, Ariel
**Cc:** Chris Griesmeyer; April Bernath; Reed, Mack; Jonathan Norrie; Samantha Buckman; Patricia Jones; Haven Wojciak
**Subject:** [EXTERNAL] Re: ONB v. Adams: Employee Defendants

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

Hi Heidi,

1. I said that ONB does not yet have a complete picture of all the trade secrets that the Employee Defendants misappropriated, so the contention interrogatories regarding trade secrets are premature. The primary reason ONB cannot fully answer those interrogatories is the Employee Defendants' refusal to answer ONB's interrogatories based on their numerosity objections. As to the case you cited, *Porous Media*, that decision was about compliance with that judge's pretrial order, not the sufficiency of interrogatory answers. Moreover, the *Porous Media* judge based his reasoning on the holding in *Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 986 (S.D. Cal. 1999), which in turn was based on a particular provision of California's Uniform Trade Secrets Act. Here, no pretrial order requires the type of information required in *Porous Media* and the California Trade Secrets Act does not apply. *Porous Media* is, thus, inapposite. That said, ONB is willing to supplement its answers to Interrogatory Nos. 3 and 4 to provide some additional detail.

2. Here are two decisions on premature contention interrogatories from the District of Minnesota: *Murphy v. Piper*, No. CV 16-2623 (DWF/BRT), 2017 WL 11885690, at *1–2 (D. Minn. Aug. 21, 2017), aff'd sub nom. Murphy by Murphy v. Piper, No. CV 16-2623 (DWF/BRT), 2017 WL 5633096 (D. Minn. Nov. 22, 2017):

> Defendant's motion seeks an order compelling answers to several contention interrogatories. In a contention interrogatory, one party asks “another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all evidence on which it bases its contentions, or to explain how the law applies to the facts.” *Zubrod v. Hoch,* No. C15-2065, 2016 WL 1752770, *6 (N.D. Iowa May 2, 2016) (quotations omitted). Contention interrogatories may be “helpful in that they may narrow and define issues for trial and enable the propounding party to determine the proof required to rebut the responding party's claim or defense.” *Moses v. Halstead,* 236 F.R.D. 667, 674 (D. Kan. 2006). However, contention interrogatories can be “overly broad and unduly burdensome on their face if they seek ‘all facts’ supporting a claim or defense, such that the answering party is required to provide a narrative account of its case.” *Id*.
>
> Given the nature of contention interrogatories, district courts have determined that contention interrogatories need not be answered until discovery is complete or nearing completion. *See, e.g., Helmert v. Butterball, LLC*, No. 4:08CV00342 JLH, 2010 WL 4537096, *2 (E.D. Ark. 2010) (denying request to compel answers to contention interrogatories when the two-year discovery period had been limited to class certification issues and the defendant “failed to come forward with any evidence or argument to suggest that compelling the plaintiffs to supplement their responses to the contention questions would further discovery”); *Lucero v. Valdez,* 240 F.R.D. 591, 594 (D.N.M. 2007) (“[T]here is considerable support for deferring answers to contention interrogatories until after a substantial amount of discovery has been completed.”); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 348–49 (N.D. Cal. 1985) (denying motion to compel and ordering plaintiffs to answer contention interrogatories sixty days after completion of defendants’ document production).
>
> In addition, delaying answering contention interrogatories until the completion or near completion of discovery is expressly contemplated by Federal Rule of Civil Procedure Rule 33. Pursuant to Rule 33, “[a]n interrogatory may

> relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). As the court in *Zubrod* has explained, "Rule 33(a)(2) protects the responding party from being hemmed into fixing its position without adequate information." 2016 WL 1752770, *7.

And *In re Pemstar, Inc.*, No. CV 02-1821 (DWF/SRN), 2004 WL 7400883, at *10 (D. Minn. Apr. 23, 2004):

> With regard to contention interrogatories number 10, 11, and 12, Defendants' motion to compel is denied without prejudice. Discovery has barely begun. It is preferable that the parties agree to a time, much later in the course of discovery, when contention interrogatories must be answered, but that time is not now.

There are many similar decisions from other District Courts within the Eighth Circuit. *See, e.g., Zubrod v. Hoch*, No. C15-2065, 2016 WL 1752770 (N.D. Iowa May 2, 2016); V*ishay Dale Elecs., Inc. v. Cyntec Co.*, No. 8:07 CV 191, 2008 WL 4868772, at *5 (D. Neb. Nov. 6, 2008), objections overruled, No. 8:07CV191, 2008 WL 5396675 (D. Neb. Dec. 23, 2008).

3. I went back and looked at the response to Request for Production No. 12, and we already say that ONB did not preserve the trash, recycling, or shred-bin contents.

As to your statement below, you say that you will get back to us "as soon as possible" on the numerosity issue. Can you please give me a firm date by which we can expect to hear back? I don't want to waste time drafting a motion to compel if the Employee Defendants are planning to withdraw the objection, but we have been waiting on a firm answer from you on this issue for six weeks (please see my June 1, June 3, and June 16 emails).

Thanks,
Zach

**Zachary Mulcrone**
**Greiman, Rome & Griesmeyer, LLC**
205 W. Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2746 (Direct)
(847) 567-4556 (Mobile)
GRG GREIMAN, ROME & GRIESMEYER, LLC
business advisors. litigation professionals.
This message (and any attachments) may contain information that is privileged and confidential. If you have received this message in error, please reply to notify us of the error and then immediately delete the message and any attached files.

---

**From:** Bassett, Heidi
**Sent:** Thursday, July 16, 2026 3:19 PM
**To:** Zachary Mulcrone ; Winter, Randi ; Solberg, Melissa ; Jewison, Bethany ; Wolf, Luke ; Lierz, Ariel
**Cc:** Chris Griesmeyer ; April Bernath ; Reed, Mack ; Jonathan Norrie ; Samantha Buckman ; Patricia Jones ; Haven Wojciak
**Subject:** RE: ONB v. Adams: Employee Defendants
***WARNING EXTERNAL MESSAGE***
Hi Zach,
My responses to the items you identified below are in red. I also have a few follow up items for you:

1. Regarding my concerns about ONB's refusal to identify its trade secrets, you recalled that ONB identified some *categories* of alleged trade secrets in its Amended Complaint, but ONB doesn't yet know the specific trade secrets/confidential information at issue. I'm asking you to reconsider this position because a plaintiff claiming trade secrets must be able to identify its trade secrets before the same could be misappropriated. *See Porous Media Corp. v. Midland Brake Inc., 187*

*F.R.D. 598, 600 (D. Minn. 1999)* ("The orderly disposition of cases involving claims of misappropriation of trade secrets cannot permit a situation where the details concerning the claimed trade secrets are not disclosed at an early date in the litigation.") Please confirm whether ONB intends to stand on its refusal to identify its trade secrets or confidential information at issue.

2. ONB is standing on its objection that our requests seeking identification of solicited customers, disrupted contracts, etc. because you believe these are contention interrogatories and the discovery rules do not require a party to answer with what it knows at the time; instead, parties can wait until the end of discovery. I looked for case law that could support this position, but I'm coming up short. Will you please share a case or two that you found so I can review?
3. With the clarification that our Request for Production no. 12 should have read 2025, not 2005, you confirmed that ONB has none of the requested documents. ONB should therefore withdraw the objection and amend the answer to state the same. When can we expect an amended response?

Thanks,

Heidi

**Heidi Bassett** Partner
Spencer Fane LLP

100 South Fifth Street, Suite 2500 | Minneapolis, MN 55402
O 612.268.7110
hbassett@spencerfane.com | spencerfane.com

---

**From:** Zachary Mulcrone
**Sent:** Thursday, July 16, 2026 9:25 AM
**To:** Bassett, Heidi ; Winter, Randi ; Solberg, Melissa ; Jewison, Bethany ; Wolf, Luke ; Lierz, Ariel
**Cc:** Chris Griesmeyer ; April Bernath ; Reed, Mack ; Jonathan Norrie ; Samantha Buckman ; Patricia Jones ; Haven Wojciak
**Subject:** [EXTERNAL] Re: ONB v. Adams: Employee Defendants

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

---

Hi Heidi,

A few follow-ups:

1. We also confirmed with the Magistrate Judge that if ONB moves to compel, we can piggyback the motion for the same date and time.
2. You mentioned that you were going to take another look at the interrogatory numerosity issue and let us know if the Employee Defendants intend to stand on the numerosity objections. Please let us know by tomorrow. I'll get back to you as soon as possible on this.
3. We spoke with our e-discovery vendor about best practices for re-designating the confidentiality of documents. They said the best way to do it is make a list of all the documents that are being changed, have the producing party change the designation on the review platform, then have the e-discovery vendor re-image those documents, and create a new load file with just the changed documents. The Bates numbers would stay the same. Then, the other side would have their e-discovery vendor take the new load file and overwrite the old confidentiality designations and document images. Please let me know if that works for you. I'll run this by our e-discovery team to confirm it works for them.
4. As to our discussion of AEO designations, we think it would make sense to amend the protective order to have two new categories: (a) "AEO EXCEPT ONB," which are documents produced by Defendants that must be treated as AEO by the other Defendants, but which ONB does not need to treat as AEO (this would be for certain ONB information that might be in the text messages or personal emails of the Employee Defendants); and (b) "AEO EXCEPT DEFENDANTS," which are documents produced by one Defendant that must be treated as AEO by ONB, but which would not need to be treated as AEO by the other Defendants (this would be for Bell Bank customer information that Bell does not have a problem sharing with the Employee Defendants, but which it would want ONB to treat as AEO). Please let us know if you agree with this approach. If so, I can discuss with Bell's counsel during our meet-and-confer next week. I think this might work, but we would still need to initially produce anything questionable as AEO and then ONB or Bell could tell us whether to re-designate based on the banks' position as to who can or cannot see the information. We should discuss this between all parties to get everyone on the same page.

Thanks,
Zach

**Zachary Mulcrone**
**Greiman, Rome & Griesmeyer, LLC**
205 W. Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2746 (Direct)
(847) 567-4556 (Mobile)
GRG GREIMAN, ROME & GRIESMEYER, LLC
business advisors. litigation professionals.

This message (and any attachments) may contain information that is privileged and confidential. If you have received this message in error, please reply to notify us of the error and then immediately delete the message and any attached files.

---

**From:** Bassett, Heidi <hbassett@spencerfane.com>
**Sent:** Monday, July 13, 2026 8:51 AM
**To:** Zachary Mulcrone <zmulcrone@grglegal.com>; Winter, Randi <rwinter@spencerfane.com>; Solberg, Melissa <msolberg@spencerfane.com>; Jewison, Bethany <bethany.jewison@lewisbrisbois.com>; Wolf, Luke <lwolf@spencerfane.com>; Lierz, Ariel <alierz@spencerfane.com>
**Cc:** Chris Griesmeyer <cgriesmeyer@grglegal.com>; April Bernath <abernath@grglegal.com>; Reed, Mack <mack.reed@lewisbrisbois.com>; Jonathan Norrie <jnorrie@banclaw.com>; Samantha Buckman <sbuckman@banclaw.com>; Patricia Jones <pjones@banclaw.com>; Haven Wojciak <hwojciak@banclaw.com>
**Subject:** RE: ONB v. Adams: Employee Defendants

***WARNING EXTERNAL MESSAGE***

Hi Zach,

Thanks for your time on the phone on Friday. We are confirmed with the magistrate judge for the hearing on Wednesday, September 2 at 1:30 p.m.

**Heidi Bassett** Partner
Spencer Fane LLP

100 South Fifth Street, Suite 2500 | Minneapolis, MN 55402
O 612.268.7110
hbassett@spencerfane.com | spencerfane.com

---

**From:** Zachary Mulcrone <zmulcrone@grglegal.com>
**Sent:** Friday, July 10, 2026 11:25 AM
**To:** Bassett, Heidi <hbassett@spencerfane.com>; Winter, Randi <rwinter@spencerfane.com>; Solberg, Melissa <msolberg@spencerfane.com>; Jewison, Bethany <bethany.jewison@lewisbrisbois.com>; Wolf, Luke <lwolf@spencerfane.com>; Lierz, Ariel <alierz@spencerfane.com>
**Cc:** Chris Griesmeyer <cgriesmeyer@grglegal.com>; April Bernath <abernath@grglegal.com>; Reed, Mack <mack.reed@lewisbrisbois.com>; Jonathan Norrie <jnorrie@banclaw.com>; Samantha Buckman <sbuckman@banclaw.com>; Patricia Jones <pjones@banclaw.com>; Haven Wojciak <hwojciak@banclaw.com>
**Subject:** [EXTERNAL] Re: ONB v. Adams: Employee Defendants

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

---

September 3 at 1:30 works. September 2 at 1:30 would also work. September 3 at 10:30 a.m. does not work.

Thanks,
Zach

**Zachary Mulcrone**
**Greiman, Rome & Griesmeyer, LLC**
205 W. Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2746 (Direct)
(847) 567-4556 (Mobile)
GRG GREIMAN, ROME & GRIESMEYER, LLC
business advisors. litigation professionals.