**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| OLD NATIONAL BANK,<br><br>Plaintiff,<br><br>v.<br><br>SARAH ADAMS, KASEY BERNU, YVETTE CAMPBELL, KIMBERLY ELLNGSON, RACHAL JOHNSON, MICHAEL MCCONKEY, SHARON VOLD, DANIEL YANTES, and BELL BANK,<br><br>Defendants. | Civil File No.: 25-CV-04636 (PJS/LIB)<br><br>**[PROPOSED] ORDER GRANTING EMPLOYEE DEFENDANTS' MOTION TO COMPEL** |

This matter comes before the Court on September 2, 2026 on a Motion to Compel filed by Defendants Sarah Adams, Kasey Bernu, Yvette Campbell, Kimberly Ellingson, Rachal Johnson, Michael McConkey, Sharon Vold, and Daniel Yantes (collectively, the "Employee Defendants"). (ECF 99). The Employee Defendants seek to compel Plaintiff Old National Bank ("Plaintiff") to fully respond to interrogatories and requests for production, as well as for an award of reasonable costs and attorneys' fees. Having heard arguments of counsel and upon consideration of the motion, IT IS HEREBY ORDERED THAT the Employee Defendants' motion is GRANTED as follows:

1. Plaintiff shall fully answer Interrogatory 1 and describe the actions it took from December 8, 2025 to February 3, 2026, to investigate the Employee Defendants' activities following their resignations and retirements up until the filing of the First Amended Complaint, including by identifying email custodians for

accounts Plaintiff reviewed or searched, all communications with employees or customers regarding the departures, and the scope and location of all physical materials reviewed from the Brainerd and Baxter branches. To the extent Plaintiff identifies documents that evidence its investigation or the results thereof, Plaintiff must specify the same by bates number so the Employee Defendants may identify and locate the documents as readily as Plaintiff, consistent with the requirements of Fed. R. Civ. P. 33(d);

2. Plaintiff shall produce complete, unedited surveillance footage from all its security cameras at the Brainerd and Baxter branches on December 8, 2025;

3. Plaintiff's contention interrogatory objections in its answers to Interrogatories 3-7 and 11-14 are overruled. Plaintiff shall fully answer these interrogatories, and to the extent Plaintiff's answer relies on, describes, or identifies any document, Plaintiff must specify the same by bates number so the Employee Defendants may identify and locate the documents as readily as Plaintiff, consistent with the requirements of Fed. R. Civ. P. 33(d).

4. Plaintiff shall fully respond to Requests for Production 2-4, 12, and 14-15, or if no such responsive documents exist, Plaintiff shall state the same.

5. All discovery outlined herein must be complete by October 1, 2026

6. Failure to comply with this order may result in sanctions, up to and including default judgment in favor of the Employee Defendants and dismissal of Plaintiff's claims.

7. Within fourteen (14) days of this order, the Employee Defendants may submit a declaration supporting an award of costs and fees, including reasonable attorneys' fees incurred in their efforts to obtain discovery from Plaintiff. Plaintiff then has seven (7) days to file an objection, if any.

IT IS SO ORDERED.

DATED: ___________, 2026

______________________________
Honorable Leo I. Brisbois
United States Magistrate Judge