**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| OLD NATIONAL BANK,<br><br>Plaintiff,<br>v.<br><br>SARAH ADAMS, KASEY BERNU, YVETTE CAMPBELL, KIMBERLY ELLINGSON, RACHAL JOHNSON, MICHAEL MCCONKEY, SHARON VOLD, DANIEL YANTES, and BELL BANK,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 0:25-cv-04636 (PJS/LIB) |

**ONB'S MOTION TO COMPEL DISCOVERY**
**FROM THE EMPLOYEE DEFENDANTS**

Plaintiff Old National Bank ("ONB") moves under Federal Rules of Civil Procedure 33 and 37(a)(3)(B)(iii) for an order compelling Sarah Adams, Kasey Bernu, Yvette Campbell, Kimberly Ellingson, Rachal Johnson, Michael McConkey, Sharon Vold, and Daniel Yantes (the "Employee Defendants") to supplement their answers to ONB's First Set of Interrogatories, served April 8, 2026. More specifically, ONB respectfully requests that the Court overrule the Employee Defendants' objections to Interrogatory Nos. 9-11 and order the following:

A. Within fourteen days after the Court's order, all eight Employee Defendants shall serve complete, verified supplemental answers to Interrogatory No. 9, identifying each responsive customer contact or attempted contact and providing the requested customer identities and contact information, the dates and methods of communication, the sources of the information used, and whether and when each customer began a relationship with Bell Bank.

B. Within fourteen days after the Court's order, all eight Employee Defendants shall serve complete, verified supplemental answers to Interrogatory No. 10, identifying every device, account, and information service used for either

purpose specified in the interrogatory and supplying the identifying details required by Definition 28 of the Interrogatories, including for any responsive desktop or laptop computers.

C. Within fourteen days after the Court's order, the Employee Defendants other than Sharon Vold shall serve complete, verified supplemental answers to Interrogatory No. 11, providing the customer information stored in their personal devices, accounts, and information services, including the actual telephone numbers and email addresses, and the dates that information was first saved. Any approximate dates shall be identified as approximations under Definition 22 of the Interrogatories.

D. Before serving those answers, each Employee Defendant shall conduct a reasonable inquiry, including reviewing reasonably available records and seeking responsive information from Bell Bank. For any requested information that remains unavailable, the supplemental answer shall explain under oath the efforts made to obtain it and the remaining inability to answer.

Dated: October 14, 2026

Respectfully submitted,

**OLD NATIONAL BANK, Plaintiff**

By: *Mack H. Reed*
One of Its Attorneys

Mack H. Reed (MN No. 398703)
JACKSON LEWIS P.C.
150 South Fifth Street, Suite 3500
Minneapolis, Minnesota 55402
Phone: (612) 341-8131
mack.reed@jacksonlewis.com

and

Christopher S. Griesmeyer (IL No. 6269851, *pro hac vice*)
Zachary Mulcrone (IL No. 6300387, *pro hac vice*)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
Phone: (312) 428-2750
cgriesmeyer@grglegal.com
zmulcrone@grglegal.com