# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| OLD NATIONAL BANK,<br><br>Plaintiff,<br>v.<br><br>SARAH ADAMS, KASEY BERNU, YVETTE CAMPBELL, KIMBERLY ELLINGSON, RACHAL JOHNSON, MICHAEL MCCONKEY, SHARON VOLD, DANIEL YANTES, and BELL BANK,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 0:25-cv-04636 (PJS/LIB) |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**TO EMPLOYEE DEFENDANTS**

Plaintiff Old National Bank ("Old National" or "ONB"), by its attorneys, and pursuant to Federal Rule of Civil Procedure 33, propounds the following Interrogatories to be answered separately by each Employee Defendant under oath, within thirty (30) days. These Interrogatories are subject to and governed by the definitions and instructions set forth below.

**DEFINITIONS**

As used in these Interrogatories, the words and phrases set out below have the following meaning or meanings:

1. The words "you," and "your" shall mean and refer to each answering Employee Defendant in this lawsuit – i.e., Sarah Adams, Kasey Bernu, Yvette Campbell, Kimberly Ellingson, Rachal Johnson, Michael McConkey, Sharon Vold, and Daniel

Yantes – including any of his/her attorneys, agents, or other persons or entities acting (or authorized to act) under his/her control or on his/her behalf.

2. The words "Defendant Adams" shall mean and refer to the Defendant in this lawsuit, Sarah Adams, including any of her attorneys, agents, or other persons or entities acting (or authorized) to act under her control or on her behalf.

3. The words "Defendant Bernu" shall mean and refer to the Defendant in this lawsuit, Kasey Bernu, including any of her attorneys, agents, or other persons or entities acting (or authorized) to act under her control or on her behalf.

4. The words "Defendant Campbell" shall mean and refer to the Defendant in this lawsuit, Yvette Campbell, including any of her attorneys, agents, or other persons or entities acting (or authorized) to act under her control or on her behalf.

5. The words "Defendant Ellingson" shall mean and refer to the Defendant in this lawsuit, Kimberly Ellingson, including any of her attorneys, agents, or other persons or entities acting (or authorized) to act under her control or on her behalf.

6. The words "Defendant Johnson" shall mean and refer to the Defendant in this lawsuit, Rachal Johnson, including any of her attorneys, agents, or other persons or entities acting (or authorized) to act under her control or on her behalf.

7. The words "Defendant McConkey" shall mean and refer to the Defendant in this lawsuit, Michael McConkey, including any of his attorneys, agents, or other persons or entities acting (or authorized) to act under his control or on his behalf.

8. The words "Defendant Vold" shall mean and refer to the Defendant in this lawsuit, Sharon Vold, including any of her attorneys, agents, or other persons or entities acting (or authorized) to act under her control or on her behalf.

9. The words "Defendant Yantes" shall mean and refer to the Defendant in this lawsuit, Daniel Yantes, including any of his attorneys, agents, or other persons or entities acting (or authorized) to act under his control or on his behalf.

10. The word "Bell" shall mean and refer to the Defendant in this lawsuit, Bell Bank, including its predecessors, successors, assigns, affiliates, parents, owners, members, officers, directors, shareholders, employees, attorneys, agents, and any persons or entities acting (or authorized to act) under its control or on its behalf.

11. The words "Employee Defendant" and "Employee Defendants" shall mean and refer to the Defendants in this lawsuit (except Bell), and any attorneys, agents, or other persons or entities acting (or authorized to act) under the control of, or on behalf of, any or all such Defendants.

12. The words "Defendant" and "Defendants" shall mean and refer to Bell and the Employee Defendants in this lawsuit.

13. The words "Old National," "ONB," and "Plaintiff" shall mean and refer to the Plaintiff in this lawsuit, Old National Bank, including its predecessors (specifically including, but not limited to, Bremer Bank), successors, assigns, affiliates, parents, owners, members, officers, directors, shareholders, employees, attorneys, agents, and any persons or entities acting (or authorized to act) under its control or on its behalf.

14. The words "lawsuit" and "action" shall mean and refer to the instant legal action filed by Plaintiff against Defendants in the United States District Court for the District of Minnesota, captioned *Old National Bank v. Adams, et al.,* Case No. 25-cv-04636, including all claims, defenses, counterclaims and third-party claims that have been or may be asserted by any of the parties to the lawsuit.

15. The words "ONB client" or "client" shall mean and refer to any person, business, entity, or organization that, as of the last day of your employment at ONB, was known by you or any other Employee Defendant to be a client or customer of Old National; provided, however, that the definition of "ONB client" or "client" *shall not* include any former client or customer of ONB who, without any inducement, encouragement, or involvement by any Defendant, terminated their business relationship with ONB prior to the last day of your employment at ONB.

16. The words "resignation" and "departure" shall mean and refer to the resignation, retirement, separation from service, or termination of employment with ONB on or about December 7-8, 2025.

17. The phrase "Confidential Information" shall mean and refer to any information about a customer that a bank (such as, e.g., ONB or Bell) is required to safeguard and protect from unauthorized access, use, or disclosure, including any of the following categories of information:

(a) The customer name, mailing address, telephone number(s), email address(es), and related contact information;

(b) The customer's status as a borrower generally (i.e., a person or entity who needs, wants to receive, or has previously received a loan for business or commercial purposes)

(c) The customer's status as a customer of a specific banking institution;

(d) Personal identification information about a customer, such as their birthday, social security number, and names of family members;

(e) The customer's business and financial information, including:

i. information about their accounts, including account numbers, account balances, investment holdings, transaction information (such as purchases, sales, deposits, withdrawals, or transfers), relationship histories, account analytics, signatories, and beneficiaries;

ii. information about their investment strategies, goals, preferences, risk tolerances, and account history;

iii. information about their financial needs, plans, and income;

iv. information about their portfolio and asset management plans, methods, strategies, and fee structures;

v. information about the customer's borrowing and capital needs, including outstanding loan and financing terms (such as amount borrowed, principal balance, accrued interest, interest rate, loan maturity date, collateral, security interest, credit terms);

vi. any other nonpublic information about a customer that might be relevant or helpful to creating or maintaining a bank's business relationship with the customer; and

(f) any documents containing a list or other compilation – in whole or in part – of the information set forth in (a)-(e), above.

18. The words "Employer Contact Information" shall mean and encompass all of the following information:

(a) Identity of employer;

(b) Mailing address of employer;

(c) Name of contact person at employer (i.e., hiring manager, human resources representative, or other person with whom you inquired about or discussed any employment opportunity);

(d) Telephone number(s) of employer;

(e) Facsimile number(s) of employer; and

(f) Email address(es) of employer.

19. The words "document" or "documents" shall mean and refer to any and all written, recorded, filmed, or graphic matter, whether produced or reproduced, on paper, cards, tapes, film, electronic facsimile, hard drives, thumb or flash drives, zip drives, servers, back-up tapes or other computer storage devices, or any other media, and any other things within the scope of the applicable Federal Rules of Civil Procedure, including, but not limited to, contact or address-book data, individual contact entries, contact databases or contact lists, call-history data, call logs, recent calls, incoming calls, outgoing calls, missed calls, voicemail logs, deleted-item folders, any and all associated metadata, statements, ledgers, orders, purchase orders, sales tickets, order or transaction confirmations, articles, by-laws, research files, accounts, brochures, pamphlets, bulletins, circulars, letters, correspondence, electronic mail messages, telegrams, telexes, facsimile transmissions, telecopies, publications, agreements, forecasts, statistical statements, minutes or records of meetings or conferences, policy statements, memoranda, notes, records, reports, studies, interoffice and/or intraoffice communications, working papers, reports and/or summaries or investigations, notices, calendar and diary entries, microfilm, messages, maps, charts, tabulations, summaries or abstracts, tape recordings, work sheets, any notes or writings pertaining to any meetings, oral or telephonic communication,

surveys, graphs, statistics, tables, any computer printouts, computer software or code (whether in machine or human readable form on any medium), rules, regulations, opinions, orders, interpretations, guidelines, envelopes, all marginalia or stamped material, and also including, but not limited to, originals and all copies which are different in any way from the original whether by interlineations, receipt stamp, notations, indication of copies sent or received, or otherwise, and drafts, which are in your possession, custody or control, or in the possession, custody or control of your present or former agents, representatives or attorneys, parents, affiliates, or any persons acting on your behalf, including documents at any time in the possession, custody, or control of such individuals or entities known by you to exist. The word "document" also encompasses "communications," and specifically includes electronically stored information ("ESI"), metadata, voicemail messages, audio-visual recordings (including video footage and audio recordings), text messages, email communications and attachments, workflow communications (e.g., "Slack" messages), calendar entries, invitations, appointment reminders, meeting links, meeting transcripts, presentations, slideshows/slide-decks, handouts, agendas, memos, summaries, call logs, and information maintained in any customer relationship management ("CRM") software or platform (such as, e.g., "Salesforce").

20. The words "communication," "communicate," and "communicated" shall mean and refer to any transmittal of information, written or oral, whether via telephone, in-person meeting, videoconference, email message, text message, correspondence, announcement, facsimile transmission, or social media.

21. The word "person" shall mean and refer to, without limitation, any natural person, corporation, partnership, association, sole proprietorship, cooperative or other entity.

22. The word "date" shall mean and refer to the exact date, month and year, if ascertainable, or if not, the best approximation (including a description of relationships to other events) with the indication that it is an approximation.

23. The words "description" or "describe" shall mean to provide a narrative, detailed and chronological history of the incident or events inquired about, including pertinent dates, identifying persons involved and identifying documents utilized or generated thereby.

24. The words "describe in detail" and "set forth the factual basis" shall mean: (a) to describe fully by reference to underlying facts rather than by ultimate facts or conclusions of facts or law; and (b) to particularize as to: (i) times, (ii) place, and (iii) manner.

25. The word "identify" when used with reference to any person shall mean to state his or her: (a) full name (or, if not known, his or her job title or position and employer, or if no other identification is possible, provide a sufficient description so that he or she will be identifiable) and date of birth; (b) title; (c) present position and business affiliation; (d) the person whom he or she was representing or acting for; and (e) present (or last known, with indication of the date of that last knowledge): (i) business address; (ii) personal residence address; (iii) email address(es); and (iv) telephone number(s).

26. The word "identify" when used with reference to a document shall mean to: (a) state the type of document (*e.g.*, memorandum, contract, letter, etc.); (b) set forth its date; (c) identify the author (and if different, the originator and signer); (d) set forth the title, heading or other designation, numerical or otherwise, of the document; (e) identify the person(s) (or if widely distributed, set forth the organization of classes of persons) to whom the document was sent; (f) set forth the present or last known location of the document; and (g) describe and set forth the substance of the document. Alternatively, you may identify the document by Bates number, if produced.

27. The word "identify" when used concerning any fact, information, source of information, or reason, shall mean to: (a) describe the substance of the fact, information, source of information, or reason; (b) identify every person who was the source of the information; (c) state whether any minutes, notes, memoranda, or other record of such fact, information, source of information, or reason were made; (d) state whether such record now exists; and (e) identify the person presently having possession, custody, or control of each such record.

28. The word "identify" when used with reference to an electronic device, account, or information service shall mean to: (a) state the device's manufacturer, model name/number, and serial number; (b) identify the account/service provider (e.g., Verizon, AT&T, Gmail, Google, LinkedIn, Facebook, Zoom, MS Teams, etc.); (c) identify the owner/user of the device, service, or account holder; and (d) identify the account number, telephone number, or username associated with the device, account, or service provider.

29. The word "identify" when used with reference to a meeting or discussion shall mean to: (a) identify the date of the meeting/discussion; (b) identify the format of the meeting/discussion (e.g., in-person, via videoconference, via telephone); (c) identify the location of the meeting/discussion; (d) identify the persons who attended (in whole or in part) the meeting/discussion; and (e) describe the purpose, agenda, topics, and matters discussed during the meeting/discussion.

30. The words "concern," "concerning," "relate," "relating to," and "regarding" shall mean, without limitation, in any way regarding, constituting, mentioning, referring to, discussing, describing, summarizing, evidencing, listing, indicating, relevant to, demonstrating, tending to prove or disprove, containing, reflecting, concerning, pertaining to, consisting of, constituting, analyzing, explaining, identifying, dealing with, or in any way logically or factually connected with the matter discussed.

31. The words "support," "supports," and "supporting" shall mean to establish or prove under a preponderance of the evidence standard.

32. The word "including" shall mean including without limitation.

33. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

34. All references to the singular shall include the plural, and all references to the plural shall include the singular.

35. A masculine, feminine, or neuter pronoun shall not be read to exclude any gender.

## INSTRUCTIONS

1. In answering these Interrogatories, furnish all information available to you, including information in the possession of your attorneys or investigators and not merely that information within your immediate possession, custody or control. If you cannot answer any of the following Interrogatories in full after exercising due diligence to secure the responsive materials or information to do so, so state and answer to the extent possible, describing in detail the reason(s) for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

2. The Interrogatories that follow are to be regarded as continuing in that you have a duty to timely supplement your answers to them. You are requested to provide such additional documents and information as you or any other person on your behalf may hereafter obtain which will augment or otherwise modify your answers now given to the Interrogatories below. Such supplementary answers are to be served immediately upon your receipt of such documents, materials, or information.

3. If any documents, information, or materials responsive to the Interrogatories below are withheld on the basis of a claim of privilege, set forth a privilege log detailing as to each item of information or document:

(a) the name of the sender or the source, if any, of the documents or information;

(b) the type of any document;

(c) the name of the author of any document;

(d) the name of any persons to whom the information was divulged or copies of the document were sent;

(e) the date the information was communicated or the date of the document;

(f) the date on which the information or document was received by all those having possession of the information or document;

(g) a brief description of the nature and the subject matter of the information or document;

(h) the nature of the privilege claimed;

(i) attachments to any such document;

(j) the number of pages comprising any document; and

(k) the identification number, control number, or "Bates" number of the document.

4. If a document has been destroyed, lost or otherwise discarded, please state as to each such document:

(a) the identity of the person who prepared it;

(b) the identity of the person who signed it or over whose name it was issued;

(c) the identity of each person to whom it was addressed, distributed, or copied;

(d) the nature or substance of the document with sufficient particularity to enable it to be identified;

(e) its date, and, if it bears no date, the date when it was prepared; and

(f) its disposition (e.g., lost, destroyed, etc.).

## INTERROGATORIES

1. Identify each and every person who has knowledge of any facts concerning your resignation or the departure of any Employee Defendant from ONB and, for each person identified in your answer, describe in detail the facts known by such person and set forth the factual basis for their knowledge of those facts.

**ANSWER OF DEFENDANT ADAMS:**

**ANSWER OF DEFENDANT BERNU:**

**ANSWER OF DEFENDANT CAMPBELL:**

**ANSWER OF DEFENDANT ELLINGSON:**

**ANSWER OF DEFENDANT JOHNSON:**

**ANSWER OF DEFENDANT MCCONKEY:**

**ANSWER OF DEFENDANT VOLD:**

**ANSWER OF DEFENDANT YANTES:**

2. Identify each and every communication, meeting, and discussion that you held or attended (in whole or in part) with any other Defendant concerning any aspect of your actual or potential resignation from ONB or employment with Bell, and describe in detail the matters discussed during each such communication, meeting or discussion.

**ANSWER OF DEFENDANT ADAMS:**

**ANSWER OF DEFENDANT BERNU:**

**ANSWER OF DEFENDANT CAMPBELL:**

**ANSWER OF DEFENDANT ELLINGSON:**

**ANSWER OF DEFENDANT JOHNSON:**

**ANSWER OF DEFENDANT MCCONKEY:**

**ANSWER OF DEFENDANT VOLD:**

**ANSWER OF DEFENDANT YANTES:**

3. Identify each and every person involved in negotiating the terms and conditions (including compensation) of your employment at Bell Bank and, for each person identified in your answer, describe in detail the nature and extent of their involvement.

**ANSWER OF DEFENDANT ADAMS:**

**ANSWER OF DEFENDANT BERNU:**

**ANSWER OF DEFENDANT CAMPBELL:**

**ANSWER OF DEFENDANT ELLINGSON:**

**ANSWER OF DEFENDANT JOHNSON:**

**ANSWER OF DEFENDANT MCCONKEY:**

**ANSWER OF DEFENDANT VOLD:**

**ANSWER OF DEFENDANT YANTES:**

4. Identify each and every person involved in, or with whom you discussed or consulted regarding, the timing, preparation, content, or delivery of your notice of resignation from ONB and, for each person identified in your answer, describe in detail the nature and extent of their involvement or consultation.

**ANSWER OF DEFENDANT ADAMS:**

**ANSWER OF DEFENDANT BERNU:**

**ANSWER OF DEFENDANT CAMPBELL:**

**ANSWER OF DEFENDANT ELLINGSON:**

**ANSWER OF DEFENDANT JOHNSON:**

**ANSWER OF DEFENDANT MCCONKEY:**

**ANSWER OF DEFENDANT VOLD:**

**ANSWER OF DEFENDANT YANTES:**

5. Identify each and every person at Old National who was directly responsible for (or charged with) managing or overseeing your work for ONB during the time period from November 1, 2025, through the date of your resignation from ONB. For each person identified in your answer, identify the date that you informed the person that you had accepted an offer of employment from Bell Bank.

**ANSWER OF DEFENDANT ADAMS:**

**ANSWER OF DEFENDANT BERNU:**

**ANSWER OF DEFENDANT CAMPBELL:**

**ANSWER OF DEFENDANT ELLINGSON:**

**ANSWER OF DEFENDANT JOHNSON:**

**ANSWER OF DEFENDANT MCCONKEY:**

**ANSWER OF DEFENDANT VOLD:**

**ANSWER OF DEFENDANT YANTES:**

6. Identify each and every person at Old National who authorized your access to, or permitted your continued access to, documents and computer systems containing ONB Confidential Information during the time period from November 1, 2025, through the date of your resignation from ONB. For each person identified in your answer, identify the date that you informed the person that you had accepted an offer of employment from Bell Bank.

**ANSWER OF DEFENDANT ADAMS:**

**ANSWER OF DEFENDANT BERNU:**

**ANSWER OF DEFENDANT CAMPBELL:**

**ANSWER OF DEFENDANT ELLINGSON:**

**ANSWER OF DEFENDANT JOHNSON:**

**ANSWER OF DEFENDANT MCCONKEY:**

**ANSWER OF DEFENDANT VOLD:**

**ANSWER OF DEFENDANT YANTES:**

7. Identify all instances in which you utilized Old National Bank's computer systems to access (including whether to read, review, print, download, copy, forward, or delete) any item of ONB Confidential Information after you had accepted an offer of employment from Bell Bank and, for each such instance, identify the date and purpose of your access to such information.

**ANSWER OF DEFENDANT ADAMS:**

**ANSWER OF DEFENDANT BERNU:**

**ANSWER OF DEFENDANT CAMPBELL:**

**ANSWER OF DEFENDANT ELLINGSON:**

**ANSWER OF DEFENDANT JOHNSON:**

**ANSWER OF DEFENDANT MCCONKEY:**

**ANSWER OF DEFENDANT VOLD:**

**ANSWER OF DEFENDANT YANTES:**

8. For the time period from November 1, 2025 through December 7, 2025, identify each and every ONB client and Old National employee with whom you communicated about your dissatisfaction with ONB, your actual or potential departure from ONB, or your actual or potential future employment with Bell, and identify the date and method of each such communication.

**ANSWER OF DEFENDANT ADAMS:**

**ANSWER OF DEFENDANT BERNU:**

**ANSWER OF DEFENDANT CAMPBELL:**

**ANSWER OF DEFENDANT ELLINGSON:**

**ANSWER OF DEFENDANT JOHNSON:**

**ANSWER OF DEFENDANT MCCONKEY:**

**ANSWER OF DEFENDANT VOLD:**

**ANSWER OF DEFENDANT YANTES:**

9. For the time period from the date of your resignation from ONB, through the present, identify each and every ONB client who you (directly or indirectly) contacted or attempted to contact, or with whom you communicated or attempted to communicate. For each client identified in your answer:

(a) Identify the date(s) and method (e.g., via email, text message, correspondence, announcement, telephone, videoconference, social media posting, in-person meeting, etc.) of each such contact, attempted contact, communication, or attempted communication;

(b) Describe in detail how you obtained the contact information (and any other Confidential Information) utilized to contact, attempt to contact, communicate with, or attempt to communicate with the client; and

(c) Identify whether the client has a customer relationship with Bell and, if so, identify the date their customer relationship with Bell began.

**ANSWER OF DEFENDANT ADAMS:**

**ANSWER OF DEFENDANT BERNU:**

**ANSWER OF DEFENDANT CAMPBELL:**

**ANSWER OF DEFENDANT ELLINGSON:**

**ANSWER OF DEFENDANT JOHNSON:**

**ANSWER OF DEFENDANT MCCONKEY:**

**ANSWER OF DEFENDANT VOLD:**

**ANSWER OF DEFENDANT YANTES:**

10. Identify each and every electronic device, account, and information service that you have utilized to:

(a) Communicate with any ONB client or Employee Defendant concerning your (or their) actual or potential departure from ONB and/or employment at Bell; or

(b) Obtain or access the contact information for any ONB client that you contacted or attempted to contact on or after the date of your resignation.

**ANSWER OF DEFENDANT ADAMS:**

**ANSWER OF DEFENDANT BERNU:**

**ANSWER OF DEFENDANT CAMPBELL:**

**ANSWER OF DEFENDANT ELLINGSON:**

**ANSWER OF DEFENDANT JOHNSON:**

**ANSWER OF DEFENDANT MCCONKEY:**

**ANSWER OF DEFENDANT VOLD:**

**ANSWER OF DEFENDANT YANTES:**

11. Identify any and all ONB clients whose name and/or contact information is stored in any of your personal electronic device(s), account(s), or information service(s), and for each ONB client identified in your answer, identify the information that is stored and the date that such information was first added/inputted/saved to the device, account, or information service.

**ANSWER OF DEFENDANT ADAMS:**

**ANSWER OF DEFENDANT BERNU:**

**ANSWER OF DEFENDANT CAMPBELL:**

**ANSWER OF DEFENDANT ELLINGSON:**

**ANSWER OF DEFENDANT JOHNSON:**

**ANSWER OF DEFENDANT MCCONKEY:**

**ANSWER OF DEFENDANT VOLD:**

**ANSWER OF DEFENDANT YANTES:**

12. During the time period from the date of your acceptance of an offer of employment from Bell through the present, describe in detail all steps you have taken to return to ONB, safeguard, and protect from disclosure to Bell any ONB Confidential Information within your possession or knowledge.

**ANSWER OF DEFENDANT ADAMS:**

**ANSWER OF DEFENDANT BERNU:**

**ANSWER OF DEFENDANT CAMPBELL:**

**ANSWER OF DEFENDANT ELLINGSON:**

**ANSWER OF DEFENDANT JOHNSON:**

**ANSWER OF DEFENDANT MCCONKEY:**

**ANSWER OF DEFENDANT VOLD:**

**ANSWER OF DEFENDANT YANTES:**

13. Describe in detail your employment application and pre-hire interview process with Bell, including the identity of each person at Bell who interviewed you in connection with your employment application, the date and location of each such interview, and the person(s) who communicated Bell's offer of employment to you.

**ANSWER OF DEFENDANT ADAMS:**

**ANSWER OF DEFENDANT BERNU:**

**ANSWER OF DEFENDANT CAMPBELL:**

**ANSWER OF DEFENDANT ELLINGSON:**

**ANSWER OF DEFENDANT JOHNSON:**

**ANSWER OF DEFENDANT MCCONKEY:**

**ANSWER OF DEFENDANT VOLD:**

**ANSWER OF DEFENDANT YANTES:**

14. Identify all employers to which you have applied for employment since November 25, 2024 (the date that Old National's merger with Bremer Bank was announced), and provide the Employer Contact Information for each such employer.

**ANSWER OF DEFENDANT ADAMS:**

**ANSWER OF DEFENDANT BERNU:**

**ANSWER OF DEFENDANT CAMPBELL:**

**ANSWER OF DEFENDANT ELLINGSON:**

**ANSWER OF DEFENDANT JOHNSON:**

**ANSWER OF DEFENDANT MCCONKEY:**

**ANSWER OF DEFENDANT VOLD:**

**ANSWER OF DEFENDANT YANTES:**

Dated: April 8, 2026

Respectfully submitted,

**OLD NATIONAL BANK, Plaintiff**

By: /s/ *Christopher S. Griesmeyer*
One of Its Attorneys

Mack H. Reed (MN No. 398703)
Bethany R. Jewison (MN No. 505680)
LEWIS BRISBOIS BISGAARD & SMITH, LLP
90 South 7th Street, Suite 2800
Minneapolis, Minnesota 55402
Phone: (612) 428-5000
mack.reed@lewisbrisbois.com
bethany.jewison@lewisbrisbois.com

and

Christopher S. Griesmeyer (IL No. 6269851, *pro hac vice*)
Zachary Mulcrone (IL No. 6300387, *pro hac vice*)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
Phone: (312) 428-2750
cgriesmeyer@grglegal.com
zmulcrone@grglegal.com

## CERTIFICATE OF SERVICE

I hereby certify that, on April 8, 2026, I caused the foregoing **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO EMPLOYEE DEFENDANTS** to be served upon the Defendants and all counsel of record via electronic mail at the following address(es):

Counsel for Employee Defendants:

Heidi Bassett
hbassett@spencerfane.com
Ariel Lierz
alierz@spencerfane.com
Melissa Solberg
msolberg@spencerfane.com
Randi Winter
rwinter@spencerfane.com
SPENCER FANE LLP
100 South Fifth Street
Suite 2500
Minneapolis, MN 55402

Counsel for Defendant Bell Bank:

Jonathan Norrie
jnorrie@banclaw.com
Samantha Buckman
sbuckman@banclaw.com
Patricia Jones
pjones@banclaw.com
BRADFORD ANDRESEN NORRIE & CAMAROTTO
3600 American Blvd. West
Suite 670
Bloomington, MN 55431

*/s/ Christopher S. Griesmeyer*
Christopher S. Griesmeyer (# 6269851)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2750
cgriesmeyer@grglegal.com