**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Old National Bank,

Plaintiff,

v.

Sarah Adams, Kasey Bernu, Yvette Campbell, Kimberly Ellingson, Rachal Johnson, Michael McConkey, Sharon Vold, Daniel Yantes, and Bell Bank,

Defendants.

Court File No. 0:25-CV-04636 (PJS/LIB)

**EMPLOYEE DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR SECOND MOTION TO COMPEL**

---

Defendants Sarah Adams, Kasey Bernu, Yvette Campbell, Kimberly Ellingson, Rachal Johnson, Michael McConkey, Sharon Vold, and Daniel Yantes (collectively, the "Employee Defendants") respectfully submit this memorandum in support of their Second Motion to Compel Plaintiff Old National Bank ("ONB") to provide a complete response to Interrogatory 21.

## INTRODUCTION

This motion addresses a single, narrow issue: ONB's refusal to fully answer an interrogatory specifically tailored to identify the documents on which its First Amended Complaint relied. ONB maintains that the documents are all contained in its first production set, but it will not describe or identify them by corresponding Bates number, leaving the Employee Defendants and their counsel to guess. This is no longer a matter of competing interpretations of a discovery request. Without the benefit of clearly relevant

discovery known only to ONB, the Employee Defendants cannot defend themselves, so they must implore the Court's assistance.

## BACKGROUND

Following the September 2, 2026 hearing on the Employee Defendants' first Motion to Compel, the Employee Defendants served a new interrogatory to ONB. Declaration of Heidi Bassett in Support of Second Motion to Compel ("Second Bassett Decl.") ¶ 2.

> **INTERROGATORY NO. 21**: Identify all documents referenced, relied upon, or identified in your First Amended Complaint and provide the Bates number(s) for each such document in ONB's document production(s). If any such document has not been produced, explain ONB's reason for withholding the document.

Second Bassett Decl., Ex. 1 at 2.

The interrogatory incorporated the definitions supplied in the Employee Defendants' first set of discovery, which specified that the term "identify" when used in reference to a document called for (i) a description (e.g., letter, memorandum, email, etc.); (ii) the title and date, if any; (iii) the subject matter; (iv) the identities of the document's author(s) and addressee(s); and (v) the document's present location and the custodian's identity. *See* Dkt. No. 102-1, Ex. A at 3–4 (definition 12).

ONB answered the interrogatory on October 2, 2026:

> **ANSWER**: ONB objects to this Interrogatory as vague and ambiguous because it is unclear what "referenced, relied upon, or identified" means in this context. ONB further objects to the extent the Interrogatory seeks attorney-client communications, attorney work product, or counsel's mental impressions, legal analysis, or litigation strategy concerning preparation of the First Amended Complaint, including protected information concerning counsel's selection or evaluation of materials.

> Subject to and without waiving these objections, ONB states that the non-privileged documents referenced, relied upon, or identified in the First Amended Complaint at the time of drafting the First Amended Complaint were the documents now bearing Bates numbers ONB00000001 – ONB 00001721, as well as the Declaration of Brent Iserman (Dkt. 10).

Second Bassett Decl., Ex. 1 at 2–3.

The document range provided in ONB's answer referenced its entire first production set, consisting of 276 documents, which it served on May 8, 2026. Dkt. No. 102, First Bassett Decl. ¶ 11. Of these, the Employee Defendants' counsel identified just nine documents that *appeared* to be a subset of the materials referenced in ONB's pleading. Second Bassett Decl. ¶ 5. Another 93 were identifiable because they were labeled or publicly filed with the Court, but most did not appear to be documents upon which ONB commenced suit. *Id.* ¶ 6. Twelve documents or categories of documents specifically described in the First Amended Complaint (such as "more than a dozen account statements") could not be located. *Id.* ¶ 7.

This production was already the subject of numerous meet-and-confer efforts in which the Employee Defendants attempted, unsuccessfully, to gain ONB's assistance. *See id.* ¶¶ 13–14, Exs. C (lengthy conferral emails), F at 1 (confirmation from ONB's counsel that its production was complete as to the factual bases for the allegations in the First Amended Complaint), H (requesting ONB's assistance in identifying documents the undersigned could not locate).[1]

---

[1] ONB's assurances vacillated, as its counsel stated on May 28 that documents described in the First Amended Complaint were *either* in ONB's completed productions *or* would be in a forthcoming production set of 12,000+ additional documents. Dkt. No. 102-9, First Bassett Decl., Ex. I.

ONB declined to help because its counsel could "not recall seeing an interrogatory requiring ONB to provide Bates numbers for specific subsets of documents within its production." Dkt. No. 102-9, First Bassett Decl., Ex. I at 1. Its counsel proposed that "[i]f [the Employee Defendants] want to know which documents were referenced in the Amended Complaint, [they] should issue an interrogatory asking for those Bates numbers." Dkt. No. 102-10, First Bassett Decl., Ex. J at 2. And ONB maintained its position during the September 2 hearing. Dkt. No. 108 at 36:17-25 (ONB's Counsel: "They want Bates numbers for documents that … correspond to particular allegations in the first amended complaint, and that would permit the defendants to locate the documents as readily as ONB. That is nowhere to be found in the interrogatory.").

Interrogatory No. 21 was served specifically to remove this issue from the table from the Employee Defendants' pending first motion to compel. It asks only about what ONB and its counsel necessarily knew when the First Amended Complaint was filed: which documents were referenced, relied upon, or identified in that pleading, and where each may be found in ONB's production including the Bates-number of each document. *See* Dkt. No. 108 at 31:14-18 (The Court: "But why is it not reasonable at this point to at least produce the documents that are responsive that form the basis of your amended complaint? There had to be some in order for the drafting attorney to meet Rule 11 obligations.").

The Employee Defendants accepted ONB's proposal and withdrew the issue from consideration in the context of their first Motion to Compel, advising the Court:

> Following the hearing, we served an additional interrogatory seeking the bates numbers of documents discovered during Plaintiff's investigation that were referenced in its pleading, so we informed Plaintiff's counsel that we will withdraw the motion as to this issue.

Second Bassett Decl., Ex. 2 at 1.

Upon receiving the answer to Interrogatory 21, the undersigned counsel immediately reminded ONB's counsel that the interrogatory was served at ONB's direction, but ONB declined to engage. Second Bassett Decl., Ex. 3 at 3. This confirmed that the obstacle was never the absence of a sufficiently specific interrogatory asking ONB to correlate its productions with its First Amended Complaint. It was, all along, ONB's unwillingness to make the correlation at all.

## **LEGAL STANDARD**

Parties are "allowed to fully explore the facts so as to permit a reasoned, informed presentation of its proof at trial." *In re Control Data Corp. Sec. Litig.*, No. 3-85-1341, 1988 WL 92085, at *2 (D. Minn. Feb. 22, 1988). To do this, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). This includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue … in the case." *Chesemore v. All. Holdings, Inc.*, 270 F.R.D. 633, 634 (D. Minn. 2010).

Federal Rule of Civil Procedure 33(a) governs interrogatories. The answering party may produce business records, rather than provide a detailed answer, if it specifies the records "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). But "simply referring the

interrogating party generally to large numbers of documents does not satisfy a party's obligations under Rule 33(d)." *Marco Techs., LLC v. Midkiff*, No. 19-CV-2323 (PJS/LIB), 2020 WL 12442103, at *15 (D. Minn. Oct. 8, 2020).

"If a response is made, but some questions not answered or are evasive or incomplete, a motion under Rule 37(a) to compel answers is the proper remedy." *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989, 995 (8th Cir. 1975). And when a motion is granted, "the court must, after giving an opportunity to be heard," require the party and/or attorney whose conduct necessitated the motion to pay reasonable expenses, unless the moving party made no good-faith effort to resolve the issues, the opposing party's actions were substantially justified, or an award of expenses is otherwise unjust. Fed. R. Civ. P. 37(a)(5).

## ARGUMENT

### I. ONB'S OBJECTIONS TO INTERROGATORY 21 ARE UNSUPPORTED.

ONB answered Interrogatory No. 21 subject to two overarching objections: (1) that the phrase "referenced, relied upon, or identified" is impermissibly vague and ambiguous, and (2) that the interrogatory improperly seeks attorney-client communications, work product, and related privileged information. Neither objection is sustainable.

First, in asserting its "vague and ambiguous" objection, ONB claims "it is unclear what 'referenced, relied upon, or identified' means in this context" despite that ONB knows the *precise* context. Second Bassett Decl., Ex. 1. Following the September 2, 2026 hearing, the Employee Defendants advised the Court that the dispute over the documents identified in the First Amended Complaint was resolved *because* they had served another

interrogatory seeking Bates numbers corresponding to the documents ONB referenced in its pleading. Second Bassett Decl., Ex. 2 at 1. If this did not assist ONB in recalling the "context" of the interrogatory, it was required to state as much. *See Azarax, Inc. v. Wireless Commc'ns Venture, LLC,* No. 16-CV-3228 (JRT/LIB), 2017 WL 7369891, at *12 (D. Minn. Dec. 21, 2017) ("If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information.") (citation modified).

ONB itself used the term "identifies" in its pleading when referring to the universe of documents at the heart of Interrogatory No. 21: the spreadsheets, proposals, appraisals, account statements, and other materials described in paragraphs 74 through 80 of the First Amended Complaint. Dkt. No. 64 ¶ 81. If ONB's counsel could describe each of these documents specifically enough to allege a protectable trade secret or confidential designation, a date of access or printing, and an inference of misappropriation, ONB cannot credibly claim it does not understand which of these same referenced documents the interrogatory at issue is asking ONB to identify. The objection should be overruled. *See Speed RMG Partners, LLC v. Arctic Cat Sales Inc.*, No. 20-CV-609 (NEB/LIB), 2021 WL 5087362, at *3 (D. Minn. Jan. 5, 2021) (finding that reliance on boilerplate objections, without specific explanations for any refusal to answer, are not appropriate.).

Second, ONB's objection "to the extent the Interrogatory seeks attorney-client communications, attorney work product, or counsel's mental impressions, legal analysis, or litigation strategy" is defeated by its own answer. ONB identified a range of non-privileged documents it "referenced, relied upon, or identified in the First Amended

Complaint," confirming those documents are not subject to any identified privilege. Second Bassett Decl., Ex. 1 at 3. If the objections apply to any documents ONB has withheld, it can explain as much in its answer. But privilege does not apply simply because ONB's counsel reviewed a document or directed litigation strategy. *See Johnson v. Charps Welding & Fabricating, Inc.*, No. 14-cv-2081 (RHK/LIB), 2015 WL 13883903, at *11 (D. Minn. May 14, 2015) ("The fact that the documents may have been sent to or received by [a party's] counsel might mean that they are protected from discovery by the attorney-client privilege . . . but it does not mean that they are per se protected by the attorney-client privilege."). ONB cannot now invoke work-product or privilege protection to avoid disclosing a document its own publicly-filed pleading describes and on it relies.

## II. ONB'S RELIANCE ON ITS FIRST DOCUMENT PRODUCTION IS WHOLLY INADEQUATE.

In answer to Interrogatory 21, ONB offered no detailed or narrative answer; it directed the Employee Defendants to review its first set of produced documents, presumably under Rule 33(d). Second Bassett Decl. Ex. 1. A party electing this option "must demonstrate that there is a substantial equivalency of burdens on the requesting and responding parties of deriving or ascertaining an answer, together with a sufficiently detailed specification of the records to permit the requesting party to find the documents as readily as the responding party." *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, No. CV 09-1091 (JNE/JSM), 2012 WL 12894846, at *10 (D. Minn. May 11, 2012) (citation modified). ONB failed in both regards, because its counsel could not have asserted specific, document-based factual allegations in the amended complaint (e.g., paragraphs describing

specific proposals, loan files, spreadsheets, and account records) without having seen the documents. *See* Dkt. No. 108 at 31:14-18; *see also* Fed. R. Civ. P. 11(b) (requiring a signing attorney to certify that contentions in a pleading will likely have evidentiary support). ONB simply refuses to offer a sufficiently detailed description to allow the Employee Defendants to find the same documents.

As the Court already directed in this case, when a party relies on document productions in answer to an interrogatory, it must "say which Bates numbers are responsive to which interrogatory or which document request" without simply pointing to an undifferentiated production. Dkt. No. 108 at 18:9-15; *see also Whelan v. Golden Shovel Agency, LLC*, No. 14-CV-365 (MJD/LIB), 2015 WL 13632433, at *8 (D. Minn. May 1, 2015) (granting motion to compel interrogatory answers that requested identification of documents containing the factual bases of the answering party's positions). Despite knowing this, ONB answered the interrogatory by referencing a production that omitted, at minimum, a customer income tax return, more than two dozen emails, and more than a dozen account statements, all of which were described in its pleading. Second Bassett Decl. ¶¶ 7(g)–(i). At the same time, the whole production set referenced in ONB's answer includes publicly viewable screenshots from the Employee Defendants' LinkedIn accounts and a generic Microsoft Teams cheat sheet, documents which do not appear responsive to the interrogatory. Second Bassett Decl. ¶¶ 6 (f),(g). ONB "should not be permitted to produce documents in such a manner that [the Employee] Defendants cannot readily ascertain what order they are in." *Farmers Ins. Exch. v. West*, No. CV 11-2297 (PAM/JJK), 2012 WL 12894845, at *11 (D. Minn. Sept. 21, 2012) (requiring the plaintiff to disclose

information demonstrating its ordinary course of maintaining documents or indicate the Bates range where documents responsive to each request are located).

ONB simply expects the Employee Defendants to figure it out for themselves, but the law does not support this approach. *See Speed RMG Partners, LLC*, 2021 WL 5087362, at *6 ("Referring to business records en masse, without specifying particular documents is an abuse of the option provided by Rule 33(d).") (citation modified). Parties "may not simply refer generically to past or future production of documents; [they] must identify in [their] answers to the interrogatories specifically which documents contain the answer." *Hervey v. Nelson*, No. CV 04-4537 (MJD/RLE), 2005 WL 8163109, at *4 (D. Minn. Nov. 18, 2005). ONB should be compelled to answer Interrogatory 21 without further evasion.

## CONCLUSION

For these reasons, the Employee Defendants respectfully request that the Court enter an Order:

1. Compelling ONB to serve a complete, amended answer to Interrogatory No. 21 that identifies, for each document identified in the First Amended Complaint (e.g. ¶¶ 72, 74(a)-(e), 75, 76(a)-(b), 77(a)-(b), 78, 79(a)-(e), 80, and any other paragraphs referencing specific documents), the corresponding Bates number(s), consistent with Fed. R. Civ. P. 33(d)'s "as readily" standard.
2. Awarding the Employee Defendants their reasonable expenses, including attorneys' fees, incurred in bringing this Motion; and
3. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: October 14, 2026

**SPENCER FANE LLP**

*/s/ Heidi J. Bassett*
Randi J. Winter, #391354
Heidi J. Bassett, #386386
Ariel K. Lierz, #397355
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
Phone: (612) 268-7007
rwinter@spencerfane.com
hbassett@spencerfane.com
alierz@spencerfane.com

*Counsel for Employee-Defendants*