# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| OLD NATIONAL BANK,<br><br>Plaintiff,<br>v.<br><br>SARAH ADAMS, KASEY BERNU, YVETTE CAMPBELL, KIMBERLY ELLINGSON, RACHAL JOHNSON, MICHAEL MCCONKEY, SHARON VOLD, DANIEL YANTES, and BELL BANK,<br><br>Defendants. | Case No. 0:25-cv-04636 (PJS/LIB) |

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO THE**
**EMPLOYEE DEFENDANTS' FOURTH SET OF INTERROGATORIES**

Plaintiff Old National Bank ("ONB"), by and through its undersigned counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, answers and objects to Employee Defendants' Fourth Set of Interrogatories as follows:

## PREFATORY STATEMENT

1. The following answers are made solely for the purposes of this action. Each answer is subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, admissibility, privilege, and work product) that would require the exclusion of any statement contained herein if the Interrogatory were asked of, or if any statement contained herein were made by, a witness present and testifying in a court proceeding. All such objections are reserved and may be interposed at the time of any evidentiary hearing or trial.

2. By answering these Interrogatories, ONB does not admit the Employee Defendants' characterization of any documents, facts, theories, or conclusions.

3. ONB makes no representation that the information provided in response to these Interrogatories is complete at this time. ONB's investigation and discovery continue, and the answers below are based on the facts and information reasonably available to ONB at this stage of the proceedings. ONB expressly reserves the right to supplement its answers in accordance with the Federal Rules of Civil Procedure and any applicable case management or scheduling order in this action.

4. If the Court rules that any of ONB's objections are unfounded and orders ONB to answer an Interrogatory to which it has objected, ONB reserves the right to assert further objections based on any clarified understanding of what is sought, as well as on privilege, work-product, confidentiality, or privacy grounds.

5. To the extent ONB answers an Interrogatory by reference to documents, those documents will be produced in the ordinary course of business or organized to correspond to the requests, subject to any applicable confidentiality designation, protective order, or privilege assertion.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 21:** Identify all documents referenced, relied upon, or identified in your First Amended Complaint and provide the Bates number(s) for each such document in ONB's document production(s). If any such document has not been produced, explain ONB's reason for withholding the document.

**ANSWER:** ONB objects to this Interrogatory as vague and ambiguous because it is unclear what "referenced, relied upon, or identified" means in this context. ONB further objects to the extent the Interrogatory seeks attorney-client communications, attorney work

product, or counsel's mental impressions, legal analysis, or litigation strategy concerning preparation of the First Amended Complaint, including protected information concerning counsel's selection or evaluation of materials.

Subject to and without waiving these objections, ONB states that the non-privileged documents referenced, relied upon, or identified in the First Amended Complaint at the time of drafting the First Amended Complaint were the documents now bearing Bates numbers ONB00000001 - ONB00001721, as well as the Declaration of Brent Iserman (Dkt. 10).

**INTERROGATORY NO. 22:** Identify all email communications between, to, or from Tom Kocher, Penny Stender, Sheila Dowling, and Scott Dykhoff from December 8-15, 2025 regarding the Employee Defendants, their resignations and/or retirements, or the December 8, 2025 closure of ONB's Brainerd branch, and provide the Bates number(s) for each such communication in ONB's document production(s). If any such document has not been produced, explain ONB's reason for withholding the document.

**ANSWER:** ONB objects to this Interrogatory as vague, overbroad, and disproportionate to the needs of the case to the extent "regarding the Employee Defendants" seeks every email mentioning or concerning a former employee without a connection to a claim or defense in this action. An employee's appearance in an email does not, by itself, establish relevance. The requested communications must concern an issue relevant to the parties' claims or defenses, such as the coordinated departures, customer or employee solicitation, use of ONB information, branch-service interruptions, or the resulting harm and ONB's response. ONB further objects to the extent the Interrogatory seeks confidential communications made for the purpose of obtaining or providing legal advice, protected materials prepared in anticipation of litigation, or counsel's mental

impressions and legal analyses concerning the departures, ONB's investigation, or this action.

Subject to and without waiving these objections, ONB intends to answer this Interrogatory pursuant to Rule 33(d) by producing the responsive email records and identifying the specific Bates numbers from which the requested information can be ascertained. ONB has already agreed to produce responsive, non-privileged communications within its possession, custody, or control concerning the issues described in this Interrogatory. In its June 26, 2026 responses to Requests for Production Nos. 11 and 17, ONB proposed searches of the email subject lines and bodies of Brent Iserman, Anthony Loosbrock, Sheila Dowling, Scott Dykhoff, Penny Stender, and Tim Kocher. The proposed date ranges encompass December 8 through December 15, 2025. The proposed searches pair the Employee Defendants' names with terms addressing customers, resignations, retirements, departures, and Bell Bank. Those searches would capture responsive emails satisfying the remaining components of the proposed terms.

The parties have not yet resolved which terms and search scope the Employee Defendants will agree to, but we expect that issue will be resolved soon, at which time ONB will perform the searches, produce the resulting documents, and update this answer with the responsive Bates range. To the extent that the Employee Defendants are seeking identification of these documents before the search terms are finalized and ONB searches for these documents, ONB would object that a demand for a final identification and Bates-number list is premature while the scope of the contemplated searches remains under discussion and collection, review, and production remain to be completed.

**INTERROGATORY NO. 23:** For each category of damages you claim:

(a) identify and describe in detail each specific category and amount of damages claimed to date;
(b) describe in detail the method and basis of calculation used to arrive at each amount of damages;
(c) identify every person who has knowledge of, or who assisted in calculating, any portion of the claimed damages; and
(d) identify every document that you contend supports or evidences, or that you used to calculate each claimed item of damages.

**ANSWER:** ONB objects to this Interrogatory as a premature contention interrogatory under Fed. R. Civ. P. 33(a)(2) to the extent it requires ONB to marshal all supporting evidence and provide final and exhaustive damages contentions, computations, or expert opinions before completion of the relevant discovery and the expert disclosures contemplated by the Court's scheduling order. A complete response requires further discovery concerning matters uniquely or primarily within the possession, custody, or control of the Defendants, including business obtained by Bell Bank through the conduct alleged in the First Amended Complaint. Requiring final contentions before that discovery is substantially complete would risk fixing ONB's positions without adequate information and permit Defendants to use their control over material information to demand premature final contentions from ONB. The amount and allocation of certain claimed losses and benefits obtained by Defendants also require further factual development and anticipated expert analysis. ONB further objects to the extent the Interrogatory seeks attorney-client communications, protected attorney work product, draft expert reports, protected attorney-expert communications, or consulting-expert material protected under Rule 26(b)(4).

Subject to and without waiving these objections, ONB provides the following preliminary answer:

In response to **subparts (a) and (b)**, ONB identifies the following categories of damages it claims (preliminarily estimated to total at least $2 million) and the following methods of calculation:

1. **Lost profits from lost commercial loan relationships** – ONB expects to calculate these damages by estimating the amount of revenue ONB would have received from particular customers and then subtracting the estimated costs associated with providing loans to those customers.

2. **Lost profits from lost customer deposits** – ONB expects to calculate these damages by estimating the amount of revenue ONB would have received from particular customers and then subtracting the estimated costs associated with providing these services to those customers.

3. **Lost profits from lost treasury management relationships** – ONB expects to calculate these damages by estimating the amount of revenue ONB would have received from particular customers and then subtracting the estimated costs associated with providing these services to those customers.

4. **Workforce replacement costs** – ONB expects to calculate these damages by quantifying the out-of-pocket costs incurred related to the workforce replacement costs, including recruiting fees, hiring bonuses, training costs, relocation expenses, onboarding expenses, and lost productivity

5. **Operational disruption -** ONB expects to calculate the damages associated with the operational disruption of the Brainerd and Baxter branches by (a) quantifying the out-of-pocket costs relating to that disruption, including management diversion, lost fees, missed lending opportunities and deposit business, extra staffing and overtime, and mitigation efforts, and (b) estimating the effect of the loss of morale of the employees of those branches.

6. **Goodwill, reputation, relationship value, institutional knowledge, and confidential business intelligence** – ONB expects to calculate these damages by estimating the injury to its goodwill and reputation in the Brainerd-Baxter market, the value of its customer and employee relationships and business expectancies, the effect of the loss of morale of the employees of the Brainerd and Baxter branches, and the value of the loss of institutional knowledge and confidential business intelligence.

7. **Disgorgement, restitution, and unjust enrichment** – ONB expects to calculate these damages by quantifying the compensation, benefits, profits, customer-account value, and other benefits it contends Defendants wrongfully obtained.

8. **Fees and costs** – ONB expects to calculate these damages by quantifying the attorneys' fees and costs incurred in this lawsuit.

9. **Punitive or exemplary damages** – ONB expects to calculate these damages as a multiple of the compensatory damages.

10. **Prejudgment and postjudgment interest** – ONB expects to calculate these damages by taking any damages award and multiplying it by the highest prejudgment and postjudgment interest rate permitted by law.

**As to subpart (c),** ONB identifies the following persons as likely to have discoverable information concerning the claimed damages: Sheila Dowling, Scott Dykhoff, Brent Iserman, Tim Kocher, Anthony Loosbrock, Penny Stender, each of the customers who transferred business to Bell Bank due to the Employee Defendants' conduct, each of the Employee Defendants, and Bell Bank. *See also* ONB's Initial Disclosures.

**As to subpart (d),** ONB currently contends that the following categories of documents may support, evidence or calculate damages: account, loan, credit, and treasury-management agreements; relationship-origination and history records; customer and CRM notes; contact histories; account-specific records; transfer requests and records; pricing and profitability data; and records of revenue, profits, interest, fees, lending opportunities, deposit business, treasury-management business, and business expectancies; personnel, employment, compensation, payroll, time-and-attendance, resignation, retirement, separation, and offboarding records concerning the Employee Defendants; resignation letters and emails and communications concerning their timing; records of branch closure and service disruption; emergency operational plans and customer communications; mitigation records; overtime and temporary-staffing expenses; and recruiting, hiring, training, and related cost records and internal analyses; customer communications; recruitment and customer-transition communications; and records of the information allegedly accessed, copied, photographed, retained, or removed; Bell Bank call reports,

CRM, account-opening and transfer records, revenue and profitability data, compensation and benefit records, and customer-assignment records; attorney fee records.

ONB will supplement this answer as it obtains additional information concerning its damages and will provide the portions dependent on expert analysis in accordance with the deadline for ONB's expert disclosures under the Court's scheduling order.

Dated: October 2, 2026

Respectfully submitted,

**OLD NATIONAL BANK, Plaintiff**

By: */s/ Christopher S. Griesmeyer*
One of Its Attorneys

Mack H. Reed (MN No. 398703)
JACKSON LEWIS P.C.
150 South Fifth Street, Suite 3500
Minneapolis, Minnesota 55402
Phone: (612) 341-8131
mack.reed@jacksonlewis.com

and

Christopher S. Griesmeyer (IL No. 6269851, *pro hac vice*)
Zachary Mulcrone (IL No. 6300387, *pro hac vice*)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
Phone: (312) 428-2750
cgriesmeyer@grglegal.com
zmulcrone@grglegal.com

# CERTIFICATE OF SERVICE

I hereby certify that, on October 2, 2026, I caused the foregoing **PLAINTIFF'S ANSWERS AND OBJECTIONS TO EMPLOYEE DEFENDANTS' FOURTH SET OF INTERROGATORIES** to be served upon the Defendants and all counsel of record via electronic mail at the following address(es):

Counsel for Employee Defendants:

Heidi Bassett
hbassett@spencerfane.com
Ariel Lierz
alierz@spencerfane.com
Melissa Solberg
msolberg@spencerfane.com
Randi Winter
rwinter@spencerfane.com
SPENCER FANE LLP
100 South Fifth Street
Suite 2500
Minneapolis, MN 55402

Counsel for Defendant Bell Bank:

Jonathan Norrie
jnorrie@banclaw.com
Samantha Buckman
sbuckman@banclaw.com
Patricia Jones
pjones@banclaw.com
BRADFORD ANDRESEN NORRIE & CAMAROTTO
3600 American Blvd. West
Suite 670
Bloomington, MN 55431

*/s/ Christopher S. Griesmeyer*
Christopher S. Griesmeyer (# 6269851)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2750
cgriesmeyer@grglegal.com

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, in my capacity as the authorized agent for Old National Bank, I hereby declare under penalty of perjury that the foregoing interrogatory answers are true and correct to the best of my knowledge, information, and belief.

Executed on: 10/2/2026 ______________________

Lisa Saulsberry
Authorized Agent for Old National Bank