**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Old National Bank,<br><br>Plaintiff,<br><br>v.<br><br>Sarah Adams, Kasey Bernu, Yvette Campbell, Kimberly Ellingson, Rachal Johnson, Michael McConkey, Sharon Vold, Daniel Yantes, and Bell Bank,<br><br>Defendants. | Court File No. 0:25-CV-04636 (PJS/LIB)<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM THE EMPLOYEE DEFENDANTS** |

---

Defendants Sarah Adams, Kasey Bernu, Yvette Campbell, Kimberly Ellingson, Rachal Johnson, Michael McConkey, Sharon Vold, and Daniel Yantes (collectively, the "Employee Defendants") respectfully submit this memorandum in opposition to Plaintiff Old National Bank's ("ONB") Motion to Compel Discovery from the Employee Defendants.

## INTRODUCTION

ONB said it would move to compel discovery from the Employee Defendants if they did not *serve* supplemental and amended answers to ONB's interrogatories by the end of September. They did. Despite its demand being satisfied, ONB concealed its plans to pursue a *different* motion to compel directed at the sufficiency of the answers. ONB only revealed its plan after counsel for the Employee Defendants directly asked, and without meeting and conferring.

The interrogatories were objectionable because ONB still has not identified *which* customers it alleges were improperly solicited or which relationships were disrupted by the Employee Defendants' departure. ONB simply wants to engage in a fishing expedition and expects eight individuals to exhaust themselves looking for information to help ONB build its claims. Despite their objections, the Employee Defendants appropriately answered with information they reasonably had. Seven of them identified specific ONB customers they recall contacting after leaving ONB. They noted which of those customers now bank with Bell, disclosed the devices and accounts they used, and identified the customer names retained in their personal phones. The eighth, Vold, did not contact ONB customers and stores no ONB customer information. The Employee Defendants recalled that they used their personal cell phones and Bell Bank email addresses to communicate, and they listed the names of ONB customers whose phone numbers they have.

ONB's real complaint is not that the Employee Defendants failed to answer, but that they did not go far enough. ONB wants the Employee Defendants to separately list telephone numbers and email addresses from their personal phones, the "creation date" of every stored contact, the precise date and method of "each and every" exchange over nearly a year without regard for the context of a communication, and the date each customer opened an account at Bell. To get there, ONB asks the Court to order the Employee Defendants to examine carrier records, run forensic tools or retain an e-discovery vendor to recover contact-creation metadata, and "ask Bell, their employer and codefendant," for account-opening information (Dkt. No. 111, p. 13). Rule 33 requires none of that. Fed. R. Civ. P. 33. Parties must answer an interrogatory with reasonably available information;

they need not create information, conduct forensic investigations, or obtain records another party holds. The Employee Defendants have answered. The motion should be denied.

## BACKGROUND

ONB's memorandum in support of its motion selectively omits facts relating to its failure to meet and confer before seeking court intervention. The Employee Defendants must therefore present a more complete history for the Court's consideration.

The Employee Defendants first responded to ONB's interrogatories in May 2026, lodging numerosity objections because ONB demanded 112 separate answers (14 from each of the 8 individual parties) that "involve a different inquiry and depend upon distinct facts." Declaration of Heidi Bassett in Opposition to Plaintiff's Motion to Compel Discovery from the Employee Defendants ("Opp. Decl. Bassett") Ex. 1 (quoting *Farmers Ins. Exch. v. West*, No. CV 11-2297 (PAM/JJK), 2012 WL 12894845 (D. Minn. Sept. 21, 2012).)[1] After several efforts to meet and confer about the disparate burden on the parties in discovery, the Employee Defendants agreed to withdraw their legally supported numerosity objections in favor of resolving the issue.

The undersigned counsel repeatedly reassured ONB's counsel that amended and supplemental answers to interrogatories were forthcoming, with a goal of completion by the end of September. Opp. Decl. Bassett Ex. 3 (ONB's counsel recalling on September 18 that the "Employee Defendants expect to serve their updated answers to ONB's interrogatories by the end of September" and the undersigned counsel confirming on

[1] The Employee Defendants served supplemental answers to some of ONB's interrogatories on June 29, but they are not the subject of this motion.

September 25 that "my goal to serve these by month's end remains intact.") The process took time because each Employee Defendant had to prepare separate answers, discuss them with counsel, and execute them. At the same time, the undersigned counsel had to concurrently address personal medical issues. *Id.* ¶¶ 4, 6, Ex. 2 (identifying first medical procedure).

On September 24, 2026, ONB's counsel threatened this motion:

> It appears ONB is going to need to move to compel against Bell Bank and, if ONB does not **receive** amended interrogatory responses from the Employee Defendants by the end of September, the Employee Defendants. Judge Brisbois is available for a hearing Monday, October 26 at 1:30 pm and Wednesday, October 28 at 1:30 p.m. Please let us know which one works better.

*Id.* Ex. 3 (emphasis added).

The undersigned responded the next day:

> As I advised you on several occasions, I hope to serve our clients' amended/supplemental interrogatory answers by the end of the month. I also shared with you that an unexpected medical issue arose that *could* alter my anticipated timeline, and I promised to tell you if that was the case after a follow-up surgical consult this week. My surgery is now scheduled for **October 7**, so my goal to serve these by month's end remains intact. If my condition changes such that I need additional time, I will reach out.
>
> If you intend to proceed with a motion to compel despite having known about this circumstance before you contacted the court, I am available for the hearing on October 28, provided my doctor clears me for travel.

*Id.* (emphasis added)

ONB did not respond, and the Employee Defendants' Second Supplemental and Amended Answers to Interrogatories were served on September 29, 2026, satisfying ONB's condition to avoid a motion to compel. (Dkt. No. 112 ¶3.) ONB said nothing about its dissatisfaction with the answers.

On October 5, 2026, ONB served its responses to the Employee Defendants' fourth set of discovery requests. (*Id.* Ex. J.) Recognizing the Court's assistance was needed once again to learn the reason(s) for this lawsuit, the undersigned asked whether ONB secured a hearing on its own motion. (*Id.*) ONB's counsel confirmed that he did, but he still did not identify any issues with the sufficiency of the Employee Defendants' answers. (*Id.*) The next day, the undersigned asked whether ONB's motion was "directed at the Employee Defendants, or just Bell Bank?" (*Id.*) On October 7, 2026 – the date the undersigned was scheduled for surgery – ONB's counsel responded "[b]oth." (*Id.*) Still, counsel said nothing about the alleged deficiencies in the Employee Defendants' answers.

ONB changed its stated purpose for the motion (moving to compel against Bell Bank, and against the Employee Defendants *if* they did not serve supplemental and amended interrogatory answers by the end of September) without telling the Employee Defendants. Opp. Decl. Bassett Ex. 3. The purpose of the motion was not disclosed until the Employee Defendants' counsel specifically *asked*. (Dkt. No. 112 Ex. J.) The parties did not meet and confer between September 29, the first date on which ONB could have known the basis of this motion, and October 14, when ONB filed the motion. Opp. Decl. Bassett ¶¶ 6-7.

Upon returning from surgery, the undersigned coordinated a meet and confer call. *Id.* ¶ 8. Among other things, counsel discussed that ONB already had phone logs and contact lists, which were produced in discovery on July 22, but its counsel did not review the complete production, so the undersigned supplied Bates numbers for relevant documents. *Id.* ONB's counsel also insisted that the date on which each contact was entered into a call phone can be readily identified, so the undersigned attempted to follow counsel's instructions to determine whether this was possible; it was not. *Id.* ¶ 9. ONB maintained its refusal to identify the customers relevant to the claims, expecting instead that the Employee Defendants should reveal all their interactions so ONB could generate its claims from the information provided.

## LEGAL STANDARD

Discovery must be both relevant and "proportional to the needs of the case," measured by "the parties' relative access to relevant information," the importance of the discovery, and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). An interrogatory "is directed to disclosure of information available to the party at the time of service." *Mead Corp. v. Riverwood Nat. Res. Corp.*, 145 F.R.D. 512, 516 (D. Minn. 1992). The party opposing discovery must "allege facts which demonstrate the extent and nature of the burden imposed by preparation of a proper response." *Id.* at 515. But a party need not obtain and review third-party documents to completely answer interrogatories. *See Murphy v. Piper*, No. CV 16-2623 (DWF/BRT), 2017 WL 11885690 (D. Minn. Aug. 21, 2017).

## ARGUMENT

ONB's motion misunderstands the Employee Defendants' objections to Interrogatories 9, 10, and 11. It expects the Employee Defendants to conduct an exhaustive investigation into their contacts and phone logs without knowing *which ones* are relevant to ONB's claims. It expects them to disclose serial numbers of their devices that are irrelevant to any claims or defenses, and it assumes there must be devices or email accounts that haven't been disclosed. And ONB expects the Employee Defendants to acquire new information so they can tell ONB the date on which they saved every contact to their phones.

While the Employee Defendants made a good-faith effort to answer based on information reasonably available to them, they should not have to lay open every relationship, phone call, or conversation they've had or to learn new skills so they can satisfy ONB's endless efforts to shift the burden of proof in this case. At a minimum, ONB's motion should be denied for its failure to meet and confer with counsel for the Employee Defendants before rushing to a motion. *See Wilbur-Ellis Co. v. Gompert*, 181 F.4th 816, 826 (8th Cir. 2026) (finding, when the moving party failed to satisfy conditions required before pursuing a motion to compel, that "the district court did not abuse its discretion in affirming the magistrate judge's denial of the motion to compel on procedural grounds.").

## I. THE EMPLOYEE DEFENDANTS SATISFIED THE REASONABLE INQUIRY STANDARD OF RULE 26.

An interrogatory reaches only “information available to the party at the time of service.” *Mead Corp.*, 145 F.R.D. at 516. That is just what the Employee Defendants supplied. Seven of them identified customers they recall contacting, described the nature and method of their communications, identified ONB customers who now bank with Bell, and listed customer contacts stored in their phones. (Dkt. No. 112, Exs. B-G, I.) The eighth, Vold, swore she contacted no customers and stores no customer information. (*Id.* Ex. H.) The Employee Defendants did not merely rely on memory — they provided substantive answers identifying customers, communications, and Bell relationships based on their actual knowledge.

These are not the “evasive or incomplete” answers that Rule 37(a)(4) equates with a failure to answer. Fed. R. Civ. P. 37. A disagreement about how much detail an answer must contain is not a failure to answer, and the Court “must accept, at face value, a party’s representation” that it has disclosed what it knows. *In re Pork Antitrust Litig.*, No. 18-CV-1776 (JRT/HB), 2022 WL 972401 (D. Minn. Mar. 31, 2022). The Employee Defendants’ sworn statements, including that they do not recall particular communication dates or the names of every possible ONB customer with whom they communicated, are answers, not omissions.

Much of what ONB seeks is information the Employee Defendants do not have and would have to generate: the “creation date” of every stored contact, recovered through “[b]uilt-in tools,” cloud “backups,” or “an e-discovery vendor” (Dkt. No. 111 p. 19) and

the dates and methods of communications reconstructed from “carrier records” (*Id.* at p. 7.) ONB’s own proffered instructions for locating the entry date of each contact in a cell phone proved unsuccessful, even if the information was relevant. Opp. Decl. Bassett ¶ 9. A party’s duty is to make reasonable efforts as to information reasonably available to it, not to conduct forensic investigations to create a record that does not presently exist. *See Murphy*, 2017 WL 11885690. In other words, ONB wants the Employee Defendants to manufacture discovery, not to answer it.

## II. DESPITE ITS EXTRAORDINARY BREADTH AND BURDEN, THE EMPLOYEE DEFENDANTS ANSWERED INTERROGATORY 9.

Each Employee Defendant objected to and answered Interrogatory 9 appropriately. That they all asserted objections on the bases of breadth, burden, and proportionality does not render the objections “boilerplate,” because ONB demanded the same extensive scope of information from each Employee Defendant, and none of them can answer what they do not know. Their answers satisfy their obligation to “allege facts which demonstrate the extent and nature of the burden.” *Mead Corp.*, 145 F.R.D. at 515–516.

The Employee Defendants explained that answering the interrogatory as propounded would require them to reconstruct every interaction with any ONB customer over more than nine months. (*See, e.g.*, Dkt. No. 112 Ex. E, pp. 2-3.) This would necessarily include passing greetings in the grocery store, holiday cards, or personal condolence messages. (*Id.* at Ex. D, pp. 2-3.) It would even include every conversation Adams has had with her husband, who co-owns one of the identified customers. (*Id.* at Ex. G, p. 3 (“NC Plumbing: two of the business owners (Matt and Eric) are long-time friends of mine, and

the third is Sarah Adams' husband.").) Those are concrete, request-specific burdens, not the bare "overly broad and burdensome" litany condemned in *Mead Corp.*, 145 F.R.D. at 515–516. Without having kept a diary of every daily or passing interaction the Employee Defendants had, ONB's demand cannot be satisfied by explaining "how long it would take to review their records for that information or what the review would cost." (Dkt. No. 111 p. 9.) It is an impossibility.

Even relevant discovery must be proportional, and proportionality turns in significant part on "the parties' relative access to relevant information." Fed. R. Civ. P. 26(b)(1). The customer telephone numbers and email addresses ONB demands are in ONB's own customer records; the dates on which customers opened Bell accounts are in Bell's records; and the customers themselves are available to ONB. ONB seeks to make eight individuals reconstruct, at their expense and through forensic effort, information ONB largely already has. Instead, ONB says the defendants should "ask Bell, their employer and codefendant," to supply information that they must verify under oath. (Dkt. No. 111 p. 16.) But "a party responding to interrogatories" is not required to "obtain and review third-party documents pursuant to Rule 34 in order to completely answer interrogatories." *Murphy*, 2017 WL 11885690 *5 (D. Minn. Aug. 21, 2017). The Employee Defendants have answered what they know, identifying which customers do and do not bank with Bell. (*See*, *e.g.*, Dkt. No. 112 Ex. C, p. 3 (Bernu recalling four prior ONB customers who now bank with Bell, and another with whom she communicated, but who does not bank with Bell), Ex. G (McConkey recalling 5 former ONB customers that

transitioned to Bell, including one that moved after ONB turned the customer down for a loan).) They cannot be compelled to produce Bell's business records as their own.

## III. ONB'S DEMAND FOR DEVICE SERIAL NUMBERS UNDERSCORES THE UNREASONABLE NATURE OF INTERROGATORY 10.

ONB's description of the Employee Defendants' objections to Interrogatory 10 is incomplete and misleading. (Dkt. No. 111 p. 14.) The objections explained why the interrogatory was overbroad, unduly burdensome, and disproportionate, just as they did in response to Interrogatory 9. But critically, all the Employee Defendants *answered* the interrogatory notwithstanding their objections. ONB provides no reason it needs an individual cell phone's serial number or model other than to "connect communications to particular devices and accounts and identify where responsive records may be found." (Dkt. No. 111 p. 16.) This is not a rational, proportional discovery request. ONB already *requested* the "responsive records," and all the defendants (including Bell Bank) have diligently worked to produce them, despite ONB's own recalcitrance in producing responsive documents to support its own claims in this lawsuit.

The Employee Defendants have identified the devices and accounts they used; requiring serial numbers for personal phones or Bell Bank computers is not relevant or proportional to any issue in the case, and ONB's unfounded belief that additional devices exist, but were not disclosed, is not enough. *See Johnson v. Charps Welding & Fabricating, Inc.*, No. 14-CV-2081 (RHK/LIB), 2017 WL 11570454, at *13 (D. Minn. May 16, 2017) ("It is appropriate to deny a motion to compel evidence which is the object of speculation.") ONB's motion should be denied as to this interrogatory.

## IV. WITHOUT ONB'S DISCLOSURE OF THE CUSTOMERS AT ISSUE IN THIS CASE, THE EMPLOYEE DEFENDANTS CANNOT PROVIDE BETTER ANSWERS TO INTERROGATORY 11.

As long as ONB refuses to disclose the customers it contends were solicited, or the relationships with which the Employee Defendants allegedly interfered, ONB's broad discovery requests will continue to shift the burden of proving ONB's claims to the Employee Defendants. Interrogatory 11 is no exception. Once again, the Employee Defendants are asked to *guess* at the customers ONB alleges are relevant here. They should not have to do so, because ONB already *has* their cell phone contacts. Opp. Decl. Bassett ¶ 8. Once ONB identifies the customers at issue in this lawsuit, that list can be compared with the Employee Defendants' contacts to identify any matches.

ONB's argument as to Interrogatory 11 well illustrates the premature nature of this motion. When counsel for the parties finally met and conferred, ONB's counsel revealed he did not review the Employee Defendants' document productions before arguing that their "particular phone number[s] and email address[s]" must be separately stated in everyone's answers. *Id.* ¶ 8. A meet and confer effort would have quickly resolved the issue, as the document productions included phone numbers and email addresses. *Id.* Counsel for the Employee Defendants also reported to the Court at the parties' last hearing that phone records were produced (Dkt. No. 108 p. 44 (the undersigned stating that the Employee Defendants "have been producing their complete phone records").) Oddly, ONB cannot explain why it needs the Employee Defendants to supply their cell phone numbers, which were the same ones used during the Employee Defendants' tenure at ONB.

## **CONCLUSION**

The Employee Defendants have sufficiently answered Interrogatory Nos. 9, 10, and 11, under oath, from the information reasonably available to them. ONB asks the Court to require them to manufacture information through forensic examination of their personal phones, to extract information from a co-defendant, and to compel disclosures that are not proportional to the needs of the case. The Employee Defendants respectfully request that the Court deny ONB's motion in its entirety and deny ONB's request for expenses. At a minimum, any order compelling further response should be limited to the customers *ONB* identifies as at issue.

Respectfully submitted,

Dated: October 21, 2026

**SPENCER FANE LLP**

*/s/ Heidi J. Bassett*
Randi J. Winter, #391354
Heidi J. Bassett, #386386
Ariel K. Lierz, #397355
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
Phone: (612) 268-7007
rwinter@spencerfane.com
hbassett@spencerfane.com
alierz@spencerfane.com

*Counsel for Employee-Defendants*