**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Old National Bank,<br><br>Plaintiff,<br><br>v.<br><br>Sarah Adams, Kasey Bernu, Yvette Campbell, Kimberly Ellingson, Rachal Johnson, Michael McConkey, Sharon Vold, Daniel Yantes, and Bell Bank,<br><br>Defendants. | Court File No. 0:25-CV-04636 (PJS/LIB)<br><br>**DECLARATION OF HEIDI BASSETT IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM THE EMPLOYEE DEFENDANTS** |

---

I, Heidi Bassett, declare as follows:

1. I am a partner at Spencer Fane, LLP, and counsel for Defendants Sarah Adams, Kasey Bernu, Yvette Campbell, Kimberly Ellingson, Rachal Johnson, Michael McConkey, Sharon Vold, and Daniel Yantes (collectively, the "Employee Defendants") in the above-captioned action. I submit this declaration in opposition to Plaintiff's Motion to Compel Discovery from the Employee Defendants. The facts stated herein are based on my personal knowledge and examination of the cited documents.

2. Attached as **Exhibit 1** is a true and correct copy of an email I sent to Zachary Mulcrone, counsel for Plaintiff Old National Bank ("ONB"), on June 10, 2026.

3. Attached as **Exhibit 2** is a true and correct copy of email correspondence I exchanged with Mr. Mulcrone on September 10, 2026.

4. I also informed Mr. Mulcrone about my personal medical issues over the phone on at least three occasions. My contemporaneous notes confirm that these took place on July 10, September 11, and September 17, 2026. I explained to Mr. Mulcrone that I

was disclosing the information to reassure him that we were responding to discovery as promptly as possible, but my unforeseen medical issues caused some delays.

5. Attached as **Exhibit 3** is a true and correct copy of email correspondence I exchanged with Mr. Mulcrone between September 24 and 25, 2026.

6. I could not respond to Mr. Mulcrone's October 7, 2026 offer to meet and confer about the motion, because I was in the hospital undergoing surgery and did not see the email.

7. Counsel for the parties did not meet and confer about the issues raised in ONB's motion to compel until October 19, 2026. We could not meet and confer before ONB filed its motion, because we did not know ONB intended to proceed on different grounds than those stated in counsel's September 24 email. I requested that attorney Mack Reed attend the call on October 19 because he signed ONB's meet and confer certification to the court, despite that he has not participated in any prior meet and confer calls. Mr. Reed attended the October 19 call but did not participate in the conversation.

8. During our October 19 call, I asked Mr. Mulcrone why the Employee Defendants would need to list their calls and contacts when ONB already has their call logs and contact lists. Mr. Mulcrone stated that he had not completed his review of the documents the Employee Defendants produced, so I offered to (and did) provide him with the Bates numbers of the relevant documents. I also informed him that ONB has the Employee Defendants' cell phone numbers.

9. I attempted to follow the instructions provided in footnote 7 of ONB's memorandum of law to determine whether it was possible to identify the date on which contacts were saved to my own personal phone. The instructions did not work.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on October 21, 2026 in Hennepin County, Minnesota.

*s/ Heidi J. Bassett*
Heidi J. Bassett