# EXHIBIT 3

**From:** Bassett, Heidi
**Sent:** Friday, September 25, 2026 11:26 AM
**To:** Zachary Mulcrone; Jonathan Norrie
**Cc:** Solberg, Melissa; Lierz, Ariel; Winter, Randi; Patricia Jones; Samantha Buckman; Haven Wojciak; Chris Griesmeyer; April Bernath; Reed, Mack (Minneapolis); Roger Yang; Pakou Vang
**Subject:** RE: ONB v Adams (9/11 Discovery Call Summary)

Zach,

As I advised you on several occasions, I hope to serve our clients' amended/supplemental interrogatory answers by the end of the month. I also shared with you that an unexpected medical issue arose that *could* alter my anticipated timeline, and I promised to tell you if that was the case after a follow-up surgical consult this week. My surgery is now scheduled for October 7, so my goal to serve these by month's end remains intact. If my condition changes such that I need additional time, I will reach out.

If you intend to proceed with a motion to compel despite having known about this circumstance before you contacted the court, I am available for the hearing on October 28, provided my doctor clears me for travel.

Heidi

**Heidi Bassett** Partner
Spencer Fane LLP

201 North Franklin Street, Suite 2150 | Tampa, FL 33602
100 South Fifth Street, Suite 2500 | Minneapolis, MN 55402
612.268.7110
hbassett@spencerfane.com | spencerfane.com

---

**From:** Zachary Mulcrone <zmulcrone@grglegal.com>
**Sent:** Thursday, September 24, 2026 3:36 PM
**To:** Bassett, Heidi <hbassett@spencerfane.com>; Jonathan Norrie <jnorrie@banclaw.com>
**Cc:** Solberg, Melissa <msolberg@spencerfane.com>; Lierz, Ariel <alierz@spencerfane.com>; Winter, Randi <rwinter@spencerfane.com>; Patricia Jones <pjones@banclaw.com>; Samantha Buckman <sbuckman@banclaw.com>; Haven Wojciak <hwojciak@banclaw.com>; Chris Griesmeyer <cgriesmeyer@grglegal.com>; April Bernath <abernath@grglegal.com>; Reed, Mack (Minneapolis) <mack.reed@jacksonlewis.com>; Roger Yang <roger.yang@jacksonlewis.com>; Pakou Vang <pakou.vang@jacksonlewis.com>
**Subject:** [EXTERNAL] RE: ONB v Adams (9/11 Discovery Call Summary)

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

---

Hi all,

It appears ONB is going to need to move to compel against Bell Bank and, if ONB does not receive amended interrogatory responses from the Employee Defendants by the end of September, the Employee Defendants.

Judge Brisbois is available for a hearing Monday, October 26 at 1:30 pm and Wednesday, October 28 at 1:30 pm. Please let us know which one works better.

Thanks,
Zach

**Zachary Mulcrone**
**Greiman, Rome & Griesmeyer, LLC**
205 W. Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2746 (Direct)
(847) 567-4556 (Mobile)

GREIMAN, ROME & GRIESMEYER, LLC
business advisors. litigation professionals.

This message (and any attachments) may contain information that is privileged and confidential. If you have received this message in error, please reply to notify us of the error and then immediately delete the message and any attached files.

---

**From:** Zachary Mulcrone
**Sent:** Friday, September 18, 2026 4:46 PM
**To:** Bassett, Heidi <hbassett@spencerfane.com>; Jonathan Norrie <jnorrie@banclaw.com>
**Cc:** Solberg, Melissa <msolberg@spencerfane.com>; Lierz, Ariel <alierz@spencerfane.com>; Winter, Randi <rwinter@spencerfane.com>; Patricia Jones <pjones@banclaw.com>; Samantha Buckman <sbuckman@banclaw.com>; Haven Wojciak <hwojciak@banclaw.com>; Chris Griesmeyer <cgriesmeyer@grglegal.com>; April Bernath <abernath@grglegal.com>; Reed, Mack (Minneapolis) <mack.reed@jacksonlewis.com>; Roger Yang <roger.yang@jacksonlewis.com>; Pakou Vang <pakou.vang@jacksonlewis.com>
**Subject:** RE: ONB v Adams (9/11 Discovery Call Summary)

Hi Heidi and Jonathan,

I am writing to confirm the topics that Heidi and I discussed during our call last Friday (9/11) and the topics the three of us discussed yesterday (9/17).

1. Please see my comments in **red** below.

2. With respect to the search terms proposed in response to RFP 11, we will try to figure out whether it is possible for ONB to run enterprise-wide (as opposed to custodian-based) search terms and, if so, how much extra burden it would be to apply the proposed terms enterprise-wide and whether ONB objects to doing so.

3. The Employee Defendants expect to serve their updated answers to ONB's interrogatories by the end of September.

4. The Employee Defendants' document production is substantially complete, other than documents that may be found in a second-pass review of the documents originally marked non-responsive.

5. On September 8, when asking for a meet-and-confer, I requested the parties be ready to discuss on the call:

- Whether the proposed searches have been run and whether any issues remain concerning the search terms, custodians, sources, date ranges, or scope of production;
- The approximate volume collected, reviewed, produced, and remaining for review;
- Immediate production of every batch for which review has been completed;

- Weekly rolling productions beginning no later than September 14; and
- A substantial-completion date and a final completion date covering the agreed document production and corresponding privilege logs.

During our September 17 call, Jonathan was unable to answer those questions and unaware of the status of Bell Bank's document production. He is planning to talk with his team and will provide an update early next week.

6. Jonathan is reaching back out to Judge Keyes to see what dates are still available in November for mediation.

Thanks,
Zach

**Zachary Mulcrone**
**Greiman, Rome & Griesmeyer, LLC**
205 W. Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2746 (Direct)
(847) 567-4556 (Mobile)

GRG GREIMAN, ROME & GRIESMEYER, LLC
business advisors. litigation professionals.

This message (and any attachments) may contain information that is privileged and confidential. If you have received this message in error, please reply to notify us of the error and then immediately delete the message and any attached files.

---

**From:** Bassett, Heidi <hbassett@spencerfane.com>
**Sent:** Monday, September 14, 2026 7:26 PM
**To:** Zachary Mulcrone <zmulcrone@grglegal.com>; Solberg, Melissa <msolberg@spencerfane.com>; Lierz, Ariel <alierz@spencerfane.com>; Winter, Randi <rwinter@spencerfane.com>; Jonathan Norrie <jnorrie@banclaw.com>; Samantha Buckman <sbuckman@banclaw.com>; Patricia Jones <pjones@banclaw.com>; Haven Wojciak <hwojciak@banclaw.com>
**Cc:** Chris Griesmeyer <cgriesmeyer@grglegal.com>; April Bernath <abernath@grglegal.com>; Reed, Mack (Minneapolis) <mack.reed@jacksonlewis.com>; Roger Yang <roger.yang@jacksonlewis.com>; Pakou Vang <pakou.vang@jacksonlewis.com>
**Subject:** ONB v Adams (9/11 Discovery Call Summary)

***WARNING EXTERNAL MESSAGE***
Zach,

Thanks for your time on Friday. The following notes summarize our discussion, and there's quite a lot, so I welcome your correction of anything I misunderstood.

**Employee Defendants' Second Set of Discovery**:

- Interrogatory 8 and RFP 21 - You will talk with ONB about whether it will answer as to whether it has a "discouraged entity" list or any similar criteria.

  **To clarify, I said I would talk to my client about whether to continue objecting.**

- Interrogatory 9 and RFP 16 – You directed me to review ONB's production volume 4. This production includes clock in/out times for some employees and PTO records for others, but does